UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., AND KICKSTARTER, PBC, <br><br> Defendants. | 1:22-2676 (WFK)(VMS) <br><br> **DECLARATION OF Luowei** |

### DECLARATION OF Luowei

I, Luowei, declare:

1. I am Product Leader of Shenzhen jimuyida Technology Co. ("Jimuyida"). I have worked at Jimuyida since April 2016. My responsibilities include Overall product design, hardware selection and testing, software core program development.

2. I provide this declaration in opposition to Artec's Application for a Temporary Restraining Order and Preliminary Injunction. I have personal knowledge of the facts in this Declaration, and would testify under oath, if called upon, to these facts.

3. "Jimuyida" founded in 2015, is a leading full-stack 3D digital application solution provider in China, the company's products cover intelligent 3D scanning hardware, 3D big data service platform - 51 modeling network, 3D exhibition scene production platform - 3D cloud exhibition, and 3D integrated marketing tools, etc. At present, we have provided services for 1900+ unit customers in the

*Luowei*

1

fields of exhibition industry, pan-home furnishing, cultural and cultural tourism, art display, enterprise marketing display (e-commerce, crafts, bulk commodities, etc.), education and scientific research, etc.

4. I have reviewed Artec's relevant filings in this matter and have concluded that many significant assertions and statements set forth by Artec and its Declarant Mr. Gusev are incorrect.

5. I have reviewed the declaration of Mr. Gusev and note that he discussed some aesthetic choices. Jimuyida's aesthetic decisions are made independently of the software coding decisions such that aesthetic decisions would not evidence any copyright infringement.

6. Mr. Gusev declaration also seems to rely solely on conjecture and innuendo to allege that Jimuyida copied any Artec software. Mr. Gusev has not identified a single line of code that he alleges was copied by Jimuyida.

7. Jimuyida has been retained by Shenzhen Creality 3D Technology Co. ("Creality") to design and develop software and hardware for its CR-Scan 01 and CR-Scan Lizard 3D Scanners. Initial analysis of those products as compared to potentially relevant Artec products demonstrates a clear difference in design and implementation.



*Luowei*

2

| Items | Artec Eva | CR-Scan 01 |
|---|---|---|
| Light source | Flashbulb | White LED |
| Number of Cameras | 2 | 1 |
| Number of optical machines | 1 | 1 |
| External Size | 262×158×63mm | 290×120×55mm |
| Weight of the main engine | 0.9kg | 0.8kg |
| Scanning mode | handheld | turntable + handheld |

| Items | Artec Space Spider | CR-Scan Lizard |
|---|---|---|
| Light Source | Blue LED | NIR |
| Number of Cameras | 4 | 2 |
| Number of optical machines | 1 | 1 |
| External Size | 190×140×130 mm | 155×84×46mm |
| Weight of the main engine | 0.8kg | 0.37kg |
| Scanning mode | handheld | turntable + handheld. |
| Outdoor sunlight scanning | does not support | supports |

8. In developing these products, Jimuyida has independently designed hardware that is intended to precisely and efficiently satisfy the demands of potential users to, among other things, scan small parts and 3D prototypes with deep, hard-to-reach details.

9. To further enable the functionality of these products, Jimuyida has independently designed and developed software that works with its independently designed hardware products to provide full scanning functionality.

*Luo wei*

3

10. At no time before or during the development of Jimuyida's software, including the "Magic Wand" software, has it reviewed, analyzed, or copied any software code from Artec.

11. The "Magic Wand" software was independently developed by Jimuyida. At not time did Jimuyida hire or otherwise engage any former employee of Artec regarding the "Magic Wand" software development or any other software developed by Jimuyida.

12. At no time has Jimuyida employed, talked to, or otherwise engaged any former Artec employees Andrey Klimov, Alexandr Lomakin, and Ann Zevelyov.

13. To the best of my knowledge, Jimuyida has never had any communications with any past or present Artec employee regarding the structure, functionality, design, or implementation of any Artec software.

14. At no time has Artec contacted or otherwise communicated with Jimuyida regarding any of the copyright or patent allegations that are set out in Artec's recent filings against Creality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31 day of March, 2022, at 20:12 in Shenzhen, China.

_____
Luo wei

4