UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ARTEC EUROPE S.À.R.L.,
:
                        Plaintiff,
:
                 - against -
:   1:22-1676 (WFK)(VMS)

SHENZHEN CREALITY 3D
TECHNOLOGY CO., LTD., AND
KICKSTARTER PBC,
:
                        Defendants.
:
------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF ARTEC EUROPE S.À.R.L.'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

James Rosenfeld
Adam I. Rich
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel. 212.489.8230
Email: jamesrosenfeld@dwt.com
         adamrich@dwt.com

*Attorneys for Defendant Kickstarter, PBC*

Defendant Kickstarter, PBC ("Kickstarter"), respectfully submits this memorandum of law in opposition to the Application for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Artec Europe S.À.R.L. ("Plaintiff").

## PRELIMINARY STATEMENT

This is an intellectual property dispute between Plaintiff and Defendant Shenzhen Creality 3D Technology Co., Ltd ("Creality"). Kickstarter – a passive online platform that connects creators and investors – takes no position on the merits of that underlying dispute. Indeed, it appears from the face of Plaintiff's Complaint that Kickstarter has only been included as a party here because it provided a forum for Creality's product campaign. Ordinarily, per Kickstarter's terms of service, Kickstarter would transfer to Creality the funds raised from "backers" of the campaign – approximately $4 million – less Kickstarter's five percent commission. Currently before the Court is Plaintiff's application to enjoin Kickstarter from transferring those funds. Such injunctive relief is neither required nor appropriate in this case, because Plaintiff has not shown that releasing Creality's funds will cause irreparable harm to Plaintiff. Nor has Plaintiff shown that it is likely to prevail against Kickstarter on its claim for secondary infringement, or that injunctive relief would serve the public interest. Thus, while Kickstarter is a neutral party on the underlying dispute between Plaintiff and Creality, Plaintiff's application for injunctive relief against Kickstarter should be denied.

## FACTUAL BACKGROUND

Kickstarter is a Brooklyn-based funding platform for creative projects. Its mission is to being creative projects to life. It operates a website that connects creators with individual funders through online campaigns .[1] In March 2022, Creality launched a campaign on the Kickstarter

---

[1] *See* kickstarter.com (last visited Apr. 1, 2022).

1

website to raise funds to support its CR-Scan Lizard, a portable digital scanner. Am Compl. ¶ 39. According to the Complaint, Plaintiff sent a cease and desist letter to Kickstarter, alleging that the CR-Scan Lizard infringed Plaintiff's patents and copyrighted material. *Id.* ¶ 41. Creality's Kickstarter campaign ended the next day, on March 12, 2022. *Id.* ¶ 69. Plaintiff alleges that the Creality Kickstarter campaign raised $4 million from 9,400 individual backers. *Id.* ¶¶ 40, 88. Each backer committed to support the development of the CR-Scan Lizard, and expects to receive the product. *Id.* ¶ 39. Pursuant to Kickstarter's terms of service, Kickstarter is obligated to transfer to Creality the funds raised by the project, but Kickstarter will retain $200,000 as a commission. *Id.* ¶¶ 61, 88.

Plaintiff commenced this lawsuit on March 25, 2022, and on the same day, filed the instant application for injunctive relief against Kickstarter. Kickstarter attempted to work with Plaintiff in good faith to obviate the need for judicial intervention, but those efforts were not successful. It continues to be willing to assist resolution of the dispute between the two real parties in interest – Plaintiff and Creality – in a manner consistent with any obligations has to those parties and its users.

## ARGUMENT

Plaintiff's application demands that Kickstarter freeze $4 million in contributions made by 9,400 backers of Creality's CR-Scan campaign. Such extraordinary relief is unwarranted. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24(2008). *See also Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004) (holding that injunctive relief "is an extraordinary relief" and "not compelled."). A party seeking a preliminary injunction must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Christian Louboutin S.A. v. Yves Saint Larent Amer. Holdings, Inc.*, 696 F. 3d 206, 215 (2d Cir. 2012) (internal quotation marks and citation omitted). "[C]ourts must not simply presume irreparable harm . . . Rather, plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm." *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010)). Plaintiff has failed to meet this rigorous standard.

