**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTEC EUROPE S.À.R.L., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., AND KICKSTARTER, PBC, <br><br> Defendants. | Civil Action No.: 1:22-1676 (WFK)(VMS) <br><br> SUPPLEMENTAL DECLARATION OF HAILONG TANG |

**SUPPLEMENTAL DECLARATION OF HAILONG TANG**

I, Hailong Tang, declare:

1. I am general manager at Seagon IP and am based in Beijing, China. Seagon specializes in protection of intellectual property rights and investigation into IP infringements.

2. I previously submitted a declaration in this case. I provide this Supplemental Declaration in support of Artec's Post-Hearing Brief and its Application for a Temporary Restraining Order and Preliminary Injunction. I have personal knowledge of the facts set forth in this Supplemental Declaration and, if called as a witness, I could and would testify completely to these facts under oath.

3. I have reviewed the Supplemental Declaration submitted by Luowei on April 8, 2022, which contains numerous factual inaccuracies and misstatements.

4. Luowei claims that his job title is "Product Leader" and that his responsibilities include "overall product design, hardware selection and testing, and software core program development." However, I conducted an investigation in which I learned, through Jimuyida press releases that Luowei's actual title is, or at least was in 2018, Chief Operations Officer.

5. In Paragraph 4, Luowei asserts that "Jimuyida purchased *several* Artec scanners that it intended to use for a *3D furniture modeling business*." (Emphasis added.) However, this is misleading. First, Jimuyida did not simply purchase *several* Artec scanners. Artec's records indicate that Jimuyida **purchased 14 Artec scanners** and **rented over 200 Artec scanners**. *See* Corrected Declaration of Alexander Osipov [Doc. 28-1] at ¶ 3.

6. Second, Jimuyida's business was not limited to "3D furniture modeling," as Luowei suggests. Jimuyida was a significant science and technology company that was very actively pursuing and investing in research and development of 3D scanning hardware and software.

7. In Paragraph 5, Luowei attempts to deny and create confusion about Mr. Yao's position and role at Jimuyida. Luowei asserts that "Mr. Yao worked part-time as a consultant at Building Blocks Easy to Build and was not involved in product design or development." This is misleading. "Building Blocks Easy to Build" is not a separate or different company. This is a literal translation of the company name Jimuyida. This paragraph simply confirms that Mr. Yao worked at Jimuyida.

8. In addition, Luowei states that from 2018-2020, Mr. Yao worked at Wuhan University (not Jimuyida). This is also not accurate.

9. Contrary to Luowei's assertions, Mr. Yao was Jimuyida's Chief Technology Officer. I spoke with Mr. Yao on two occasions. At one of my meetings with Mr. Yao in Wuhan Ruler (Wuhan Chizi), he provided me with the following business card, which identifies him as Jimuyida's CTO and Vice President.



10. Mr. Yao told me during the meeting that Jimuyida bought scanners from Artec and other competitors, and that it used them for research and development relating to Jimuyida's own products. Luowei never denies that Mr. Yao told me that Jimuyida bought scanners from its competitors, including Artec, and that it used them for research and development of Jimuyida's own products.

11. Luowei also claims that Mr. Yao was not involved in product design or development. But this is also inaccurate. Mr. Yao was a Founder of Jimuyida, a major shareholder, and the most important research and development person in the company. In my meeting with Mr. Yao, he clearly indicated his level of knowledge and expertise as to Jimuyida's R&D activities. Mr. Yao told me that the company spent RMB 10 to 20 million yuan in purchasing competitors' equipment including Artec's 3D scanning products and RMB 60-70 million on its overall spending including research and development in 2018. According to Mr. Yao, Wuhan Ruler (a.k.a Wuhan Chizi, Rule3D or 91ruler.com), the research and development affiliate company of Jimuyida, had approximately 200 employees in 2018. Yao stated that although he was a professor at Wuhan University, he spent most of his time working for Wuhan Ruler. Additionally, the business card above shows Mr. Yao has a Wuhan Ruler email address: yaojian@91ruler.com. Thus, Luowei's statement that he was only a consultant is

demonstratively incorrect. The above information is supported by my conversation with Yao. My conversation, Yao's business card and other materials I obtained were notarized by Chinese notaries public.

12. Moreover, Mr. Yao was listed on Jimuyida's website as the company's "Founder and CTO."



*See* attached Exhibit B-1.

13. The individual pictured on the website is the same person I met during my visits. Here is a picture of Mr. Yao that I took during one of our meetings.



14. The following news article also shows Mr. Yao appearing as a representative of Jimuyida, indicating his level of authority within Jimuyida, which directly contradicts Luowei's supplemental declaration. *See* attached Exhibit B-2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at 2:16 AM on this 14th day of April, in Beijing, China.

*Hailong Tang*

_____
Hailong Tang