# MUNCK WILSON MANDALA

## TRIALS. TRANSACTIONS. TECHNOLOGY.

RICHARD DE BODO  
DIRECT DIAL: 310-601-1116

E-MAIL: RDEBODO@MUNCKWILSON.COM

May 20, 2022

Hon. William F. Kuntz, II  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 10007

Re: Artec Europe S.À.R.L. v. Shenzhen Creality 3D Tech. Co., Ltd, et al.  
Case No.: 1:22-1676 (WFK)(VMS)

Dear Judge Kuntz:

We represent Plaintiff Artec Europe S.À.R.L. ("Artec") in the above-captioned matter. We write in response to Defendant Kickstarter, PBC's ("Kickstarter's") letter (Dkt. 41) and this Court's subsequent Order ("Order") (Dkt. 42).

Artec was in the process of responding to Kickstarter's letter when the Court issued its Order. As an initial matter, Artec does not object to Kickstarter's proposal to issue refunds to the customers/backers who purchased Defendant Shenzhen Creality 3D Technology Co., Ltd.'s ("Creality's") CR-Scan Lizard scanners and try, to the extent possible, to restore the purchasers/backers to the original status quo. As Artec set forth in its motion for preliminary injunction, its primary need for immediate injunctive relief was to prevent the infringing purchases from being consummated and the proceeds that Kickstarter received from being transferred directly or indirectly to Creality. These concerns are partially addressed by Kickstarter's proposed course of refunding the money.

In accordance with Kickstarter's representations in its letter, which the Court relied upon in its Order, Artec understands Kickstarter's letter to reflect that Kickstarter will refund the money to the purchasers/backers and ***will not facilitate any transfer of funds directly or indirectly to Creality***. Artec also understands Kickstarter's letter to indicate that it ***has not disclosed, and will not disclose, the names and contact information for the purchasers/backers to Creality,*** given Kickstarter's explanation that its proposed course of action would, to the extent possible, "return the parties to the state of affairs that existed prior to the commencement of Creality's Kickstarter campaign." (Dkt. 41). Obviously, if Kickstarter provides the names and contact details of the purchasers/backers to Creality, it will reflect an intent to circumvent Artec's motion and facilitate Creality making the same infringing sales to the same customers and receive the same infringement proceeds that Artec's motion was intended to prevent.

A Limited Liability Partnership · 1925 Century Park East, Suite 2300 · Los Angeles, California 90067 · t 310.286.0377 · f 972.628.3616 · www.munckwilson.com

If Kickstarter has already shared or now shares this information with Creality, then, contrary to Kickstarter's representations, the parties' positions would have materially changed since the beginning of Creality's campaign.

In light of the foregoing, Artec respectfully requests a telephonic conference to discuss the foregoing and permit Kickstarter an opportunity to confirm whether Artec has correctly interpreted Kickstarter's intended course of action. Artec also would like to discuss the manner in which Kickstarter will confirm that it has complied with the promises set forth in its letter.

We thank the Court for its consideration in this matter.

Respectfully,

*/s/ Richard de Bodo*

**Richard de Bodo**
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 287-0377
rdebodo@munckwilson.com