

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**James Rosenfeld**
(212) 603-6455 tel
(212) 379-5239 fax

jamesrosenfeld@dwt.com

May 23, 2022

**VIA ECF**
Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

      Re:    *Artec Europe S.À.R.L. v. Shenzhen Creality 3D Tech. Co., Ltd, et al.,* 1:22-1676 (WFK)(VMS)

Dear Judge Kuntz:

      This firm represents Defendant Kickstarter, PBC ("Kickstarter") in the above-captioned matter.  We write in response to Plaintiff Artec Europe S.À.R.L.'s ("Artec's") letter to the Court, dated May 20, 2022, in which Artec appears to seek new injunctive relief, and requests a status conference.  Dkt. 43.  While Kickstarter does not object to the requested status conference, there is no merit to Artec's demand that Kickstarter be precluded from disclosing to Defendant Shenzhen Creality 3D Tech. Co., Ltd. ("Creality") contact information for the backers of Creality's Kickstarter campaign.

      This Court properly denied Artec's motion for injunctive relief as moot, after Kickstarter informed the Court that it was granting Creality's request to issue refunds to all of Creality's campaign backers.  Dkts. 41-42.  Kickstarter began processing these refunds today.  Now, after obtaining the exact relief it sought, Artec seeks to move the goalposts, contending for the first time that Kickstarter should also be compelled to block Creality's access to data about its campaign backers.  This argument makes no sense.  The whole point of Kickstarter's platform is to connect creators and backers.  Accordingly, a feature of Kickstarter's service is that it allows creators to communicate directly with backers.  Contrary to Artec's contention that Kickstarter seeks to "circumvent Artec's motion," Dkt. 43 at 1, creators on Kickstarter are routinely given access to backers' names and contact information in the normal course, once a project is successfully funded.   Since Creality already has access to the information Artec seeks to block, its request is both baseless and moot.

      Moreover, because Artec's theory of liability against Kickstarter hinged on Kickstarter's allegedly "imminent" release of campaign funds to Creality, *see* Compl. (Dkt. 1) ¶¶ 12, 43 Artec's claim for liability against Kickstarter is also now moot.  Since there is no further relief that Artec can obtain from Kickstarter, and to avoid unnecessary motion practice, Artec should confirm that it will voluntarily dismiss Kickstarter from this case.  Should the Court decide to schedule a status conference, Kickstarter looks forward to discussing these and any other issues with the Court in more detail.

May 23, 2022
Page 2

                                                       Respectfully,

                                                       DAVIS WRIGHT TREMAINE LLP
                                                       */s/ James Rosenfeld*
                                                       James Rosenfeld

Copy to:  All counsel via ECF