RICHARD DE BODO  
DIRECT DIAL: 310-601-1116

E-MAIL: RDEBODO@MUNCKWILSON.COM

May 24, 2022

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

Re: **Artec Europe S.À.R.L. v. Shenzhen Creality 3D Tech. Co., Ltd, et al.**
**Case No.: 1:22-1676 (WFK)(VMS)**

Dear Judge Kuntz:

We represent Plaintiff Artec Europe S.À.R.L. ("Artec") in the above-captioned matter. We write in response to Defendant Kickstarter, PBC's ("Kickstarter's") May 23, 2022 letter (Dkt. 44).

Kickstarter's May 23 letter (Dkt. 44) confirms the concerns Artec expressed in its May 20 letter (Dkt. 43). Kickstarter represented to the Court that Kickstarter would "simply refund" the payments received from purchasers/backers of the CR-Scan Lizard campaign, and that issuing these refunds "will essentially return the parties to the state of affairs that existed prior to the commencement of Creality's Kickstarter campaign." (*See* Dkt. 41.) It now is clear that Kickstarter's proposed procedure is not intended to do that. Rather, Kickstarter has shared, or intends to share,[1] purchasers'/backers' contact and other information with Creality so as to facilitate direct sales between them.

Kickstarter's claim that its proposed solution would undo any potential harm caused by the underlying campaign and its contention that Artec's "argument makes no sense," is completely inconsistent with Kickstarter's statement that "[t]he whole point of Kickstarter's platform is to connect creators and backers." Artec is not moving the goalposts. The purpose of Artec's motion for a preliminary injunction/temporary restraining order was to prevent Creality from completing what Artec believes to be infringing sales. At the time of filing, those sales were going through Kickstarter's platform. Now, Kickstarter and Creality have come up with the "creative" solution of refunding the money pledged on Kickstarter's platform, apparently so Creality and the purchasers/backers can accomplish these transactions directly.

---

[1] Kickstarter's May 23, 2022 letter is ambiguous on this point, because "allow[ing] creators to communicate directly with backers" (for example, by providing a platform through which they can communicate) is not necessarily the same as providing contact information to Creality.

A Limited Liability Partnership · 1925 Century Park East, Suite 2300 · Los Angeles, California 90067 · t 310.286.0377 · f 972.628.3616 · www.munckwilson.com

Thus, the solution proposed by Kickstarter and Creality is no solution at all, and Artec's May 20, 2022 letter is entirely consistent with the position set forth in its motion papers – i.e., that the Court should enjoin the parties from completing these infringing sales. Accordingly, if Kickstarter is to be permitted to refund the money raised in the campaign, it should be enjoined from providing Creality with the names and addresses of the backers. If, as Kickstarter's letter potentially suggests, the information has already been provided to Creality, the Court should enjoin Creality from acting on that information to complete sales with these purchasers/backers.

Finally, Kickstarter's unsupported assertion that "Artec's claim for liability against Kickstarter is also now moot" is of no merit. While a full response will be provided if/when Kickstarter files a pre-motion letter in accordance with the Court's Individual Rules, Artec notes that Kickstarter's liability does not depend on the release of funds. Instead, as set forth in Artec's complaint and motion papers, Kickstarter has violated the Copyright and Patent Acts by contributing to and participating in Creality's infringing sales and offers for sale. Refunding the proceeds from an infringing sale or offer for sale does not undo the liability that was created when Kickstarter and Creality used Kickstarter's platform to market infringing products.

In light of the above, Artec respectfully reiterates its request that the Court schedule a telephonic conference on the issues relating to the Court's May 20, 2022 Order ((Dkt. 42) and the parties' related correspondence (Dkt. 41, 43, 44, and this letter).

We thank the Court for its consideration in this matter.

Respectfully,

*/s/ Richard de Bodo*

**Richard de Bodo**
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 287-0377
rdebodo@munckwilson.com