UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

ARTEC EUROPE S.A.R.L.,

                Plaintiff,

       v.

SHENZHEN CREALITY 3D
TECHNOLOGY CO., LTD.,
AND KICKSTARTER, PBC,


                Defendants.

1:22-1676 (WFK)(VMS)

**SCHENZHEN CREALITY 3D
TECHNOLOGY CO., LTD.'s
ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

1

Defendant Shenzhen Creality 3D Technology Co., Ltd. ("Creality"), by and through its undersigned counsel, hereby answers Plaintiff Artec Europe S.À R.L's ("Plaintiff's") Complaint (the "Complaint") as follows:

## I.     AS TO NATURE OF ACTION

1.      Creality admits the allegations in Paragraph 1 insofar as the Complaint purports to assert claims for copyright infringement and patent infringement.

## II.    AS TO THE PARTIES

2.      Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.

3.      Creality admits that it makes 3D scanners and printers, that it is based in Shenzhen, China with its headquarters located at 18F, JinXiuHongDu Building, Meilong Boulevard, Longhua Dist., Shenzhen, China 518131. Creality further admits that it manufactures the CR-Scan 01 Portable 3D Scanner ("CR-Scan 01 Scanner").   Otherwise, denied.

4.      Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint.

5.      Creality denies the allegations in Paragraph 5 of the Complaint.

6.      Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint except admits that Paragraph 6 contains a hyperlink to what appears to be a historical page on Kickstarter's website, the contents of which speaks for itself.

## III.   AS TO JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required.

8.      Paragraph 8 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint.

10.      Paragraph 10 contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11.      Creality denies the allegations in Paragraph 11 of the Complaint.

12.      Creality denies the allegations in Paragraph 12 of the Complaint except admits that at least some of the backers of Creality's Creality campaign purport to be located in New York.

13.      Creality denies the allegations in Paragraph 13 of the Complaint.

14.      Creality admits that it maintains a website and that products are sold on its website. Otherwise, Creality denies the allegations in Paragraph 14 of the Complaint.

15.      Creality denies the allegations in Paragraph 15 of the Complaint.

16.      Creality denies the allegations in Paragraph 16 of the Complaint.

**IV.      FACTUAL BACKGROUND**

17.      Creality repeats and realleges its responses to the allegations set forth in Paragraphs 1-16 of the Complaint.

18.      Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19.      Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint.

21.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint.

24.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint.

A.     Creality's CR Studio Software Allegedly Infringes Artec's copyright.

25.     Creality denies the allegations contained in Paragraph 25 of the Complaint.

26.     Creality admits that Shenzhen Jimuyida Technology Co. Ltd. ("Jimuyida") assisted in the development of CR-Scan 01 and CRScan Lizard 3D Scanners including software for those scanners, otherwise Creality denies the allegations contained in Paragraph 26 of the Complaint.

27.     Creality denies the allegations contained in Paragraph 27 of the Complaint.

28.     Creality denies the allegations contained in Paragraph 28 of the Complaint.

29.     Creality denies the allegations contained in Paragraph 29 of the Complaint.  In particular, Creality did not receive access to the source code associated with any Artec software products.  Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint to the extent those allegations are directed to the actions of various third parties.

30.     Creality denies the allegations contained in Paragraph 30 of the Complaint.

31.     Creality denies the allegations contained in Paragraph 31 of the Complaint.

32.     Creality denies the allegations contained in Paragraph 32 of the Complaint.

33.     Creality denies the allegations contained in Paragraph 33 of the Complaint.

34.     Creality denies the allegations contained in Paragraph 34 of the Complaint.

      B.     **CR-Scan 01 Scanner Allegedly Infringes Artec's '656 Patent.**

35.     Paragraph 35 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 35 of the Complaint.

36.     Creality denies the allegations contained in Paragraph 36 of the Complaint.

37.     Creality denies the allegations contained in Paragraph 37 of the Complaint.

      C.     **Artec contacts Kickstarter to halt Creality Lizard Campaign.**

38.     Creality denies the allegations in Paragraph 38 of the Complaint.

39.     Creality denies the allegations in Paragraph 39 of the Complaint.

40.     Creality denies the allegations in Paragraph 40 of the Complaint.

41.     Creality denies the allegations in Paragraph 41 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

42.     Creality denies the allegations in Paragraph 42 of the Complaint.

43.     Creality denies the allegations in Paragraph 43 of the Complaint, except admits that it did not respond to Artec's letter (which it never received) or request any information concerning the letter.

