UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., AND KICKSTARTER, PBC, <br><br><br><br> Defendants. | 1:22-1676 (WFK)(VMS) <br><br> **SCHENZHEN CREALITY 3D TECHNOLOGY CO., LTD.'s ANSWER TO ARTEC EUROPE S.A.R.L.'s AMENDED COMPLAINT, AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMANDED** |

1

Defendant Shenzhen Creality 3D Technology Co., Ltd. ("Creality"), by and through its undersigned counsel, hereby answers Plaintiff Artec Europe S.À R.L's ("Plaintiff's") Amended Complaint (the "Amended Complaint," D.I. 79) as follows:

**I.     AS TO NATURE OF ACTION**

1. Creality admits the allegations in Paragraph 1 insofar as the Amended Complaint purports to assert claims for copyright infringement and patent infringement.

**II.    AS TO THE PARTIES**

2. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Amended Complaint.

3. Creality admits that it makes 3D scanners and printers, that it is based in Shenzhen, China with its headquarters located at 18F, JinXiuHongDu Building, Meilong Boulevard, Longhua Dist., Shenzhen, China 518131. Creality further admits that it manufactures the CR-Scan 01 Portable 3D Scanner ("CR-Scan 01 Scanner"). Otherwise, denied.

4. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Amended Complaint.

5. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Amended Complaint.

**III.   AS TO JURISDICTION AND VENUE**

6. Paragraph 7 of the Amended Complaint contains allegations of law, not fact, to which no response is required.

7. Paragraph 7 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 7 of the Amended Complaint.

8. Creality denies the allegations in Paragraph 8 of the Amended Complaint.

9. Creality admits that it maintains a website and that products are sold on its website. Otherwise, Creality denies the allegations in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent that a response is required, Creality is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent that a response is required, Creality is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Amended Complaint.

12. Creality denies the allegations in Paragraph 12 of the Amended Complaint.

13. Creality denies the allegations in Paragraph 13 of the Amended Complaint.

## IV. FACTUAL BACKGROUND

14. Creality repeats and realleges its responses to the allegations set forth in Paragraphs 1-13 of the Amended Complaint.

15. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Amended Complaint.

16. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Amended Complaint.

17. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Amended Complaint.

18. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Amended Complaint.

19. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Amended Complaint.

20. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Amended Complaint.

    A.     Defendants Allegedly Misappropriate Artec's technology.

21. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Amended Complaint.

22. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Amended Complaint.

23. Creality denies the allegations in Paragraph 23 of the Amended Complaint.

24. Creality denies the allegations in Paragraph 24 of the Amended Complaint.

25. Creality denies the allegations in Paragraph 25 of the Amended Complaint.

26. Creality admits that Shenzhen Jimuyida Technology Co. Ltd. ("Jimuyida") assisted in the development of CR-Scan 01 and CRScan Lizard 3D Scanners including software for those scanners, otherwise Creality denies the allegations contained in Paragraph 26 of the Amended Complaint.

    B.     Creality's CR Studio and Jimuyida's JM Studio Allegedly Infringe Artec's Copyrights.

27. Creality denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Creality denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Creality denies the allegations in Paragraph 29 of the Amended Complaint.

30. Creality denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Creality denies the allegations contained in Paragraph 31 of the Amended Complaint.

    C.    The Accused Products Allegedly Infringe Artec's US Patent 7,768,656 (the "'656 Patent").

32. Creality denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Creality denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Creality denies the allegations in Paragraph 34 of the Amended Complaint.

35. Creality denies the allegations contained in Paragraph 35 of the Amended Complaint, except admits that CR Studio and JM Studio are defined as Accused Product.

    D.    Creality Launches a Kickstarter campaign to sell the Creality Accused Products.

36. Creality denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Creality denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Creality denies the allegations in Paragraph 38 of the Amended Complaint.

