UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD. and SHENZHEN JIMUYIDA TECHNOLOGY CO. LTD., <br><br><br> Defendants. | 1:22-1676 (WFK)(VMS) <br><br> **SHENZHEN JIMUYIDA TECHNOLOGY CO. LTD.'s ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMANDED** |

Defendant Shenzhen Jimuyida Technology Co. Ltd. ("Jimuyida"), by and through its undersigned counsel, hereby answers Plaintiff Artec Europe S.À R.L.'s ("Plaintiff's") Complaint (the "Complaint") as follows:

### I. AS TO NATURE OF ACTION

1. Jimuyida admits the allegations in Paragraph 1 insofar as the Complaint purports to assert claims for copyright infringement and patent infringement.

### II. AS TO THE PARTIES

2. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.

3. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint.

4. Jimuyida admits that it is based in Shenzhen, China with its headquarters located at 21CD, Songri Dingsheng Bldg, No. 9996, Shennan Avenue. Jimuyida further admits that it assists and/or assisted Creality in developing and maintaining CR Studio, CR-Scan 01 and CR-Scan Lizard. In addition, Jimuyida developed the Magic Swift and Whale scanner products. Otherwise, denied.

5. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint.

### III. AS TO JURISDICTION AND VENUE

6. Paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required.

7. Paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 7 of the Complaint.

8. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent that a response is required, Jimuyida denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent that a response is required, Jimuyida admits it maintains an interactive website that includes links to purchase devices and download JMStudio. Otherwise, Jimuyida is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12. Jimuyida denies the allegations in Paragraph 12 of the Complaint.

13. Jimuyida denies the allegations in Paragraph 13 of the Complaint.

### IV.   FACTUAL BACKGROUND

14. Jimuyida repeats and realleges its responses to the allegations set forth in Paragraphs 1-13 of the Complaint.

15. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint.

17. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint.

18. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint.

      A. Defendants Allegedly Misappropriate Artec's technology.

21. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22. Jimuyida denies the allegations in Paragraph 22 of the Complaint.

23. Jimuyida denies the allegations in Paragraph 23 of the Complaint.

24. Jimuyida denies the allegations in Paragraph 24 of the Complaint.

25. Jimuyida denies the allegations in Paragraph 25 of the Complaint.

26. Jimuyida admits that it assisted Defendant Shenzhen Creality 3D Technology Co., Ltd. ("Creality") in the development of CR-Scan 01 and CR-Scan Lizard 3D Scanners including software for those scanners, otherwise Jimuyida denies the allegations contained in Paragraph 26 of the Complaint.

      B. Creality's CR Studio and Jimuyida's JM Studio Allegedly Infringe Artec's Copyrights.

27. Jimuyida denies the allegations contained in Paragraph 27 of the Complaint.

28. Jimuyida denies the allegations contained in Paragraph 28 of the Complaint.

29. Jimuyida admits that at least certain versions of CR Studio are substantially the same as JMStudio. With regard to other versions of CR Studio, Jimuyida denies the allegations in Paragraph 29 of the Complaint.

30. Jimuyida denies the allegations contained in Paragraph 30 of the Complaint.

31. Jimuyida denies the allegations contained in Paragraph 31 of the Complaint.

      C.     The Accused Products Allegedly Infringe Artec's '656 Patent.

32. Jimuyida denies the allegations contained in Paragraph 32 of the Complaint.

33. Jimuyida denies the allegations contained in Paragraph 33 of the Complaint.

34. Jimuyida denies the allegations in Paragraph 34 of the Complaint.

35. Jimuyida denies the allegations contained in Paragraph 35 of the Complaint, except admits that CR Studio and JM Studio are defined as Accused Product.

      D.     Jimuyida Launches a Kickstarter campaign to sell the Jimuyida Accused Products.

36. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint.

37. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint.

**V.    COUNT ONE: COPYRIGHT INFRINGEMENT OF SOFTWARE**

**(Against Defendant Jimuyida)**

39. Jimuyida repeats and realleges its responses to the allegations set forth in Paragraphs 1-38 of the Complaint.

40. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 contains allegations of law, not fact, to which no response is required.

43. Paragraph 43 contains allegations of law, not fact, to which no response is required.

44. Jimuyida denies the allegations in Paragraph 44.

45. Jimuyida denies the allegations in Paragraph 45.

46. Jimuyida denies the allegations in Paragraph 46 because it fails to identify any Jimuyida software or a reference point concerning the "same function."

47. Jimuyida denies the allegations in Paragraph 47 because it fails to identify any Jimuyida software or a reference point with particularity for comparison. To the extent this allegation requires a comparison of software to any particular Artec software, Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint.

48. Jimuyida denies the allegations in Paragraph 48 because it fails to identify any Jimuyida software or a reference point with particularity for comparison. To the extent this allegation requires a comparison of software to any particular Artec software, Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint.

49. Jimuyida denies the allegations in Paragraph 49 of the Complaint.

50. Jimuyida denies the allegations in Paragraph 50 of the Complaint.

51. Jimuyida denies the allegations in Paragraph 51 of the Complaint to the extent it provides a characterization of the CR Studio software. To the extent this allegation concerns

software other than Jimuyida's software, Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint.

52. Jimuyida denies the allegations in Paragraph 52 of the Complaint to the extent it provides a characterization of the CR Studio software. To the extent this allegation concerns software other than Jimuyida's software, Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 53 of the Complaint.

54. Jimuyida denies the allegations in Paragraph 54 of the Complaint to the extent it provides characterizations of the CR Studio and Magic Wand software. Otherwise, denied.

