# MUNCK WILSON MANDALA

## TRIALS. TRANSACTIONS. TECHNOLOGY.

RICHARD DE BODO
DIRECT DIAL: 310-601-1116

E-MAIL: RDEBODO@MUNCKWILSON.COM

July 6, 2023

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

Re:    **Artec Europe S.À.R.L. v. Shenzhen Creality 3D Tech. Co., Ltd, et al.**
       **Case No.: 1:22-1676 (WFK)(VMS)**

Dear Judge Kuntz:

We represent Plaintiff Artec Europe S.à.r.l. ("Artec") in the above matter and are writing pursuant to section III.B.1. of Your Honor's Individual Practice Rules to briefly describe Artec's anticipated motion to file a second amended complaint, the parties' discussions regarding that motion (which are continuing), and Artec's request for a pre-motion conference once the parties complete their discussions.

On June 3, Artec sent a letter to Defendants indicating its intent to seek to amend its First Amended Complaint ("FAC") (Dkt. 79).[1] On June 5, Defendants requested additional time to consider the proposed amendment, and the parties agreed to jointly request an extension of time until July 13 to allow their discussions to continue. *See* Dkt. 100. While the parties may reach agreement on Artec's proposed SAC, because the Court has not yet granted an extension, Artec is filing this letter on the currently existing deadline to preserve its rights to seek amendment pursuant to Rule 15.

## I.    BACKGROUND

On March 25, 2022, Artec filed this suit for copyright infringement and infringement of U.S. Patent No. 7,768,656 (the "'656 Patent") against Defendant Shenzhen Creality 3D Tech. Co., Ltd. ("Creality"). Defendant Creality agreed to waive service and answered the Complaint on January 9, 2023. Dkt. 68. Subsequently, Artec filed a First Amended Complaint ("FAC") as of right to add claims against Defendant Shenzhen Jimuyida Technology Co., Ltd. ("Jimuyida"). Dkt. 79. Defendant Jimuyida answered on June 8, 2023. Dkt. 98. In light of Defendant Jimuyida's agreement to answer the FAC, the parties jointly negotiated a new schedule, which Judge Scanlon recently entered. *See* May 31, 2023 Scheduling Order.

---

[1] A copy of the Proposed Second Amended Complaint ("SAC") is attached as Exhibit A. A redline showing changes between Artec's First Amended Complaint and the SAC is attached as Exhibit B.

Hon. William F. Kuntz, II
Page 2

Artec's investigation has revealed that Creality's and Jimuyida's products additionally infringe Artec's U.S. Patents Nos. 8,488,129 (the "'129 Patent") and 10,962,357 (the "'357 Patent"). Artec intends to file a motion for leave to amend its complaint to assert infringement of these two patents prior to the July 6, 2023 deadline for filing amended pleadings.[2] Artec believes that Creality's and Jimuyida's products infringe at least Claim 1 of the '157 Patent and at least Claim 11 of the '357 Patent.[3]

## II.    LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, No. 14- CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016). "[I]t is rare that such leave [to amend] should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). "In general, a motion to amend should be granted unless there is evidence of undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Hernandez v. Sikka*, No. 17-CV-4792, 2019 WL 1232092, at *3 (E.D.N.Y. Mar. 15, 2019). "The party opposing a motion to amend typically bears the burden of establishing that the amendment should be denied." *Id.*; *see also Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 294 (S.D.N.Y. 2019) ("the party opposing [amendment] … bears the burden of showing prejudice, bad faith, and futility of the amendment.").

## III.    ARTEC SHOULD BE GIVEN LEAVE TO AMEND

Allowing Artec to litigate all of its claims of patent infringement against Creality and Jimuyida in a single lawsuit will preserve judicial economy and avoid the need for Artec to file multiple lawsuits against the same parties. Moreover, given the early stage of the proceedings, with no trial date set, there will be minimal—if any—prejudice to Defendants from Artec's proposed second amended complaint. Indeed, Defendants appear to admit as much in their recently filed petition for *Inter Partes Review* of Artec's '656 Patent:

> To date, the parties have invested little to no resources in litigating the merits of the case, having only disputed preliminary injunctive relief and service. The case is in early discovery—claim construction is scheduled for February 21, 2024, fact discovery is set to close on July 17, 2024, and expert discovery is scheduled to close on October 18, 2024.

---

[2] While Artec believes the filing of this Request for a Pre-Motion Conference satisfies the Court's deadline to amend pleadings, in an abundance of caution, Artec will serve a copy of its motion for leave to amend and the proposed Second Amended Complaint on Defendants today in accordance with III.G. of Your Honor's Individual Practice Rules.

[3] Consistent with Rule 6 of the Local Patent Rules, Artec will identify each accused instrumentality in its infringement contentions.

Hon. William F. Kuntz, II
Page 3


IPR2023-01148, Paper No. 1 at 14. Artec plans to serve supplemental infringement contentions relating to the '656 Patent and infringement contentions relating to the '129 and '357 Patents on or before July 24, 2023, consistent with the parties' current agreed schedule. *See* Dkt. 96. If Creality and Jimuyida believe they need additional time in order to comply with the current patent disclosure requirements and *Markman*-related deadlines, Artec is prepared to negotiate revised deadlines to accommodate them. Accordingly, Artec respectfully requests that the Court permit the parties the opportunity to continue their discussions on Artec's proposed motion for leave to file a Second Amended Complaint and that the Court then schedule a pre-motion conference to discuss Artec's motion for leave.[4]

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Richard de Bodo*

Richard de Bodo
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 855-3311
rdebodo@munckwilson.com


cc:    All counsel of record via ECF


---

[4] To the extent the Court decides to hold a pre-motion conference, Plaintiff Artec respectfully requests that the Court permit counsel to appear for this conference by telephone so that Richard de Bodo, Artec's lead counsel, who is located in California, and Amy LaValle, who is located in Texas, may appear remotely.