RIMÔN LAW
www.rimonlaw.com

January 9, 2024

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

      Re:    **Artec Europe S.À R.L., v. Shenzhen Creality 3D Tech Co., Ltd, et al. Case No. 1:22-1676 (OEM)(VMS)**

Dear Judge Scanlon:

Pursuant to the Court's May 31, 2023 Order, Plaintiff Artec Europe S.à.r.l. ("Plaintiff") and Defendants Shenzhen Creality 3D Tech. Co., Ltd. and Shenzhen Jimuyida Technology Co., Ltd. (collectively, "Defendants") file this Joint Status Report.

Plaintiff conducted source code review and served its Disclosure of Asserted Claims and Initial Infringement Contentions for the three asserted patents and its Initial Copyright Infringement Contentions on September 22, 2023.

On November 21, 2023, Defendants served their Invalidity Contentions and its Copyright Responsive Contentions.

On December 5, 2023, the Court ordered and adopted the parties' amended Markman deadlines schedule. The parties are scheduled to begin the Markman process by exchanging proposed claim terms for construction on January 12, 2024. With respect to other issues:

Plaintiff's Position:

Defendants have raised issues relating to Plaintiff's patent infringement contentions and copyright infringement contentions. The parties have begun to meet and confer regarding these issues, and Plaintiff anticipates further discussions on these subjects.

As to Defendants' assertions that Plaintiff lacks a good-faith basis for asserting patent infringement, Plaintiff does not agree -- Defendants largely raise claim construction positions that will be addressed and resolved in accordance with the Markman schedule. As to Defendants' arguments concerning Plaintiff's copyright claims,

Hon. Vera M. Scanlon
January 9, 2024

Plaintiff believes it has properly asserted its copyright infringement claims under Luxemburg law, and it is investigating various other issues raised by Defendants.

Moreover, Plaintiff believes the evidence shows that Defendants improperly tampered with the source code they produced to Plaintiff and committed spoliation of evidence relating to Defendants' source code.

Defendants' Position:

On October 9, 2023 and November 27, 2023, Defendants wrote to Plaintiff questioning Plaintiff's good faith basis for asserting copyright infringement and patent infringement, respectively. Defendants believe Plaintiff does not have a good faith basis for asserting either that Plaintiff owns a copyright under Luxemberg law or that a US copyright registration was not required. Based on its contentions, Defendants further believe Plaintiff no longer have a good faith basis for alleging copyright infringement or patent infringement. The parties' conferred on November 28, 2023. At that meet and confer, Plaintiff did not explain the good faith basis for its position but agreed to provide a written response within two weeks. Plaintiff has still not responded to Defendants' October 9, 2023 and November 27, 2023 correspondence despite repeated requests. Defendants intend to serve a letter consistent with Fed. R. Civ. P. 11 if Plaintiff does not respond this week.

At 8:20 p.m. on the night of this filing, Plaintiff raised an issue with authentication and supposed spoliation of evidence. In July 2023, Defendants provided a declaration of authentication with respect to the source code it made available for inspection. On October 10, 2023, Defendants responded to certain follow-up issues Plaintiff raised. Thereafter, Plaintiff was silent until this evening.

Respectfully,

/s/ Richard de Bodo

Richard de Bodo
**RIMON PC**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (310) 943-7301
richard.debodo@rimonlaw.com

cc:    All counsel of record via ECF