

April 2, 2024

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

      Re:    **Artec Europe S.À R.L., v. Shenzhen Creality 3D Tech Co., Ltd, et al.
Case No. 1:22-1676 (OEM)(VMS)**

Dear Judge Scanlon:

Pursuant to the Court's February 4, 2024, Order, Plaintiff Artec Europe S.à.r.l. ("Artec") and Defendants Shenzhen Creality 3D Tech. Co., Ltd. and Shenzhen Jimuyida Technology Co., Ltd. (collectively, "Defendants") file this letter addressing the case status, a discovery dispute, and the case schedule.

1. **Case Status:**

Artec conducted source code review and served its Disclosure of Asserted Claims and Initial Infringement Contentions for the three asserted patents and its Initial Copyright Infringement Contentions on September 22, 2023.

On November 21, 2023, Creality served its Invalidity Contentions and its Copyright Responsive Contentions.

On December 5, 2023, the Court ordered and adopted the parties' amended *Markman* deadlines schedule. Consistent with that order, the parties filed a Joint Claim Construction Chart on February 16, 2024, and Artec filed its Opening Claim Construction Brief on March 19, 2024.

Pursuant to the Court's order on February 4, 2024, order, the parties served their respective discovery letters on February 29, 2024. Thereafter, the parties met and conferred and are hopeful they can amicably resolve all or almost all issues without the need for Court intervention.

Artec will dismiss its copyright claims either via stipulation of dismissal under FRCP 41(a)(1)(A)(ii) or, if the parties are unable to work out a stipulation, Artec will file a motion under FRCP 41(a)(2).



Hon. Vera M. Scanlon
April 2, 2024

**2. Discovery Dispute:**

A. Defendants' Position

Artec's response to Interrogatory No. 10 and its infringement contentions are deficient and Defendants seek supplemental contentions.

**Background:**

Interrogatory No. 10 seeks the factual and legal basis for Artec's assertion of patent infringement. On September 24, 2023, Artec served Patent Infringement Contentions. Artec's Patent Infringement Contentions are woefully deficient because they fail to articulate or address how specific substantive claim elements are satisfied by the accused products.

On November 27, 2023, Defendants wrote Artec requesting it to provide the bases for alleging patent infringement. On November 28, 2023, Plaintiff agreed to provide a written response addressing Defendants' concerns. Between November 28, 2023, and January 9, 2024, Defendants repeatedly requested a response and a meet-and-confer in order to raise this issue as part of the parties' January 9, 2024 Joint Status Letter. Dkt. No. 114. On January 23, 2024, less than an hour before the last discovery conference, Artec finally responded to Defendants' November 27, 2024 correspondence. That response simply ignores the majority of issues raised by Defendants in its November 27, 2024 correspondence. On February 13, 2024, Defendants again wrote Plaintiff identified with particularity the claim limitations where supplementation was required and requested a meet and confer.

The parties' conferred on February 22, 2024. At that meet-and-confer, Artec represented that it would supplement its infringement contentions. That agreement was confirmed in Defendants' February 29, 2024, discovery dispute letter. Given Artec's delays, between February 29, 2024, and March 27, 2024, Defendants requested Artec to confirm a date certain for supplemental contentions five separate times in writing. Defendants explained that the supplementations should be provided sufficiently in advance of the present joint status letter so that Defendants could raise any issues with the Court. On March 28, 2024, Artec informed Defendants that it would not be supplementing its contentions and indicated that it had not agreed to supplement its infringement contentions on February 22, 2024.

**Artec's Infringement Contentions and Discovery Responses Fail to Provide A Good Faith Basis For Its Assertion of Infringement**

Defendants have specifically pointed to a reasonable number of limitations and requested supplementation of Artec's infringement contentions to address those limitations. For example, with regard to U.S. Patent No. 7,768,656 ('656 Patent), Artec has failed to address how at least the following claim limitations are met in the accused devices: "a slide with a slide pattern located on a slide surface" and "based on correspondence between points in said slide pattern



and said image." This is critical as the Accused Products do not use slides and there is no lens or other aspect of the Accused Product that can reasonably be read to be a slide with a pattern on the surface of the slide. To the extent Artec contends otherwise, Defendants are entitled to know what Artec contends is the "slide," what is the "pattern located on the surface of the slide" and how Artec alleges the accused devices operate "based on correspondence between points in said slide pattern [located on the surface of a slide] and said image. Artec responds by arguing that the parties have a claim construction dispute. Artec misses the point. Artec has identified neither what in the accused product it contends is the "slide," what Artec alleges is the "pattern located on the surface of the slide," nor how the accused products allegedly base correspondence between points on the slide surface.

