# Exhibit 11

# DeVincenzo, Michael (US)

| | |
|---|---|
| **From:** | DeVincenzo, Michael (US) |
| **Sent:** | Friday, November 29, 2024 4:38 PM |
| **To:** | Richard de Bodo |
| **Cc:** | Artec; Creality |
| **Subject:** | RE: Communications Regarding Infringement Claims and Discovery |
| **Attachments:** | 2024-11-29 Subpoena Document Artec Inc..pdf; Deposition Subpoena Artec Group Inc (pdf).pdf; 2024-11-29 - Exhibit A - Artec Group Inc Document Subpoena .pdf; 2024-11-29 - Exhbit A - Artec Grup Inc. Deposition Subpoena Topics.pdf |
| **Categories:** | Red Category |

Richard,

Your e-mail does nothing to move the ball forward Defendants' long outstanding inquiries.  Based on Artec's conduct, it appears Artec has no intent to complete discovery within the fact discovery period and indeed is deliberately delaying presumably so it can seek a further extension.

With respect to depositions, as indicated when we spoke the first week of November, Artec's belated request that unidentified witnesses be required to travel to Hong Kong required it to act diligently in seeking such depositions.  In response, Artec agreed to serve a 30(b)(6) notice, identify witnesses (by November 15) and to make itself available to discuss the issue the week of November 22.  Without explanation, Artec has ignored its agreement to provide a 30(b)(6), did not respond to (and still has not responded to) Defendant's request to confer regarding depositions, and has failed to identify any individual it wants to depose.  In contrast, over six months ago we inquired about depositions for Messrs. Gusev, Osipov, Tang and Edwards.  You have provided no response on deposition dates despite repeated follow-up requests.  With respect to Mr. Tang and Edwards, please immediately let us know what is going on.  We are concerned that Artec is simply intentionally delaying so it can try and push off the close of fact discovery as Artec has been informed that significant time will be necessary to the extent Artec requests any witness travel internationally for deposition.

With respect to Artec's long ago promised contentions, Artec's refusal to discuss the issue and extraordinary delay is unacceptable and highly prejudicial with fact discovery closing soon.  We have repeatedly requested the Artec contentions, offered to discuss the orderly amendment of contentions for both infringement and invalidity and Artec has refused.  Despite this, it has been over 45 days since the Court's claim construction order and we have received nothing but vague promises that Artec has a good faith basis to proceed and assurances that its theories will be made part of new supplemental infringement contentions.  It seems plain by now that Artec does not have a basis for continuing its assertions.  To the extent Artec intends to address infringement under the Court's claim construction order as part of its infringement contentions, such contentions should have already been provided and are likely to substantially affect Defendants' invalidity theories including the prior art, enablement and written description.  Given Artec's pattern of delay and the prejudice caused to Defendants by Artec's decision to withhold its positions, Defendants reserve the right to strike Artec's contentions including any theories of infringement not disclosed in response to Creality's Interrogatory No. 4.

With respect to Defendants' software, despite the gamesmanship and last minute inquiries we are doing our best to make the previous agreed source code available.  To the extent Artec is belatedly requesting new source code and seeks to renegotiate the parties' agreement please identify with particularity all such source code that Artec requests and let us know the basis for the request without delay.  Once again, the timing of the request appears designed to delay rather than advance discovery.

With respect to Artec's source code, Artec contends that its products practice the claimed inventions.  As such, Defendants are entitled to test the veracity of Artec's claims including the limitations Artec contends are performed by software.  Please make available any source code you claim is related to Artec's practice of the claimed inventions.  Further, various versions of the Artec studio software are prior art to the asserted claims.  If the issue is about which specific versions of the software should we made available for inspection, I am sure we can reach agreement and are available to confer but we would like a prompt answer and for Artec to stop with the delays.

With respect to financial documents, please let us know when Artec intends to provide the requested additional materials or if it is refusing to provide additional materials.

Lastly, I have attached the subpoenas for Artec Group Inc. Given Artec Group Inc. is a wholly owned subsidiary which shares employees we are serving subpoenas in an abundance of caution. We hope we could available the unnecessary expenses associated with the service of the subpoena. Let us know on Monday if we will be forced to go through the unnecessary expenses associated with service.

