# Exhibit 10 - '129 Patent Amendment

**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Yan N. Lapa | Examiner: | Juan D. Valentin |
| Serial No. | 11/868,352 | Group Art Unit: | 2877 |
| Filed: | October 5, 2007 | Docket No. | 104098-010400 |
| Customer No.: | 33717 | Confirmation No.: | 1873 |
| Title: | COMBINED OBJECT CAPTURING SYSTEM AND DISPLAY DEVICE AND ASSOCIATED METHOD | | |

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this document is being transmitted electronically to the United States Patent and Trademark Office via the EFS Web e-Filing system on June 26, 2012.

Name: Rosemary D. Payton

## AMENDMENT AFTER FINAL

MAIL STOP: AMENDMENT AF
Commissioner for Patents
Post Office Box 1450
Alexandria, Virginia 22313-1450

Sir/Madam:

In response to the Final Office Action mailed December 23, 2011, kindly enter the following amendments:

**Amendments to the Claims** begin on page 2.

**Remarks/Argument** begin on page 5.

**Request for Continued Examination** follows page 9.

## AMENDMENTS TO THE CLAIMS

**Claim 1 (currently amended):** A system for the 3D measurement of the shape of a material object, comprising:

a display device; and

at least one projection device for projecting a structured light pattern onto a surface of an object;

at least one detection device for capturing at least one image of the surface of said object, wherein at least one of the detection devices captures at least one image of the structured light pattern acting on the surface of said object; ~~and~~

a computing device for determining a measurement relating to the captured image; wherein said display device provides a position and orientation for said object to take with respect to said at least one detection device.

**Claim 2 (cancelled)**

**Claim 3 (currently amended):** The system of claim 1~~2~~, wherein at least one projection device and at least one detection device are integrated with said display device.

**Claim 4 (currently amended):** The system of claim 1~~2~~, wherein at least one projection device and at least one detection device are separated from said display device.

**Claim 5 (currently amended):** The system of claim 1~~2~~, wherein said display device is a computer display.

**Claim 6 (currently amended):** The system of claim 1~~2~~, wherein said object is a face of a user of said display device.

**Claim 7 (currently amended):** The system of claim 1~~2~~, wherein measurement determines a level of use of a computer connected to said display device.

**Claim 8 (currently amended):** The system of claim 1~~2~~, wherein said computing device compares the measurement to at least one historical measurement.

**Claim 9 (currently amended):** The system of claim 8, wherein the historical measurement is associated with a predetermined level of use of a computer connected to said system ~~display device~~.

**Claim 10 (currently amended):** The system of claim 9, wherein the measurement is processed periodically to determine the level of use of the computer connected to said system ~~display device~~.

**Claim 11 (currently amended):** A method for the 3D measurement of the shape of an object positioned near a display device, comprising:

projecting a structured light pattern from at least one projection device onto a surface of the object positioned near a display device;

capturing at least one image of the surface of said object with at least one detection device, where at least one of the captured images includes an image of the structured light pattern acting on the surface of said object, wherein said display device provides a position and orientation for said object to take with respect to the at least one detection device; and

determining a measurement relating to the surface of said object.

**Claim 12 (cancelled)**

**Claim 13 (currently amended):** The method of claim 11 ~~12~~ wherein at least one projection device and at least one detection device are integrated with said display device.

**Claim 14 (currently amended):** The method of claim 11 ~~12~~, wherein at least one projection device and at least one detection device are separated from said display device.

**Claim 15 (currently amended):** The method of claim 11~~12~~, wherein said display device is a computer display.

**Claim 16 (currently amended):** The method of claim 11 ~~12~~, further comprising positioning said at least one projection device and said at least one detection device to act on an object situated for use of said display device.

**Claim 17 (currently amended):** The method of claim 16, further comprising providing a level of use of a computer ~~associated with said display device~~ based upon the measurement.

**Claim 18 (currently amended):** The method of claim 17, wherein providing a level of use of a computer ~~associated with said display device~~ further comprises:

comparing the measurement to at least one historical measurement;

if said measurement corresponds to said historical measurement, allowing use of said computer; and

denying use of said computer if said measurement fails to correspond to said historical measurement.

**Claim 19 (previously presented):** The method of claim 18, wherein said historical measurement is associated with a predetermined level of use of a computer ~~connected to said display device~~.

**Claim 20 (previously presented):** The method of claim 19, further comprising processing said measurement periodically to determine the level of use of said computer ~~connected to said display device~~.

## REMARKS

The office action issued by the Examiner and the citations referred to in the Office Action have been carefully considered.

### Claim Rejections - 35 USC § 112

Claims 7-10 and 17-20 are rejected under 35 USC § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicants regards as the invention. As a preliminary matter, the applicants respectfully note that Claim 8 does not contain the term "the level of use."

The Examiner states that it is not clear what is meant by the term "the level of use." The examiner further opines that the "level of use" may "mean and appears to mean how often a computer is accessed and used by a specific user as in a time period, i.e. 4 hours." The applicants respectfully disagree and direct the Examiner's attention to Paragraph 6 of the specification, which states that:

> "the measurement relating to the surface of the object may determine a level of use of the display device or a computer connected to the display device or any other device connected to the display device."

Thus, it is clear that the term "level of use" refers to the level of access determined based on a measurement "relating to the surface of the object." Furthermore, the applicants respectfully disagree with the Examiner's statement that "the specification equates the level of use to a 'historical object." No reference to a specific paragraph is made in the Office Action to support the foregoing Examiner's statement. Thus, the applicants are not in a position to address any specific portion of the specification that caused the Examiner to equate "a historical object" with "the level of use."

