# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ARTEC EUROPE S.À.R.L.,

Plaintiff,

v.

SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD. and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,

Defendants.

**Case No. 1:22-1676 (OEM)(VMS)**

**ARTEC EUROPE S.À.R.L.'S DISCLOSURE OF ASSERTED CLAIMS AND INITIAL INFRINGEMENT CONTENTIONS**

Plaintiff Artec Europe S.À.R.L. ("Artec") provides the following Initial Infringement Contentions pursuant to Local Patent Rule 6.

## I. Initial Identification of Accused Products

Artec contends that Defendant Shenzhen Creality 3D Technology Co. Ltd. ("Creality") directly infringes one or more claims of U.S. Patent Nos. 7,768,656 (the "'656 Patent"), U.S. Patent 8,488,129 (the "'129 Patent"), and U.S. Patent 10,962,357 (the "'357 Patent") (together the "Asserted Patents") under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States the following products and any Creality product that includes similar technology (the "Creality Accused Products") with Creality's CR Studio or CR Studio 2 software suite or any similar software program:

- Creality CR-Scan 01
- Creality CR-Scan Lizard

Artec further contends that Defendant Shenzhen Jimuyida Technology Co. Ltd. ("Jimuyida") directly infringes one or more claims of the '656 Patent, '129 Patent, and '357 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the

United States the following products and any Jimuyida product that includes similar technology (the "Jimuyida Accused Products") with Jimuyida's JMStudio software suite or any similar software program:

- 3DMakerPro Magic Swift Plus
- 3DMakerPro Whale
- 3DMakerPro Mole
- 3DMakerPro Lynx

Alternatively, Defendants Creality and Jimuyida (collectively "Defendants") directly infringes one or more claims of the Asserted Patents by making, using, offering to sell, selling, and/or importing into the United States the Creality Accused Products and Jimuyida Accused Products (together the "Accused Products") and by directing and/or controlling users of the Accused Products by conditioning their use of the Accused Products on the users' downloading, installing, and/or utilizing Creality's CR Studio, Creality's CR Studio 2, or Jimuyida's JMStudio software suite or another similar computer-based software program (the "Accused Software").

Defendants also indirectly infringe the Asserted Patents by actively inducing the direct infringement by its customers under 35 U.S.C. § 271(b). Creality has possessed knowledge that its activities concerning the Accused Products infringe one or more claims of the '656 Patent at least since the filing of this lawsuit. Jimuyida has possessed knowledge that its activities concerning the Accused Products infringe one or more claims of the '656 Patent at least since the filing of the First Amended Complaint. Defendants have possessed knowledge that their activities concerning the Accused Products infringe one or more claims of the '129 and '357 Patents at least since the filing of the Second Amended Complaint.

On information and belief, Defendants encourage, aid, or otherwise cause their customers to use the Accused Products with the Accused Software (which are acts of direct infringement of the '656 Patent), and Defendants encourage those acts with the specific intent to infringe one or

more claims of the Asserted Patents Patent. For example, Defendants provides the Accused Software and/or provide other information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and/or website materials encouraging their customers to purchase and instructing them to use the Accused Products. Alternatively, Defendants knew or should have known that there was a high probability that the import, sale, offer for sale, and use of the Accused Products with the Accused Software would constitute direct infringement of the Asserted Patents but took deliberate actions to avoid learning of these facts.

Defendants also indirectly infringe the Asserted Patents by contributing to the direct infringement by their customers under 35 U.S.C. § 271(c). Creality has possessed knowledge that its activities concerning the Accused Products infringe one or more claims of the '656 Patent at least since the filing of this lawsuit. Jimuyida has possessed knowledge that its activities concerning the Accused Products infringe one or more claims of the '656 Patent at least since the filing of the First Amended Complaint. Defendants have possessed knowledge that their activities concerning the Accused Products infringe one or more claims of the '129 and '357 Patents at least since the filing of the Second Amended Complaint.

On information and belief, Defendants specifically designed and configured the Accused Products to be used with the Accused Software to directly infringe one or more claims of the '656 Patent. Moreover, on information and belief, Defendants customers have used the Accused Products to directly infringe one or more claims of the Asserted Patents as a result of Defendants providing the Accused Software and/or providing other information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and/or website materials. On information and belief, Defendants' Accused Products are not staple articles or commodities of commerce suitable for any substantial non-infringing use. Further, Defendants'

Accused Products constitute a material part of the inventions claimed in one or more claims of the Asserted Patents.

