# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTEC EUROPE S.À.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD. and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | **Case No. 1:22-1676 (OEM)(VMS)** |

**EXPERT REPORT OF IMAN SADEGHI, PH.D.**

QUANDARY PEAK RESEARCH

205 S Broadway, #300
Los Angeles, CA 90012
www.quandarypeak.com

## 1. INTRODUCTION AND SCOPE OF ENGAGEMENT

1. I, Iman Sadeghi, Ph.D., have been retained as an expert witness in computer science in the matter of *Artec Europe S.A.R.L. v. Shenzhen Creality 3D Technology Co. Ltd.* by Plaintiff Artec Europe S.A.R.L. ("Artec") to provide technical analysis and opinions related to United States Patent Nos. 7,768,656 ("the '656 Patent"), 8,488,129 ("the '129 Patent"), and 10,962,357 ("the '357 Patent") (collectively, the "Asserted Patents") and the infringement of certain claims in these patents (the "Asserted Claims" as specified in Section 6 below) by products CR-Scan 01, CR-Scan Lizard, Magic Swift Plus, Whale, Mole, Lynx, Seal, Seal Lite, Moose, and Moose Lite (collectively, the "Accused Products") manufactured by Defendant Shenzhen Creality 3D Technology Co. Ltd. and Defendant Shenzhen Jimuyida Technology Co., Ltd. (collectively "Defendants").

2. As detailed in this technical report, I have inspected and analyzed the software code produced by Defendants for this litigation. This includes software code utilized by the Accused Products, specifically the CR Studio and JM Studio software (collectively "CR/JM Studio"). I reserve the right to supplement my opinion in the event that additional source code related to the Accused Products is produced.

3. I submit this technical report as a statement of the opinions I have formed and the factual basis for those opinions. I am prepared to testify as to the matters discussed herein.

QUANDARY PEAK RESEARCH

205 S Broadway, #300
Los Angeles, CA 90012
www.quandarypeak.com

351. The opinions expressed herein state that the Accused Products literally meet each element of the Asserted Claims. I reserve the right to opine that the Accused Products also meet each of the claim limitations under the doctrine of equivalents.

352. I may be asked to provide additional analysis and opinions in rebuttal to any response provided by Defendants and their experts including any non-infringement contentions or invalidity contentions as well as addressing secondary considerations, in the event Defendants argue that any of the claims of the Asserted Patents are obvious over prior art.

353. I may prepare additional demonstrative exhibits if called to testify at trial.

## 13. CONCLUSION

354. Based on my thorough review and analysis of the Asserted Patents, Asserted Claims, Accused Products, CR/JM Studio Software, the produced source code, the expert report of Dave Aikens, and other relevant materials including the manuals and documentation of the Accused Products, I am of the opinion that the Accused Products fulfill each element of the Asserted Claims, as detailed in this report.

Respectfully submitted,

Dr. Iman Sadeghi

Dated April 7, 2025