# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br><br>[PROPOSED] JOINT PRETRIAL ORDER<br><br>Jury Trial Demanded |

Pursuant to Section V.B of the Individual Practices and Rules of the Honorable Orelia E. Merchant and the Court's Scheduling Order entered April 28, 2026 (ECF No. 182), the parties respectfully submit this proposed Joint Pretrial Order.

**(a) Caption**

The full caption of this action is set forth above. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

**(b) Parties and Trial Counsel**

**Plaintiff.** Artec Europe S.à r.l. ("Artec").

**Counsel for Plaintiff Artec Europe S.à r.l.:**

Richard de Bodo

BARTON LLP

100 Wilshire Boulevard

Suite 1300

Santa Monica, CA 90401

### (d) Summary of Claims and Defenses Remaining to Be Tried

**Plaintiff's claims.** Artec asserts the following claims, which remain to be tried following the Court's Memorandum and Order on summary judgment and Daubert motions (ECF No. 180, Apr. 19, 2026):

**1. Direct infringement of the '656 Patent (35 U.S.C. § 271(a)).** Artec asserts that the Accused Products literally infringe the asserted claims of U.S. Patent No. 7,768,656. To prove literal infringement, Artec must establish that each accused product embodies every limitation of an asserted claim, as those claims were construed by the Court (ECF No. 129; ECF No. 180). The Court denied summary judgment of non-infringement of the '656 Patent (ECF No. 180 at 16).

**2. Direct infringement of the '129 Patent (35 U.S.C. § 271(a)).** Artec asserts that the Accused Products literally infringe the asserted claims of U.S. Patent No. 8,488,129. The Court denied summary judgment of non-infringement of the '129 Patent (ECF No. 180 at 21).

**3. Infringement of the '357 Patent under the doctrine of equivalents (35 U.S.C. § 271(a)).** Artec asserts that the Accused Products infringe claims 11–15 and 17 of U.S. Patent No. 10,962,357 under the doctrine of equivalents, in that any element not literally present is satisfied by an equivalent that performs substantially the same function in substantially the same way to achieve substantially the same result, with only insubstantial differences. The Court granted summary judgment of no *literal* infringement of the '357 Patent and expressly left the doctrine-of-equivalents theory for trial (ECF No. 180 at 26, 35 & n.6).

**4. Indirect infringement (35 U.S.C. § 271(b), (c)).** Artec asserts that Defendants induced and contributed to infringement of the Asserted Patents by, among other things, supplying the Accused Products and accompanying software (CR Studio and JM Studio) and instructing customers to use them in an infringing manner, with knowledge of the Asserted Patents.