# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br><br>[PROPOSED] JOINT PRETRIAL ORDER<br><br>Jury Trial Demanded |

Pursuant to Section V.B of the Individual Practices and Rules of the Honorable Orelia E. Merchant and the Court's Scheduling Order entered April 28, 2026 (ECF No. 182), the parties respectfully submit this proposed Joint Pretrial Order.

**(a) Caption**

The full caption of this action is set forth above. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

**(b) Parties and Trial Counsel**

**Plaintiff.** Artec Europe S.à r.l. ("Artec").

**Counsel for Plaintiff Artec Europe S.à r.l.:**

Richard de Bodo
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401
Telephone: 212-687-6262
Direct Dial: 424-850-8799
rdebodo@bartonesq.com

demonstration of the CR-Scan 01 and CR-Scan Lizard scanners and its distribution of the CR Studio software; Jimuyida is accused of direct infringement through, among other acts, its design and manufacture of the CR-Scan 01 and CR-Scan Lizard scanners supplied to Creality and its importation, offers for sale, sales, use, and demonstration of its 3DMakerPro-branded scanners and distribution of the JM Studio software. The Court construed the ’656 “virtual lines” limitations as defined algorithmically in software, denied summary judgment of non-infringement of the ’656 Patent (ECF No. 180 at 16), and excluded the contrary defense expert opinions premised on physical lines on the slide (id. at 32–33).

**2. Direct infringement of the ’129 Patent (35 U.S.C. § 271(a)).** Artec asserts that each Defendant has directly and literally infringed, and continues to directly and literally infringe, claims 1, 3–5, 10, 12, and 13 of the ’129 Patent through the same acts with respect to the Accused Products, each of which provides the claimed display that provides a position and orientation for the object to take prior to capturing the at least one image. The Court denied summary judgment of non-infringement of the ’129 Patent (ECF No. 180 at 21).

**3. Infringement of the ’357 Patent under the doctrine of equivalents (35 U.S.C. § 271(a)).** Artec asserts that each Defendant has infringed, and continues to infringe, claims 11–15 and 17 of the ’357 Patent under the doctrine of equivalents, in that any claim element not literally present in the Accused Products is satisfied by an equivalent that performs substantially the same function in substantially the same way to achieve substantially the same result, with only insubstantial differences. The Court granted summary judgment of no literal infringement of the ’357 Patent but expressly preserved Artec’s doctrine-of-equivalents theory for trial (ECF No. 180 at 26, 35 & n.6).

Respectfully submitted,

/s/ Richard de Bodo
Richard de Bodo
BARTON LLP
rdebodo@bartonesq.com

Douglas G. Bridges
ADAMS IP, LLC
453 Dauphin Street
Mobile, AL 36602
Tel: (251) 206-0379
doug@adamsiplaw.com

*Counsel for Plaintiff*
*Artec Europe S.à r.l.*

**[/s/ ___________]**
Michael DeVincenzo
Charles Wizenfeld
KING & WOOD
600 Fifth Avenue, 27th Floor
New York, New York 10020
charles.wizenfeld@us.kingandwood.com

*Counsel for Defendants*
*Shenzhen Creality 3D Technology Co., Ltd.*
*and Shenzhen Jimuyida Technology Co., Ltd.*

SO ORDERED.

Dated: Brooklyn, New York

__________, 2026

______________________________

HON. ORELIA E. MERCHANT

UNITED STATES DISTRICT JUDGE