# EXHIBIT 7

**Wizenfeld, Charles (US)**

**From:** Doug Bridges <doug@adamsiplaw.com>
**Sent:** Tuesday, June 30, 2026 10:42 PM
**To:** Wizenfeld, Charles (US); rdebodo@bartonesq.com
**Cc:** Creality KWM
**Subject:** Re: [EXTERNAL] RE: [EXTERNAL] RE: [EXTERNAL] RE: [EXTERNAL] Artec v. Creality Pretrial Order

Charles,

The Court's order is expressly limited to "literal non-infringement" (ECF 180 at 26, 34); the Court expressly found that equivalents was pleaded (id. at 7 n.6; SAC ¶ 113); and the Court carried equivalents into its trial-setting directive (id. at 35). As the summary-judgment movants, Defendants bore the burden to negate equivalents if they wished to eliminate it, but they elected not to raise the issue. The determination of equivalents therefore remains for the jury.

[redacted]

Artec timely pleaded equivalents (see, e.g., Second Amended Complaint ¶ 113), the theory was preserved (ECF 180 at 7 n.6, 35), and Defendants chose not to challenge it on summary judgment. Defendants have Dr. Gortler's analysis of the same source code and operation, and the dispute concerns a single, already-developed limitation. Precluding equivalents now, by motion in limine or Rule 50, would resolve a fact question reserved for the jury and would penalize Artec for a gap created by Defendants' own briefing choice or failure.

Regards,
Douglas Bridges, Esq.