Brownstein

**Brownstein Hyatt Farber Schreck, LLP**
212.576.1211 main
75 Rockefeller Plaza, Suite 2600B
New York, NY 10019

August 28, 2026

Paul B. Keller
Attorney At Law
212.576.1213 direct
pkeller@bhfs.com

**VIA ECF**

Hon. Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Artec Europe S.À.R.L. v. Shenzhen Creality 3D Tech. Co., Ltd, et al.* Case No.: 1:22-01676
Motion for Leave to File Under Seal

Dear Judge Merchant:

We are counsel to Defendants Shenzhen Creality 3D Technology Co., Ltd. ("Creality") and Shenzhen Jimuyida Technology Co., Ltd. ("Jimuyida") (collectively, "Defendants").

Today, Defendants filed materials accompanying Defendants' Motion to Strike Plaintiff's Doctrine of Equivalent Theory as to U.S. Patent No.: 10,962,357 from the Joint Pretrial Order ("Motion"), pursuant to Paragraph III.G.1 of the Court's Individual Practices and Rules.

Pursuant to Section II.B of Your Honor's Individual Rules of Practice, Defendants move for an order sealing portions of Exhibit 7 to Defendants' Motion that discuss Defendants' computer source code.

**A. Legal Standard**

The Second Circuit has set out a three-step inquiry to evaluate sealing requests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). A court must (1) determine whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process," (2) determine the weight of the presumption in favor of public access, given "the role of the material at issue in the exercise of Article III judicial power," and (3) "balance competing considerations against [the presumption of public access]." *Id.* at 119–20 (citations omitted). A court's judgment as to the weight of the presumption "can be informed in part by tradition. Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Competing considerations justifying sealing of documents include "privacy interests." *Id.*

**B. Argument**

For purposes of this motion, Defendants assume that all documents at issue are "judicial documents" because they have been submitted to this Court to enable it to adjudicate the parties' dispute. *See Lugosch*, 435 F.3d at 126; Dawson *v. Merck & Co.*, No. 1:12-CV-1876 (BMC)(PK), 2021 WL 242148, at *4 (E.D.N.Y. Jan. 24, 2021).

Exhibit 7 is attached with proposed redactions highlighted. As the Court will readily verify, the redactions are narrowly tailored to only sealable material. Defendants do not seek to seal entire exhibit and will file all motion briefs with minimal redactions.

Defendants seek to redact information regarding Defendants' computer source code contained in Exhibit 7. The presumption of public access is limited for computer source code that is relied on by technical experts but does not play a direct role in the parties' arguments. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100(PKC), 2012 WL 3114855, at *15 (S.D.N.Y. July 31, 2012) ("[T]he weight given to the presumption of access is less … because the limited quantity of confidential information does not go to the heart of the judicial process.").

Defendants' privacy interests overcome this limited presumption of public access. Courts have recognized that source code "is often a company's most sensitive and most valuable property" and adopt "robust protections" for source code during the discovery process. *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016). Indeed, courts in this district regularly grant requests to seal documents containing similar information. *See, e.g., Avocent Redmond Corp.*, 2012 WL 3114855, at *16 (granting motion to seal documents including "confidential source code"); *Personalized Media Communications, LLC v. Netflix, Inc.*, No. 1:20-cv-03708, ECF No. 122 (S.D.N.Y. Nov. 19, 2020) (granting motion to seal documents including "source code [and] information about that code"); *Kewazinga Corp. v. Microsoft* Corp., No. 1:18-CV- 4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal documents including "confidential details about Microsoft's source code, including specific algorithms and the names of specific variables and functions in that source code").

The requested redactions are narrowly tailored, as Defendants only seek to redact the discussion of the functionality of Defendants' source code where they do not play a role in the disputes before the Court, while leaving unredacted the general descriptions and information that directly relates to the parties' arguments. *See Avocent Redmond Corp.*, 2012 WL 3114855, at *16 (finding that "[t]he presumption of access is overcome as to the narrowly-tailored confidential information at issue").

**C. Conclusion**

Because the risk of competitive harm greatly outweighs the minimal presumption of public access in this situation, Defendants respectfully asks the Court to grant their sealing motion.

Respectfully submitted,

/s/Paul B. Keller

Paul B. Keller

PK

cc: Counsel of Record