### A. Plaintiff Has Not Established Irreparable Harm

Plaintiff has failed to establish that it would suffer irreparable harm absent injunctive relief against Kickstarter. *First*, injunctive relief is not appropriate where money damages would suffice. The Second Circuit has "long held that an injury compensable by money damages is insufficient to establish irreparable harm." *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010) ("[N]otwithstanding any compensable losses, a movant must provide evidence that it is likely to suffer damage that cannot be rectified by financial compensation before a district court may providently exercise its equitable power to grant injunctive relief."). Here, Plaintiff does not (and cannot) contend that the mere release of earned campaign funds to Creality would cause any harm that could not be compensated by money damages. Accordingly, under well-established Second Circuit precedent, the extraordinary remedy of injunctive relief is not appropriate.

*Second,* irreparable harm is not automatically established by the mere fact of infringement. *Salinger*, 607 F. 3d at 78 (citing *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006), and applying the holdings of that case to the copyright infringement context). Plaintiff argues in its brief that it will suffer irreparable harm by allowing Creality to sell its scanners. Mot. at 11. But even if that is true, it is irrelevant to the instant application, because

the sales at issue have already happened. Stopping the transfer of campaign funds to Creality will not prevent any infringement, and Plaintiff makes no plausible argument to the contrary.

### B.     Plaintiff Has Not Established a Likelihood of Success On the Merits

As stated above, Kickstarter takes no position at this time with respect to the *underlying* infringement claims asserted in Plaintiff's Complaint. However, even if such direct infringement is established, Plaintiff cannot prevail against Kickstarter on its claim for contributory liability. Plaintiff does not even attempt to argue in its brief that it is likely to prevail against Kickstarter on its claim for secondary infringement, and for good reason: the claim is completely without merit. Plaintiff's application for an injunction against Kickstarter should be denied on that basis alone.

Contributory liability occurs when a defendant "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) (internal footnote omitted). Here, Plaintiff cannot hope to show that Kickstarter materially contributed to Creality's alleged infringement, because it merely provided a forum for Creality to connect to investors. Indeed, Plaintiff's complaint does not plausibly allege that Kickstarter actively engaged with or collaborated with Creality in any way. Moreover, even if Plaintiff's Complaint did plausibly allege that Kickstarter materially contributed to the alleged infringement (and it does not), it certainly does not allege that Kickstarter did so with actual knowledge. The only allegation in the Complaint that comes close to suggesting Kickstarter's knowledge of infringing activity is that Plaintiff allegedly sent Kickstarter a cease and desist notice on March 11, 2022. Mot. at 7-8. However, this is insufficient to allege knowledge at the relevant time, because Plaintiff admits that the campaign ended the very next day. Am. Compl. ¶ 69. *See, e.g.*, *Business Casual Holdings, LLC v. YouTube, LLC*, 2022 WL 837596, at *6 (S.D.N.Y. Mar. 21, 2022) (holding that online platform was not secondarily liable where the allegedly infringing activity stopped immediately after

4

platform obtained knowledge of allegedly infringing activity).  Plaintiff has simply failed to show any likelihood of success on its secondary infringement claim against Kickstarter.

        **C.**        **The Equities Favor Kickstarter**

Plaintiff's equitable argument also fails.  Plaintiff points to the indisputable fact that there is a public interest in ensuring that intellectual property laws are enforced.  Mot. at 15.  But freezing the funds contributed by Creality's 9,400 campaign backers will not serve that interest, particularly since Plaintiff will presumably be entitled to damages from Creality if it ultimately prevails in this lawsuit.

Kickstarter takes seriously its business and legal obligations, both to the backers of Creality's campaign, and to Creality itself, the creator who utilized Kickstarter's platform.  Kickstarter should not be forced to violate those obligations, particularly in this case where Plaintiff has failed to satisfy the basic showing necessary for obtaining injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for injunctive relief should be denied.

Dated:  April 1, 2022

                                              Respectfully submitted,

                                              By:  */s/ James Rosenfeld*

                                              DAVIS WRIGHT TREMAINE LLP
James Rosenfeld
Adam I. Rich
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel. 212.489.8230
Email:  jamesrosenfeld@dwt.com
           adamrich@dwt.com

*Attorneys for Defendant Kickstarter, PBC*

5