## V.     COUNT ONE: COPYRIGHT INFRINGEMENT OF SOFTWARE

### (Against Defendant Creality)

44.     Kickstarter repeats and realleges its responses to the allegations set forth in Paragraphs 1-43 of the Complaint.

45.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint.

47.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint.

48.     Paragraph 48 contains allegations of law, not fact, to which no response is required.

49.     Paragraph 49 contains allegations of law, not fact, to which no response is required.

50.     Creality denies the allegations in Paragraph 50 of the Complaint.

51.     Creality denies the allegations in Paragraph 50 of the Complaint.

52.     Creality denies the allegations in Paragraph 52 because it fails to identify any Creality software or a reference point concerning the "same function," similarly the allegation includes a sentence fragment "[t]his is not concerning" that does not lend itself to either an admission or a denial.

53.     Creality denies the allegations in Paragraph 53 because it fails to identify any Creality software or a reference point with particularity for comparison.  To the extent this allegation requires a comparison of Creality's software to any particular Artec software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint.

54.     Creality denies the allegations in Paragraph 54 because it fails to identify any Creality software or a reference point with particularity for comparison.  To the extent this allegation requires a comparison of Creality's software to any particular Artec software, Creality

denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint.

55.     Creality denies the allegations in Paragraph 55 of the Complaint.

56.     Creality denies the allegations in Paragraph 56 of the Complaint to the extent it characterizes the operation of Creality's software without identifying any specific software product. The software and its operation speak for themselves.  To the extent this allegation concerns Artec's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint.

57.     Creality denies the allegations in Paragraph 57 of the Complaint.

58.     Creality denies the allegations in Paragraph 58 of the Complaint to the extent it provides a characterization of the CR Studio software.  To the extent this allegation concerns Artec's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint.

59.     Creality denies the allegations in Paragraph 59 of the Complaint to the extent it provides a characterization of the CR Studio software.  To the extent this allegation concerns Artec's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 60 of the Complaint.

61.     Creality denies the allegations in Paragraph 61 of the Complaint.

62.     Creality denies the allegations in Paragraph 62 of the Complaint to the extent it provides a characterization of the CR Studio software.  To the extent this allegation concerns

software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint.

63.     Creality denies the allegations in Paragraph 63 of the Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself.

64.     Creality denies the allegations in Paragraph 64 of the Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself.

65.     Creality denies the allegations in Paragraph 65 of the Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself.  To the extent this allegation concerns software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint.

66.     Creality denies the allegations in Paragraph 66 of the Complaint.

67.     Creality denies the allegations in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 69 of the Complaint.

## VI.     COUNT TWO: CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (Dismissed Count Against Defendant Kickstarter)

57.     Creality repeats and realleges its responses to the allegations set forth in Paragraphs 1-69 of the Complaint.[1]

58.     The second Paragraph 58 of the Complaint contains allegation of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 58 of the Complaint to the extent those allegations are based on Creality's products.

59.     Creality denies the allegations in the second Paragraph 59 of the Complaint.

60.     Creality denies the allegations in the second Paragraph 60 of the Complaint.

61.     Creality denies the allegations in the second Paragraph 61 of the Complaint.

62.     Creality denies knowledge or information sufficient to form a belief as to the allegations in the second Paragraph 62 of the Complaint.

63.     Creality denies knowledge or information sufficient to form a basis as to the allegations in the second Paragraph 63 of the Complaint and respectfully refers the Court to the document referenced therein for the contents thereof.

64.     Creality denies the allegations in the second Paragraph 64 of the Complaint.

65.     Creality denies the allegations in the second Paragraph 65 of the Complaint.

66.     The second Paragraph 66 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in the second Paragraph 66 of the Complaint.

67.     The second Paragraph 67 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 67 of the Complaint.

---

[1] Paragraphs 57-69 of the Complaint repeat themselves.

68.     Paragraph 68 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 68 of the Complaint.

69.     Creality admits the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 70 of the Complaint.

## VII.    COUNT THREE: ALLEGED INFRINGEMENT OF ARTEC'S '656 PATENT
### (Against Defendant Creality)

71.     Creality repeats and realleges its responses to the allegations contained in Paragraphs 1-70 of the Complaint.

72.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 of the Complaint.

73.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 of the Complaint.

74.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint.

75.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint.

76.     Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 77 of the Complaint.

78.    Creality admits that Paragraph 78 of the Complaint appears to accurately copy Claim 1 of the '656 Patent, otherwise denied.