## V. COUNT ONE: COPYRIGHT INFRINGEMENT OF SOFTWARE

### (Against Defendant Creality)

39. Creality repeats and realleges its responses to the allegations set forth in Paragraphs 1-38 of the Amended Complaint.

40. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Amended Complaint.

41. Paragraph 41 contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Amended Complaint.

42. Paragraph 42 contains allegations of law, not fact, to which no response is required.

43. Paragraph 43 contains allegations of law, not fact, to which no response is required.

44. Creality denies the allegations in Paragraph 44.

45. Creality denies the allegations in Paragraph 45.

46. Creality denies the allegations in Paragraph 46 because it fails to identify any Creality software or a reference point concerning the "same function."

47. Creality denies the allegations in Paragraph 47 because it fails to identify any Creality software or a reference point with particularity for comparison. To the extent this allegation requires a comparison of software to any particular Artec software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Amended Complaint.

48. Creality denies the allegations in Paragraph 48 because it fails to identify any Creality software or a reference point with particularity for comparison. To the extent this allegation requires a comparison of software to any particular Artec software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Amended Complaint.

49. Creality denies the allegations in Paragraph 49 of the Amended Complaint.

50. Creality denies the allegations in Paragraph 50 of the Amended Complaint.

51. Creality denies the allegations in Paragraph 51 of the Amended Complaint to the extent it provides a characterization of the CR Studio software. To the extent this allegation concerns software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Amended Complaint.

52. Creality denies the allegations in Paragraph 52 of the Amended Complaint to the extent it provides a characterization of the CR Studio software. To the extent this allegation concerns software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Amended Complaint.

53. Paragraph 53 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 53 of the Amended Complaint.

54. Creality denies the allegations in Paragraph 54 of the Amended Complaint to the extent it provides a characterization of the CR Studio software. To the extent this allegation concerns software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Amended Complaint.

55. Creality denies the allegations in Paragraph 55 of the Amended Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself.

56. Creality denies the allegations in Paragraph 56 of the Amended Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself.

57. Creality denies the allegations in Paragraph 57 of the Amended Complaint to the extent it provides a characterization of the operation of CR Studio software generally without providing particulars, the operation of Creality's software speaks for itself. To the extent this

allegation concerns software other than Creality's software, Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 of the Amended Complaint.

58. Creality denies the allegations in Paragraph 58 of the Amended Complaint.

59. Creality denies the allegations in Paragraph 59 of the Amended Complaint.

60. Paragraph 60 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 60 of the Amended Complaint.

61. Paragraph 61 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 61 of the Amended Complaint.

62. Paragraph 62 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 62 of the Amended Complaint.

63. Paragraph 63 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 63 of the Amended Complaint.

## VI. COUNT TWO: ALLEGED INFRINGEMENT OF ARTEC'S '656 PATENT
### (Against Defendants Creality and Jimuyida)

64. Creality repeats and realleges its responses to the allegations contained in Paragraphs 1-63 of the Amended Complaint.

65. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Amended Complaint.

66. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Amended Complaint.

67. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Amended Complaint.

68. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 of the Amended Complaint.

69. Creality denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 of the Amended Complaint.

70. Paragraph 70 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 70 of the Amended Complaint.

71. Creality admits that Paragraph 71 of the Amended Complaint appears to accurately copy Claim 1 of the '656 Patent, otherwise denied.

72. Creality admits that Paragraph 72 of the Amended Complaint appears to accurately copy Claim 12 of the '656 Patent, otherwise denied.

73. Creality denies the allegations in Paragraph 73 of the Amended Complaint.

74. Creality denies the allegations in Paragraph 74 of the Amended Complaint.

75. Creality denies the allegations contained in Paragraph 75 of the Amended Complaint, except admits that CR Studio and JM Studio are defined as Accused Product.

76. Paragraph 76 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 76 of the Amended Complaint. To the extent that the allegations of Paragraph 76 pertain to Jimuyida, Creality denies knowledge or information sufficient to form a belief.