55. Jimuyida denies the allegations in Paragraph 55 of the Complaint to the extent it provides a characterization of the operation of CR Studio and Wand Studio software generally without providing particulars, the operation of the respective software speaks for itself.

56. Jimuyida denies the allegations in Paragraph 56 of the Complaint to the extent it provides a characterization of the operation of CR Studio and Wand Studio software generally without providing particulars, the operation of the respective software speaks for itself.

57. Jimuyida denies the allegations in Paragraph 57 of the Complaint to the extent it provides a characterization of the operation of CR Studio and Wand Studio software generally without providing particulars, the operation of the respective software speaks for itself.

58. Jimuyida denies the allegations in Paragraph 58 of the Complaint.

59. Jimuyida denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 63 of the Complaint.

## VI.   COUNT TWO: ALLEGED INFRINGEMENT OF ARTEC'S '656 PATENT
### (Against Defendants Jimuyida and Creality)

64. Jimuyida repeats and realleges its responses to the allegations contained in Paragraphs 1-63 of the Complaint.

65. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint.

66. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint.

67. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint.

68. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 of the Complaint.

69. Jimuyida denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 70 of the Complaint.

71. Jimuyida admits that Paragraph 71 of the Complaint appears to accurately copy Claim 1 of the '656 Patent, otherwise denied.

72. Jimuyida admits that Paragraph 72 of the Complaint appears to accurately copy Claim 12 of the '656 Patent, otherwise denied.

73. Jimuyida denies the allegations in Paragraph 73 of the Complaint.

74. Jimuyida denies the allegations in Paragraph 74 of the Complaint.

75. Jimuyida denies the allegations contained in Paragraph 75 of the Complaint, except admits that CR Studio and JM Studio are defined as Accused Products.

76. Paragraph 76 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 76 of the Complaint. To the extent that the allegations of Paragraph 76 pertain to Creality, Jimuyida denies knowledge or information sufficient to form a belief.

77. Paragraph 77 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida admits it has been aware of the '656 patent since at least 2022, but otherwise denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent a response is required, Jimuyida denies the allegations in Paragraph 80 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Jimuyida denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief. Jimuyida is not liable for any claims and Plaintiff is not entitled to recover damages, costs, fees, interest or any other types of recovery from Jimuyida.

**GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Jimuyida denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer. To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

**AFFIRMATIVE DEFENSES**

Jimuyida asserts the following affirmative defenses and reserves the right to amend this answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses. To the extent any of the defenses, in whole or in part, relates to or negates an element of Plaintiff's claims, Jimuyida in no way seeks to relieve Plaintiff of its burden of proof or persuasion on that element. All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM FOR RELIEF)**

The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE (LACK OF KNOWLEDGE)

Without in any way admitting any infringement, which is denied, Plaintiff's claims are barred in whole or in part because any liability arises from the conduct of parties other than Jimuyida, and Kickstarter did not have actual or constructive knowledge of the infringing activity alleged in the Complaint.

### THIRD DEFENSE (NO PROTECTION FOR WORKS IN THE PUBLIC DOMAIN)

The software purportedly owned by Plaintiff is not subject to protection under the Copyright Act because it contains elements taken from the public domain.

### FOURTH DEFENSE (MERGER DOCTRINE)

Plaintiff's claims are barred in whole or in part by merger doctrine.

### FIFTH DEFENSE (FAIR USE)

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### SIXTH DEFENSE (COPYRIGHT MISUSE)

Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

### SEVENTH DEFENSE (ESTOPPEL/LACHES)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or laches.

### EIGHTH DEFENSE (WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### NINTH DEFENSE (LICENSE)

Plaintiff's claims are barred in whole or in part by an express or implied license.

### TENTH DEFENSE (UNCLEAN HANDS)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE (NO STANDING)

Plaintiff has failed to establish that it possesses an ownership interest in the Artec Software or the Artec Patents sufficient to confer standing to bring this action.

## TWELFTH DEFENSE (NON-PATENTABILITY)

The claims of the Patents-in-Suit are invalid for failure to include patentable subject matter and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 because, inter alia, the alleged invention thereof is directed to abstract ideas and lacks an inventive concept.

## THIRTEENTH DEFENSE (NON-PATENTABILITY)

The claims of the Patents-in-Suit are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112, because the claims lack novelty, and are taught and suggested by the prior art, because the claims are obvious in view of the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

## FOURTEENTH DEFENSE (PATENT MISUSE)

**Plaintiff's claims are barred in whole or in part by the doctrine of patent misuse.**

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Jimuyida to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Plaintiff's assertion of the Patents-in-Suit against Jimuyida with the knowledge that Jimuyida does not infringe any valid or enforceable claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid and/or unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE,** Jimuyida respectfully requests an order:

(a) directing that Plaintiff take nothing pursuant to the Complaint;

(b) declaring pursuant to 35 U.S.C. § 285 that this case is exceptional and awarding Jimuyida its attorneys' fees and costs as may be available under that provision;

(c) directing pursuant to 17 U.S.C. § 505 that Plaintiff pay to Jimuyida the costs of this action and reasonable attorneys' fees to be allowed to Jimuyida by the Court; and

(d) granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Jimuyida hereby demands a jury trial for all issues so triable.

Dated: June 08, 2023

/s/ Michael DeVincenzo
Michael DeVincenzo
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com

*Counsel for Defendant Shenzhen Shenzhen Jimuyida Technology Co. LTD*