With respect to U.S. Patent No. 8,488,129 ('129 Patent), Artec has failed to address how at least the following claim limitations are met in the accused devices. Artec alleges that Defendants products contain a "display device [that] provides a position and orientation for said object to take." Yet, Defendants do not sell products with a display device and there are no particular allegations with respect to how any alleged display device provides "a position and orientation" for any object to take with respect to any detection device. Artec alleges that this is a matter of claim construction and/or indirect infringement. Yet, Artec alleges direct infringement (in addition to indirect infringement) with respect to this limitation. Further, Artec states the display device "provides a position and orientation" but it never articulates or identifies any software that operates to provide such position and orientation for any object to take.

With respect to U.S. Patent No. 10,962,357 ('357 Patent), Artec has failed to address how at least the following limitations are met in the accused devices. For example, Artec alleges on information and belief that the accused products operate with software that determines whether "a quantity of first data meets a predefined threshold" "for each of respective portions of the surface of [an] object" to reconstruct the portion of the object "to a predefined accuracy." The accused product software simply does not operate based on the use of "quantities" of data to determine accuracy. Artec contends otherwise without explanation. Defendants are entitled to know Artec's basis for asserting infringement with respect to that limitation. Regardless of the outcome of claim construction, Defendants will be left in the dark regarding what functionality Artec is accusing and why. Furthermore, Artec nowhere addresses or explains how the accused products operate with a "predefined threshold that corresponds to a quantity of data," and it nowhere articulates the basis for its belief that the accused products operate with respect to a "plurality of portions of the surface of the object." Merely because the parties dispute the meaning of these terms does not justify Artec's failure to articulate a theory of infringement based on its own interpretation of the claims. Finally, the claims of the '357 Patent require software that "generates second data corresponding to the 3D share of the surface of the object," and "discard[s] at least a portion of the second data." Artec's contentions fail to articulate what in the software of the accused products is the alleged "second data" and how it is discarded.

There is no justifiable reason for Artec's inability to articulate its theories of infringement at this point in the case. Artec's expert has, for over a year, had full access to Defendants' source



Hon. Vera M. Scanlon
April 2, 2024

code, and Artec's software expert has spent weeks reviewing that source code. Artec has already obtained and examined several of Defendants' products. If after having its experts inspect and review Defendants' source code and products, Artec cannot articulate its basis for continuing to allege infringement Artec should drop its claims.

Lastly, after this Court ordered Artec to respond to the Defendants' concerns with respect to Artec's good faith basis for alleging that a Luxembourg copyright existed and that U.S. copyright registration was not required, Artec agreed to dismiss its copyright claims. Defendants anticipate that an order compelling Artec to respond to Defendants' long outstanding patent concerns will result in a further streamlining of this action (if not a complete resolution).

B. Plaintiff's Position

**Defendants' Criticisms of Artec's Infringement Contentions Elevate Form Over Substance and Ignore the Detailed Information Artec Provided; and Artec is Willing to Supplement**

Contrary to Defendants' assertions, Artec's infringement contentions address all of the disputed claim terms and cite specific and detailed evidence to demonstrate how Defendants' accused products satisfy the limitations of each asserted claim. To the extent Defendants bring a motion to compel a more complete response, the Court will see first-hand the sufficiency of Artec's contentions without the distraction of Defendants' *ipse dixit* mischaracterizations.