Mike


**Michael S. DeVincenzo | Partner**
**King & Wood Mallesons**

D +1 212 319 4755
M +1 917 345 5431
F +1 917 591 8167
E Michael.devincenzo@us.kwm.com
PROFILE

500 Fifth Avenue, 50th Floor, New York, NY 10110
kwm.com

---

**From:** Richard de Bodo rdebodo@rimonlaw.com
**Sent:** Tuesday, November 26, 2024 10:56 AM
**To:** DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>
**Cc:** Artec <Artec@rimonlaw.com>; Creality <creality@us.kwm.com>; John Handy <john.handy@rimonlaw.com>
**Subject:** Communications Regarding Infringement Claims and Discovery



This message needs your attention
• Some Recipients have never replied to this person.
Mark as Safe    Powered by Mimecast

Counsel:

Artec disagrees with Defendants' characterization of the facts, which is inaccurate and misleading. As you know, we have discussed these issues with you, told you Artec will be supplementing its infringement contentions, and already provided you with direct responses to Defendants' noninfringement arguments. Artec does not consider its infringement allegations frivolous, and it is not ignoring its discovery obligations.

Responding on other issues:

Artec will serve a 30(b)(6) notice soon. Artec is agreeable to producing Messrs. Gusev and Osipov for deposition without subpoenas if Defendants will provide Artec the same courtesy as to Defendants' employees and agents. Please let us know. We will be responding concerning Mr. Tang and Dr. Edwards shortly.

We have not received permission to accept service of subpoenas for Artec Ventures LLC and Artec Group Inc., but we are continuing to check.

As we have previously discussed, Artec is working on amending its patent infringement contentions and will serve them as soon as they are completed.

Artec will propose dates shortly for inspection of Defendants' source code during the coming weeks.  In addition to the materials that Defendants are already providing, Artec requests that Defendants please also produce the firmware for their scanners and the drivers for both the cameras and the projectors.

Artec also requests that Defendants please advise why they are requesting to review Artec's source code even though Artec has dismissed its copyright infringement claim. Depending on Defendants' reasons, the parties may be able to reach agreement on a stipulation instead.

Artec will also be responding to Defendants on several other matters this week or early next week.

Regards,

Rich

---

**Richard de Bodo** | Partner

**RIMÔN**

o +1 310.943.7301 | m +1 310.251.3096 | rdebodo@rimonlaw.com
Los Angeles Office:   2029 Century Park East, Suite 400N, Los Angeles, CA 90067
DC Office: 1050 Connecticut Ave NW, Suite 500, Washington, D.C.

www.rimonlaw.com | See Our International Offices | Read Our Insights

Connect on **LinkedIn** | Like us on **Facebook**

*This e-mail is sent by a law firm and contains information that may be confidential or privileged.  If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.*

**From:** DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>
**Sent:** Monday, November 25, 2024 8:06 AM
**To:** John Handy <john.handy@rimonlaw.com>; Richard de Bodo <rdebodo@rimonlaw.com>
**Cc:** Artec <Artec@rimonlaw.com>; Creality <creality@us.kwm.com>
**Subject:** RE: Communication Regarding Artec's Rule 11 Basis for Asserting Infringement

Counsel,
We intend to file a letter motion with the Court addressed to Artec's lack of responsiveness and failure to abide by its agreements in discovery.  Defendants will seek fees and costs associated with such motion practice.  Simply put, Artec's conduct cannot continue.  As you know, despite committing to discussing depositions last week and providing a 30(b)(6) notice by November 15, 2024, Artec subsequently simply disregarded its agreement and has apparently now refused to discuss depositions without explanation.  As made clear at the last meet and confer, Artec cannot simply ignore its discovery obligations because the claim construction order has rendered its infringement allegations frivolous.  Frankly, Defendants believe the parties' time is better spent communicating on a plan for the conclusion of discovery and addressing the issues raised below in an amicable manner, however your prepeated delays, obfuscation and non-responsiveness has given us no choice but to engage in motion practice.

As such, if Artec will not stipulate to non-infringement and intends to participate in discovery please respond today with the requested information including deposition dates, responses to our inquiries regarding whether subpoenas are necessary and the remaining issues addressed below.  In addition, let us know a time you are available to confer today or tomorrow.

Regards,
Mike

**Michael S. DeVincenzo | Partner**
**King & Wood Mallesons**

**D** +1 212 319 4755
**M** +1 917 345 5431
**F** +1 917 591 8167
**E** Michael.devincenzo@us.kwm.com
**PROFILE**

500 Fifth Avenue, 50th Floor, New York, NY 10110
kwm.com

4