The Examiner questions: "What is a historical object? Is it usage data? Is it stored image data which have been previously scanned and then stored in a library? Both? The specification is not very clear in that it does not convey the true scope of applicant's invention."

The applicants respectfully disagree. Paragraph 27 of the specification distinctly describes what "a historical object" is:

> "If the measurement of subsequent operation corresponds to the measurement of the historical operation, then the object 111 is identified as the historical object."

It appears as though based on the above misunderstanding of the specification terms, the Examiner concluded that "For the purposes of examination, any prior art which grants or authorizes access based on optical bio metric identification or verification will be deemed to read on applicant's claimed invention." It is assumed that the Examiner uses the phrase "read on applicant's invention" to state that referenced prior art discloses the applicant's claimed invention, thereby anticipating it within the meaning of 35 USC § 102. The applicants respectfully disagree with the Examiner's position that any prior art "which grants or authorizes access based on optical bio metric identification or verification" renders the applicants' pending claims from unpatentable.

**Claim Rejections - 35 USC § 102**

Claims 1-3 and 11-13 are rejected under 35 U.S.C. 102(e) as being anticipated by Shpunt et al. (2008/0106746 A1).

The Examiner states that Shpunt discloses that "the display device 26 provides a position and orientation (3D mapping) for the object 28 to assume with respect to the at least one detection device 32." To support that statement, the Examiner relies on Paragraphs [0055] - [0056] of the Shpunt reference. Applicants respectfully disagree. Neither the referenced paragraphs, no the balance of the Shpunt reference teaches a system, "wherein the display device provides a position and orientation for the object to take with respect to the at least one detection device." In fact, Shpunt teaches away from the applicants' invention when it requires that the distance between the object and the imaging device be calculated. [0054] Thus, having cancelled Claims 2 and 12, the applicants believe that Shpunt does not anticipate the applicants' invention, as claimed in the currently amended claims.

With regard to Claims 3 and 13, the Examiner further states that Shpunt describes "the light source 22 and detector 22 are integrated within the device (Fig. 1) [0058]." As a preliminary matter, it is not clear what the two references "22" are intended to convey in the Examiner's statement. Shpunt describes 22 as an "imaging device" [0049]. In addition, Fig. 1 referenced by the Examiner shows only that the imaging device may combine the illumination source and the detector, i.e. that the illumination source and detector may be integrated. However, unlike the applicants' invention, it does not teach that "at least one projection device and at least one detection device are integrated with the display device." Fig. 1 of the Shpunt reference only shows that the imaging device may be placed on top of the display device. While Shpunt discuss the relative positions of the illumination source and detector in [0058], it does not teach that at least one projection device and at least one detection device are integrated with the display device, and it does not teach fixing the relevant positions of the at least one projection device, at least one detection device and the display device. Thus, Shpunt does not anticipate the applicants' invention, as claimed in the currently amended claims.

**Claim Rejections - 35 USC § 103**

Claims 4-6 and are rejected under 35 U.S.C. 103(a) as being unpatentable over Shpunt. Applicants respectfully traverse this rejection and reconsideration is requested in view of the above claim amendments and based on the following remarks.

Claims 4-6, as currently amended, depend from the currently amended Claims 1. As discussed above, Shpunt fails to teach the system of Claim 1. Thus, also as respectfully stated above, Claim 1 is not anticipated by Shpunt, and, therefore, is not unpatentable. Inasmuch as Claim 4-6 depend from the patentable independent claim and inasmuch as Shpunt fails to teach the systems of Claims 4-6 (as amended), Claims 4-6 are not unpatentable over Shpunt under 35 U.S.C. §103.

With regard to Claims 14-16, they have been amended to depend from the currently amended Claim 11 and, thus, are believed to be not unpatentable in view of Shpunt.

Claims 7-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Shpunt in view of Albertson et al. (2008/0172261 Al, hereinafter Albertson) and Solem et al. (2006/0039600 Al, hereinafter Solem).

Claims 7-10, as currently amended, depend from the currently amended Claim 1, which, as discussed above, is believed to be patentable. Thus, Claims 7-10 are accordingly not unpatentable in light of Shpunt in view of Albertson and Solem. Similarly, Claims 17-20, as currently amended, depend from the currently amended Claim 11, which, as discussed above is believe to be patentable. Thus, Claims 17-20 are accordingly not unpatentable in light of Shpunt in view of Albertson and Solem.

**Conclusion**

In each case, the pending rejections should be reconsidered in view of the amendments and remarks herein. Applicants believe that this case is in good condition for allowance, and a Notice of Allowance is earnestly solicited. If a telephone or further personal conference would be helpful, the Examiner is invited to call the undersigned, who will cooperate in any appropriate manner to advance prosecution. The Commissioner is directed and authorized to charge all additional required fees, except for the Issue Fee and the Publication Fee, to **Deposit Account Number 50-2638**. Please also credit any overpayments to said Deposit Account. Please ensure that Attorney Docket Number 104098-010400 is referred to when charging any payments or credits for this case.

Respectfully submitted,

Date: June 26, 2012

/allan litovsky/
Allan Litovsky
Reg. No. 40,249

Customer Number 33717
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Phone: (312) 456-8400
Fax: (312) 456-8435
E-mail: laipmail@gtlaw.com
*OC 286939876v1*