## II. Initial Identification of Asserted Patent Claims

At least the following claims are asserted as directly and/or indirectly infringed by the Accused Products:

| Patent | Claims |
|---|---|
| '656 Patent | 1–4, 6–15, and 17–22 |
| '129 Patent | 1, 3–5, 10, 12, and 13 |
| '357 Patent | 11–14 and 17 |

Artec currently asserts literal infringement to establish the presence of each claim limitation, but Artec reserves the right to assert infringement under the doctrine of equivalents as additional technical information becomes available in discovery, based on claim construction, or based on other developments in the litigation.

## III. Infringement Charts for Each Accused Product

Artec provides the attached claim charts (Exhibits A–R), which outline Artec's contentions as to infringement by Defendants. A description of Exhibits A–R is set forth below:

| Exhibit No. | Title of Exhibit |
|---|---|
| Exhibit A | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Creality's CR-Scan 01 Device and CR Studio Software |
| Exhibit B | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Creality's CR-Scan Lizard Device and CR Studio Software |
| Exhibit C | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Jimuyida's Magic Swift Plus Device and JMStudio Software |
| Exhibit D | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Jimuyida's Whale Device and JMStudio Software |
| Exhibit E | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Jimuyida's Mole Device and JMStudio Software |

| Exhibit No. | Title of Exhibit |
|---|---|
| Exhibit F | Artec's U.S. Patent No. 7,768,656 Infringement Chart Directed to Jimuyida's Lynx Device and JMStudio Software |
| Exhibit G | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Creality's CR-Scan 01 Device and CR Studio Software |
| Exhibit H | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Creality's CR-Scan Lizard Device and CR Studio Software |
| Exhibit I | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Jimuyida's Magic Swift Plus Device and JMStudio Software |
| Exhibit J | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Jimuyida's Whale Device and JMStudio Software |
| Exhibit K | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Jimuyida's Mole Device and JMStudio Software |
| Exhibit L | Artec's U.S. Patent No. 8,488,129 Infringement Chart Directed to Jimuyida's Lynx Device and JMStudio Software |
| Exhibit M | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Creality's CR-Scan 01 Device and CR Studio Software |
| Exhibit N | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Creality's CR-Scan Lizard Device and CR Studio Software |
| Exhibit O | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Jimuyida's Magic Swift Plus Device and JMStudio Software |
| Exhibit P | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Jimuyida's Whale Device and JMStudio Software |
| Exhibit Q | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Jimuyida's Mole Device and JMStudio Software |
| Exhibit R | Artec's U.S. Patent No. 10,962,357 Infringement Chart Directed to Jimuyida's Lynx Device and JMStudio Software |

The attached claim charts (Exhibits A through R) are based on the information currently available to Artec. Artec reserves the right to amend, supplement, or otherwise modify this disclosure as additional technical information becomes available in discovery, based on claim construction, and/or based on other developments in the litigation. Additionally, references to Defendants' source code in the claim charts are for the purpose of providing additional evidence of Defendants' infringement. The references to Defendants' source code are not an exhaustive list of files used to implement the accused functionality. Moreover, to the extent that Defendants have

products in development that operate in a manner similar to the products identified above, Artec anticipates supplementing this list with such products in development as information about them is made available to Artec through discovery.

These claim charts include illustrative supporting evidence that was obtained from product testing, publicly available sources, and source code review conducted at Defendants' counsel's New York Office on multiple occasions. The evidence included is merely exemplary, providing Defendants with notice of where each element of the claims may be found in the Accused Products, along with notice of how the Accused Products infringe the asserted claims. Artec reserves the right to rely on additional evidence in support of its contentions. Without limitation, such additional evidence may include documents, things, and the results of an inspection, all reflecting detailed components, operability, and determination of the full scope of functionality for the Accused Products to confirm infringement of the asserted claims.

September 22, 2023

Respectfully submitted,

*/s/ Richard de Bodo*
Richard de Bodo (*pro hac vice*)
CA State Bar No. 128199
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 855-3311
rdebodo@munckwilson.com

*Attorneys for Plaintiff Artec Europe S.à.r.l.*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served via email to counsel of record in accordance with the Federal Rules of Civil Procedure.

Dated: September 22, 2023

*/s/ Richard de Bodo*
Richard de Bodo