79.    Creality denies the allegations in Paragraph 79 of the Complaint.

80.    Creality denies the allegations in Paragraph 80 of the Complaint.

81.    Creality denies the allegations in Paragraph 81 of the Complaint.

## VIII.   AS TO APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

82.    Creality repeats and realleges its responses to the allegations set forth in Paragraphs 1-81 of the Complaint.

83.    Paragraph 83 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 83 of the Complaint.

84.    Creality denies the allegations in Paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 85 of the Complaint.

86.    Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 of the Complaint.

87.    Creality denies the allegations in Paragraph 87 of the Complaint.

88.    Creality denies the allegations in Paragraph 88 of the Complaint except admits that Creality's Kickstarter's campaign ended on March 12, 2022 after raising approximately $4 million USD and admits that Paragraph 88 of the Complaint accurately quotes Kickstarter policy as stated on Kickstarter's website.

89.    Creality denies the allegations in Paragraph 89 of the Complaint.

90.     Creality denies the allegations in Paragraph 90 of the Complaint and in particular the allegations that Creality has committed copyright and patent infringement, other than to admit that Creality is a Chinese company with no registered agent in the United States.

91.     Creality denies the allegations in Paragraph 89 of the Complaint.

92.     Creality admits that Plaintiff has filed a motion seeking the injunctive relief described in Paragraph 92 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Creality denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief. Creality is not liable for any claims and Plaintiff is not entitled to recover damages, costs, fees, interest or any other types of recovery from Creality. Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm to Plaintiff, and because Plaintiff has an adequate remedy at law. The injunctive relief sought by Plaintiff is further barred because it cannot – as a matter of law – prevail on the merits of its claims.

**GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Creality denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer.  To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

**AFFIRMATIVE DEFENSES**

Creality asserts the following affirmative defenses and reserves the right to amend this answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.  To the extent any of the defenses, in whole or in part, relates to or negates an element of Plaintiff's claims, Creality in no way seeks to relieve Plaintiff of its burden of proof or persuasion on that

element. All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### FIRST DEFENSE (FAILURE TO STATE A CLAIM FOR RELIEF)

The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE (LACK OF KNOWLEDGE)

Without in any way admitting any infringement, which is denied, Plaintiff's claims are barred in whole or in part because any liability arises from the conduct of parties other than Creality, and Kickstarter did not have actual or constructive knowledge of the infringing activity alleged in the Complaint.

### THIRD DEFENSE (NO PROTECTION FOR WORKS IN THE PUBLIC DOMAIN)

The software purportedly owned by Plaintiff is not subject to protection under the Copyright Act because it contains elements taken from the public domain.

### FOURTH DEFENSE (MERGER DOCTRINE)

Plaintiff's claims are barred in whole or in part by merger doctrine.

### FIFTH DEFENSE (FAIR USE)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### SIXTH DEFENSE (COPYRIGHT MISUSE)

Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

### SEVENTH DEFENSE (ESTOPPEL/LACHES)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or laches.

### EIGHTH DEFENSE (WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### NINTH DEFENSE (LICENSE)

Plaintiff's claims are barred in whole or in part by an express or implied license.

## TENTH DEFENSE (UNCLEAN HANDS)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE (NO STANDING)

Plaintiff has failed to establish that it possesses an ownership interest in the Artec Software or the Artec Patents sufficient to confer standing to bring this action.

## TWELFTH DEFENSE (NON-PATENTABILITY)

The claims of the Patents-in-Suit are invalid for failure to include patentable subject matter and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 because, inter alia, the alleged invention thereof is directed to abstract ideas and lacks an inventive concept.

## THIRTEENTH DEFENSE (NON-PATENTABILITY)

The claims of the Patents-in-Suit are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112, because the claims lack novelty, and are taught and suggested by the prior art, because the claims are obvious in view of the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Creality to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Plaintiff's assertion of the Patents-in-Suit against Creality with the knowledge that Creality does not infringe any valid or enforceable claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE,** Creality respectfully requests an order:

(a) directing that Plaintiff take nothing pursuant to the Complaint;

(b) declaring pursuant to 35 U.S.C. § 285 that this case is exceptional and awarding

Creality its attorneys' fees and costs as may be available under that provision;

(c) directing pursuant to 17 U.S.C. § 505 that Plaintiff pay to Creality the costs of this

action and reasonable attorneys' fees to be allowed to Creality by the Court; and

(d) granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Creality hereby demands a jury trial for all issues so triable.

Dated: January 9, 2023

*/s/ Michael DeVincenzo*
Michael DeVincenzo
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com

*Counsel for Defendant Shenzhen Creality 3D Technology Co., LTD*

15