77. Paragraph 77 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality admits it has been aware of the '656 patent since at least 2022, but otherwise denies the allegations in Paragraph 77 of the Amended Complaint.

78. Paragraph 78 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 78 of the Amended Complaint.

79. Paragraph 79 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 79 of the Amended Complaint.

80. Paragraph 80 of the Amended Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Creality denies the allegations in Paragraph 80 of the Amended Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Creality denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief. Creality is not liable for any claims and Plaintiff is not entitled to recover damages, costs, fees, interest or any other types of recovery from Creality.

**GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Amended Complaint. Creality denies all allegations, declarations, claims, or assertions in the Amended Complaint that are not specifically admitted in this Answer. To the extent the headings contained in the Amended Complaint constitute allegations, such allegations are denied.

**AFFIRMATIVE DEFENSES**

Creality asserts the following affirmative defenses and reserves the right to amend this answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses. To the extent any of the defenses, in whole or in part, relates to or negates an element of Plaintiff's claims, Creality in no way seeks to relieve Plaintiff of its burden of proof or persuasion on that element. All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### FIRST DEFENSE (FAILURE TO STATE A CLAIM FOR RELIEF)

The Amended Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE (LACK OF KNOWLEDGE)

Without in any way admitting any infringement, which is denied, Plaintiff's claims are barred in whole or in part because any liability arises from the conduct of parties other than Creality, and Kickstarter did not have actual or constructive knowledge of the infringing activity alleged in the Amended Complaint.

### THIRD DEFENSE (NO PROTECTION FOR WORKS IN THE PUBLIC DOMAIN)

The software purportedly owned by Plaintiff is not subject to protection under the Copyright Act because it contains elements taken from the public domain.

### FOURTH DEFENSE (MERGER DOCTRINE)

Plaintiff's claims are barred in whole or in part by merger doctrine.

### FIFTH DEFENSE (FAIR USE)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### SIXTH DEFENSE (COPYRIGHT MISUSE)

Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

## SEVENTH DEFENSE (ESTOPPEL/LACHES)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or laches.

## EIGHTH DEFENSE (WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## NINTH DEFENSE (LICENSE)

Plaintiff's claims are barred in whole or in part by an express or implied license.

## TENTH DEFENSE (UNCLEAN HANDS)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE (NO STANDING)

Plaintiff has failed to establish that it possesses an ownership interest in the Artec Software or the Artec Patent sufficient to confer standing to bring this action.

## TWELFTH DEFENSE (NON-PATENTABILITY)

The claims of the Patent-in-Suit are invalid for failure to include patentable subject matter and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 because, inter alia, the alleged invention thereof is directed to abstract ideas and lacks an inventive concept.

## THIRTEENTH DEFENSE (NON-PATENTABILITY)

The claims of the Patent-in-Suit are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112, because the claims lack novelty, and are taught and suggested by the prior art, because the claims are obvious in view of the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

## FOURTEENTH DEFENSE (PATENT MISUSE)

Plaintiff's claims are barred in whole or in part by the doctrine of patent misuse.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Creality to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Plaintiff's assertion of the Patent-in-Suit against Creality with the knowledge that Creality does not infringe any valid or enforceable claim of the Patent-in-Suit and/or that the Patent-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE,** Creality respectfully requests an order:

(a) directing that Plaintiff take nothing pursuant to the Amended Complaint;

(b) declaring pursuant to 35 U.S.C. § 285 that this case is exceptional and awarding Creality its attorneys' fees and costs as may be available under that provision;

(c) directing pursuant to 17 U.S.C. § 505 that Plaintiff pay to Creality the costs of this action and reasonable attorneys' fees to be allowed to Creality by the Court; and

(d) granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Creality hereby demands a jury trial for all issues so triable.

Dated: March 1, 2023

*/s/ Michael DeVincenzo*
Michael DeVincenzo
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com

*Counsel for Defendant Shenzhen Creality 3D Technology Co., LTD*