Defendants' criticisms largely depend upon the Court adopting Defendants' claim construction positions. Defendants have asked the Court to construe an excessive twenty-one claim terms. *See generally* Dkt. 116 (Joint Claim Construction Chart). One disputed term is "a slide pattern located on a slide surface" which relates to Defendants' alleged failures to address related terms and phrases in the '656 patent. In Artec's opinion, Defendants' noninfringement argument relies on an erroneous interpretation of this disputed phrase and the term "slide" as it is defined in the '656 patent. Therefore, such arguments are premature and presume the validity of Defendants' proposed claim constructions positions, which Artec is under no obligation at this stage of the case to adopt. Although Artec believes it has identified the accused instrumentalities in the infringing devices for this term, Artec intends to supplement to narrow the disputes for the parties and Court.

Regarding the '129 patent, Defendants allege that they do not sell products with a "display device" as claimed and therefore cannot infringe. As already explained to Defendants, Artec's infringement contentions assert both direct and indirect infringement, which is appropriate given that discovery is still open and continuing. Defendants also allege that Artec's contentions fail to demonstrate how the infringing products meet the "said display device provides a position and orientation for said object to take with respect to the at least one detection device." This term is one of the twenty-one identified by Defendants for construction. But regardless, Artec's contentions provide a detailed explanation of a particular "mode" of operation and articulate how the infringing products meet this limitation.



Hon. Vera M. Scanlon
April 2, 2024

Defendants' disputes over the '357 patent terms are similarly mischaracterizations or rely on claim construction positions that Artec disagrees with as memorialized in the Joint Claim Chart. For example, "predefined threshold," "predefined accuracy," and "discarding at least a portion of the second data" are all disputed terms raised by Defendants to be resolved by the Court. And many of the terms Defendants identify above for the '357 patent cite to source code in support of Artec's contentions.

To the extent Defendants move to compel, Artec is confident that even without voluntary supplementation the Court will conclude that Artec's contentions, particularly before a *Markman* Order is entered, provide ample detail, evidence, and explanation to support Artec's infringement allegations. Nonetheless, Artec is voluntarily supplementing its contentions in order to eliminate the parties' remaining disputes.

3. **Case Schedule**

A. Plaintiff's Position

Plaintiff plans to file a letter motion with the Court to extend the end of fact and expert discovery. The operative case schedule is currently as follows:

| Due Date | Description |
|---|---|
| 4/17/2024 | Defendants' Responsive Claim Construction Brief Due |
| 5/20/2024 | *Markman* Hearing |
| 7/19/2024 | Complete Fact Discovery |
| 7/26/2024 | Serve Initial Expert Disclosures |
| 9/20/2024 | Rebuttal Expert Reports Due |
| 10/18/2024 | Complete Expert Discovery |
| 10/18/2024 | All Discovery, including expert depositions, to be completed |

Courts typically allow fact discovery to continue after a Markman order is issued, so that both parties can take and complete fact discovery in light of the claim constructions the court has adopted. With twenty-one claim terms in dispute, the Court will need time to prepare its Markman order. it is unreasonable to expect the Court to issue a Markman Order before the close of fact discovery. And with such a large number of disputed terms, it is very likely that both infringement and invalidity contentions will require supplementation under Local Patent Rule 9 after the Court issues its constructions. In order to allow time for the parties to complete fact and expert discovery after entry of the Markman order, both parties will need additional time.

To avoid such inefficiencies, Plaintiffs plan to file a letter brief requesting that the deadlines for the completion of fact discovery and subsequent expert discovery deadlines be extended.



Hon. Vera M. Scanlon
April 2, 2024

    B.  Defendants' Position

The present schedule was stipulated and agreed to by the parties after Plaintiff asserted two new patents on the last day permitted under the scheduling order. In agreeing to the schedule, the parties recognized that fact discovery, as is typical in many cases, may need to be completed before a claim construction decision is reached. This was the result of minimizing the prejudice associated with Artec's belated addition of new patents. Plaintiffs now want a discovery extension. Nothing with respect to the claim construction dates represents good cause for a discovery extension. The parties agreed to the dates and have been aware of them for many months. In addition, delays to the resolution of this action are prejudicial to Defendants. This action has already impeded Defendants' entry into the US market and Defendants would like to resolve the cloud of litigation as soon as possible.

Respectfully,

*/s/ Richard de Bodo*

Richard de Bodo
**RIMON PC**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (310) 943-7301
richard.debodo@rimonlaw.com

cc:    All counsel of record via ECF