UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DOCTRINE OF EQUIVALENTS THEORY AS TO U.S. PATENT NO. 10,962,357 FROM THE JOINT PRETRIAL ORDER**

# TABLE OF CONTENTS


**I. PRELIMINARY STATEMENT** ........ 1

**II. BACKGROUND** ........ 4

**A. The ’357 Patent And The Single Limitation The Court Addressed.** ........ 4

**B. Artec Has Asserted Infringement Under The Doctrine of Equivalents Since 2023** ........ 4

**C. Defendants Did Not Move For Summary Judgment On The Doctrine Of Equivalents** ........ 5

**D. The Court Entered Judgment On Literal Non-Infringement Only And Preserved Equivalents For Trial** ........ 6

**E. Defendants Said Nothing To The Court For Nearly Four Months** ........ 6

**III. ARGUMENT** ........ 7

**A. The Court’s April 19, 2026 Order Resolved Literal Infringement Only And Expressly Left Equivalents for Trial** ........ 7

*1. The Order granted judgment on literal non-infringement of a single limitation, and nothing more* ........ 7

*2. Defendants’ assertion that the Order did not preserve equivalents is refuted by the Order and by the parties’ own conduct* ........ 7

*3. Defendants’ own concession forecloses their position* ........ 8

*4. Defendants’ only available remedy was reconsideration, and they failed to move* ........ 9

**B. The Motion Is Too Late For Summary Judgment And Too Early For Rule 50** ........ 9

*1. As a Rule 56 motion, it is untimely, successive, and was never properly noticed.* ........ 9

*2. As a Rule 50 motion, Defendants’ submission is premature by the Rule’s own terms.* 10

*3. Rule 16 and Rule 12(f) provide no alternative basis* ........ 11

*4. The motion duplicates relief Defendants previously reserved to address later and was unnecessary to file* ........ 11

**C. Artec Waived Nothing, Because No Rule Required It To Elect Between Literal Infringement And Equivalents In Its Contentions** ........ 12

*1. Local Patent Rule 6 requires two disclosures, and neither concerns equivalents* ........ 12

*2. Artec pleaded and preserved its doctrine of equivalents theory* ........ 12

**D. Defendants’ Authorities Do Not Support Striking A Pleaded Alternative Theory Before Trial** ........ 13

*1. The pretrial-order cases concern new claims and defenses* ........ 13

*2. Rockwell and Paone support Artec* ........ 14

*3. The contentions cases are also distinguishable* ........ 14

**E. If Defendants’ Motion Is Intended As A Request To Preclude Evidence, Rule**

**37(c)(1) Forecloses It.** .......... 15

**F. The Sufficiency Of Artec's Proof Under The Doctrine Of Equivalents Is A Question For Trial** .......... 16

1. *Each authority Defendants cite was decided after the evidence was in.* .......... 16
2. *The record is not what Defendants describe* .......... 17
3. *Defendants' account of the July 1 meet and confer is inaccurate and is not evidence.* 17

**IV. CONCLUSION** .......... 18

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Amgen Inc. v. F. Hoffmann-La Roche Ltd.*,
580 F.3d 1340 (Fed. Cir. 2009)....16
*AquaTex Industries, Inc. v. Techniche Solutions*,
479 F.3d 1320 (Fed. Cir. 2007)....17
*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....8
*Design Strategy, Inc. v. Davis*,
469 F.3d 284 (2d Cir. 2006)....15, 16
*Droplets, Inc. v. E*TRADE Financial Corp.*,
No. 12-CV-2326 (CM), 2015 WL 1062670 (S.D.N.Y. Mar. 9, 2015)....14
*Eastcott v. Hasselblad USA, Inc.*,
564 F. App'x 590 (Fed. Cir. 2014)....7
*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
442 F.3d 1301 (Fed. Cir. 2006)....8
*GeigTech E. Bay LLC v. Lutron Elecs. Co.*,
No. 18 Civ. 5290 (CM), 2023 WL 6614486 (S.D.N.Y. Sept. 20, 2023)....10
*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
339 U.S. 605 (1950)....11, 16
*NexStep, Inc. v. Comcast Cable Communications, LLC*,
119 F.4th 1355 (Fed. Cir. 2024)....16
*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)....13
*Paone v. Microsoft Corp.*,
881 F. Supp. 2d 386 (E.D.N.Y. 2012)....14
*Realtime Data, LLC v. Morgan Stanley*,
No. 11-CV-6696 (KBF), 2012 WL 3158196 (S.D.N.Y. Aug. 2, 2012)....15
*Rockwell Int'l Corp. v. United States*,
549 U.S. 457 (2007)....14
*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
118 F.3d 955 (2d Cir. 1997)....15
*Speedfit LLC v. Chapco Inc.*,
No. 2:15-CV-1323, 2020 WL 758824 (E.D.N.Y. Feb. 14, 2020)....14
*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
90 F.3d 1558 (Fed. Cir. 1996)....16
*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245 (2d Cir. 1992)....9
*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17 (1997)....7, 13, 16
*Wilson v. Muckala*,
303 F.3d 1207 (10th Cir. 2002)....13

*Statutes*

35 U.S.C. § 271(a) ........ 14

*Rules*

Fed. R. Civ. P. 50(a)(1) ........ 3, 10
Fed. R. Civ. P. 56(a) ........ 9
Fed. R. Civ. P. 56(f) ........ 2, 8

## I. PRELIMINARY STATEMENT

Defendants moved for summary judgment on a variety of non-infringement and invalidity issues, including literal infringement of U.S. Patent No. 10,962,357 (the ’357 Patent). They did not move for summary judgment of non-infringement of the ’357 Patent under the doctrine of equivalents. Defendants’ moving brief does not mention the doctrine. Neither does their reply. ECF Nos. 155, 156.

The Court then issued a thirty-five page Order. It “granted [Defendants] summary judgment on the literal non-infringement of the ’357 Patent[,] denied summary judgment as to all remaining claims,” and directed the parties to report the trial days needed for “the ’656 Patent, the ’129 Patent, and to the extent Plaintiff [Artec] asserts infringement under the doctrine of equivalents, the ’357 Patent.” ECF No. 180 at 35. The Court also recognized, at the outset of its infringement analysis, that Artec had alleged infringement of the ’357 Patent under the doctrine of equivalents in its Second Amended Complaint. *Id.* at 7 n.6 (citing SAC ¶¶ 87, 100, 113). The Court was therefore aware that Artec was pursuing infringement under the doctrine of equivalents, and it authorized Artec to present that theory at trial.

Defendants took no action in response to that ruling for nearly four months. They did not move for reconsideration. They did not ask the Court to clarify anything. They now ask this Court to strike the very theory the Order left for trial, and to declare that “the ’357 Patent is no longer at issue in this case.” Mem. at 8. The motion should be denied for at least four reasons.

*First*, the premise of the motion is wrong. The Court did not adjudicate infringement under the doctrine of equivalents, because Defendants never asked it to. It was Defendants’ burden, as the moving parties, to frame their own motion and to identify a basis for judgment on each theory of infringement they wished to eliminate. They raised no argument directed to equivalents

anywhere in their papers. Artec accordingly also had no occasion, and no obligation, to respond on that theory. The Court entered judgment on literal non-infringement only, denied summary judgment "as to all remaining claims," and carried a '357 Patent equivalents case into its trial-setting directive. Defendants are now seeking not a clarification of that Order but are improperly seeking a reversal of it.

*Second*, Defendants' own brief forecloses their position. Defendants assert, contrary to what actually occurred, that their "motion for summary judgment of no infringement was not limited to literal infringement," Mem. at 6, and that Defendants purportedly moved for judgment of "no infringement" "without distinguishing literal infringement versus the doctrine of equivalents," *id.* at 11 n.2. Even if this had occurred, which it did not, it would not help Defendants. If Defendants' motion had reached equivalents (which it did not), the Court denied it, and Defendants' only remedy was a timely motion for reconsideration, which they never filed. If Defendants' motion did not reach equivalents, then Defendants never identified any basis on which judgment on that theory could be entered, Artec was never required to respond to an argument that was never made, and the Court was not required to rule on a theory no party had put before it. Fed. R. Civ. P. 56(f). There is no other interpretation.

*Third*, Defendants' current motion to strike, which they improperly served contrary to the Federal Rules and this Court's Rules, is too late for summary judgment and too early for Rule 50. The relief Defendants request, namely an order barring any equivalents "theory, evidence, or argument" as to the '357 Patent and confirming that the patent "is no longer at issue," improperly seeks a judgment on a claim. Mem. at 8, 15. Defendants' supporting argument is that the record purportedly contains no evidence capable of sustaining the theory. Defendants appear to be proposing an additional but improper motion under Rule 56, made long after dispositive motion

practice closed, without any pre-motion conference or Local Civil Rule 56.1 statement as required by this Court's Rules, and without any leave for a successive motion. However, to the extent Defendants instead invoke Rule 50 by arguing that Artec's presentation "would not survive a Rule 50(a) motion at the close of Plaintiff's case," *id.* at 15, that rule by its terms operates only after "a party has been fully heard on an issue during a jury trial." Fed. R. Civ. P. 50(a)(1). Jury selection is set for January 11, 2027. There is no reason to accelerate a Rule 50 ruling by five months, and every reason not to: the sufficiency of Artec's proof can be measured only against the proof Artec actually puts in at trial. *See* Fed. R. Civ. P. 50(a)(1).

*Fourth*, Artec has not made any waiver. Defendants' waiver theory assumes that a patentee must state in its infringement contentions whether each limitation is met literally or by an equivalent. No rule of this District imposes that requirement. Local Patent Rule 6 requires a patentee to identify the asserted claims and the accused products, and nothing more. Other districts that require such an election say so explicitly. Artec pleaded infringement under the doctrine of equivalents in 2023, expressly reserved the theory in its contentions, and its expert devoted a section of his report to the doctrine of equivalents. Defendants have not identified any obligation Artec failed to meet.

Defendants' remaining argument, that Artec's proof is insufficient, is an argument for trial. Every authority Defendants cite was decided under Rule 50 after the evidence was in, or on a summary-judgment motion that squarely raised equivalents and gave the patentee an opportunity to respond. Defendants have themselves reserved this very question as their second motion in limine in the pretrial order they now move against, and that motion is not due for months. There is no reason to decide the question twice, and no reason to decide it now.

## II. BACKGROUND

### A. The '357 Patent And The Single Limitation The Court Addressed.

The '357 Patent addresses the handling of the large volumes of data generated during a three-dimensional scan. ECF No. 180 at 21. Claim 11, which the Court accepted as representative, recites scanning an object to generate first data; determining, for each of a plurality of portions of the surface, whether a quantity of the first data meets a predefined threshold; further scanning to generate second data; and "discarding at least a portion of the second data" corresponding to portions for which the threshold was met. '357 Patent at 23:25–51. Artec asserts claims 11–15 and 17.

Defendants advanced three non-infringement arguments as to the '357 Patent. The Court rejected two of them, holding that genuine disputes of material fact remain as to whether the Accused Products meet the "predefined threshold that corresponds to a quantity of data" and whether they apply that threshold for "each … portion of the surface." ECF No. 180 at 23–24. As to the third, the "discarding" step, the Court held that Artec's showing established the capability of the accused software rather than its actual operation. *Id.* at 25–26. The Court's ruling was therefore narrow: it held that one limitation of one claim was not literally infringed. It made no ruling of any kind about infringement under the doctrine of equivalents.

### B. Artec Has Asserted Infringement Under The Doctrine of Equivalents Since 2023.

Artec's assertion of the doctrine of equivalents is neither new nor a reaction to the Court's Order. The operative Second Amended Complaint, filed August 24, 2023, alleges that Defendants infringe the '357 Patent "either literally or under the doctrine of equivalents." ECF No. 106 ¶ 113.

Artec's infringement contentions, served September 22, 2023, expressly set forth its reservation of the doctrine of equivalents. Ex. 1 at 4.

Dr. Sadeghi's April 7, 2025 report contains a dedicated section, Section 4.2.1, captioned "Doctrine of Equivalents." It sets out the insubstantial-differences standard and the function-way-result test, addresses after-arising equivalents, and identifies the doctrine's limits, including prior-art ensnarement, prosecution history estoppel, and the all-elements rule. Sadeghi Rep. ¶¶ 39–42. The report goes on to analyze [redacted] *Id.* ¶¶ 300–323. Defendants' assertion that Artec failed to assert equivalents until 2026 is not accurate.

Following the Court's Order, Artec asserted the theory in the first pretrial submission in which the parties set out their respective claims and defenses for trial. Artec asserted infringement of the '357 Patent under the doctrine of equivalents in its June 23, 2026 initial contribution to the Joint Pretrial Order, Ex. 5 at 3; articulated the theory in writing to Defendants on June 30, 2026, Ex. 7; and included it in the proposed Joint Pretrial Order filed August 5, 2026, ECF No. 190.

**C. Defendants Did Not Move For Summary Judgment On The Doctrine Of Equivalents.**

Defendants captioned their motion as one for summary judgment of no infringement, and they now inaccurately claim that their motion purportedly "was not limited to literal infringement." Mem. at 6. Their papers say otherwise. Neither Defendants' moving brief nor their reply brief mentions the doctrine of equivalents. *See* ECF Nos. 155, 156. After reviewing the full briefing, the Court found as much: "[N]either party addresses the doctrine of equivalents in their summary judgment papers, see generally Mot.; Opp'n; Reply." ECF No. 180 at 7 n.6. Because Defendants

never raised the subject, Artec had no argument to answer. A non-movant is not required to brief a theory the movant has not challenged.

### D. The Court Entered Judgment On Literal Non-Infringement Only And Preserved Equivalents For Trial.

The Court's analysis concluded: "Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim of literal infringement of the '357 Patent." ECF No. 180 at 26. The Conclusion of the Order repeated that limitation and added the denial: "Defendants are granted summary judgment on the literal non-infringement of the '357 Patent and denied summary judgment as to all remaining claims." *Id.* at 35. The next sentence directed the parties to file a joint letter stating the days needed for trial on the '656 Patent, the '129 Patent, "and to the extent Plaintiff asserts infringement under the doctrine of equivalents, the '357 Patent," cross-referencing note 6. *Id.* The Court thus authorized Artec to try the '357 Patent under the doctrine of equivalents. A court that had extinguished a theory would not direct the parties to budget trial time for it.

### E. Defendants Said Nothing To The Court For Nearly Four Months.

Defendants did not move for reconsideration. They did not seek clarification. On April 27, 2026, the parties filed the joint letter the Court had ordered, stating the number of trial days each side would need. ECF No. 181. That letter says nothing about the '357 Patent or the doctrine of equivalents. In an email to Artec's counsel earlier the same day, however, Defendants' counsel stated that "Defendants submission is based on the infringement claims remaining with respect to the '656 Patent and the '129 Patent claims". This statement was a unilateral exclusion of the very patent the Court had just directed the parties to address. Ex. 4. Defendants never presented that position to the Court until the Joint Pretrial Order submission.

## III. ARGUMENT

### A. The Court's April 19, 2026 Order Resolved Literal Infringement Only And Expressly Left Equivalents for Trial.

#### 1. *The Order granted judgment on literal non-infringement of a single limitation, and nothing more.*

Literal infringement and infringement under the doctrine of equivalents are distinct theories requiring distinct proof, and a ruling on one does not dispose of the other. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21, 40 (1997); *Eastcott v. Hasselblad USA, Inc.*, 564 F. App'x 590, 594 (Fed. Cir. 2014) (cited at ECF No. 180 at 7). The Order observes that distinction at each point where it matters. It entered judgment on Artec's "claim of literal infringement" (at 26). It granted judgment on "literal non-infringement" while denying summary judgment "as to all remaining claims" (at 35). And it identified the doctrine of equivalents as a theory Artec had pleaded and was entitled to assert at trial (at 7 n.6, 35).

#### 2. *Defendants' assertion that the Order did not preserve equivalents is refuted by the Order and by the parties' own conduct.*

Defendants assert in a footnote that the Order did not "expressly preserve" a doctrine of equivalents theory. Mem. at 11 n.2. That assertion is not accurate, and the record refutes it.

The Order recognized at the outset of the infringement analysis that Artec had pleaded infringement of each Asserted Patent "literally or under the doctrine of equivalents," citing the operative complaint. ECF No. 180 at 7 n.6 (citing SAC ¶¶ 87, 100, 113). It granted judgment on literal non-infringement and denied summary judgment as to everything else. *Id.* at 35. It then directed the parties to budget trial days for the '357 Patent "to the extent Plaintiff asserts infringement under the doctrine of equivalents," and cross-referenced the footnote in which it had

identified that theory. *Id.* That condition has been satisfied: Artec is asserting infringement under the doctrine of equivalents, and it said so in Artec's June 23, 2026 initial pretrial submission, in correspondence to Defedants' counsel of June 30, 2026, and again in the proposed Joint Pretrial Order now before the Court. Ex. 5 at 3; Ex. 7; ECF No. 190. Defendants' reading negates portions of the Court's Order and ignores all these other submissions.

3. *Defendants' own concession forecloses their position.*

Defendants tell the Court that their summary-judgment motion "was not limited to literal infringement," Mem. at 6, and that they moved for judgment of "no infringement" "without distinguishing literal infringement versus the doctrine of equivalents," Mem. at 11 n.2. Taken at their word, Defendants sought judgment on every theory of infringement, including equivalents. The Court granted that motion in part and "denied summary judgment as to all remaining claims." ECF No. 180 at 35. Based on Defendants' own assertion, then, they lost on equivalents in April 2026.

The alternative account fares no better. A party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see also *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006). Defendants' motion never identified a basis on which judgment could be entered on the doctrine of equivalents. As a result, Artec was never required to come forward with evidence on that theory, and the Court was not required, and had no occasion, to rule on it. Fed. R. Civ. P. 56(f). Either way, Artec's equivalents theory survived.

*4. Defendants' only available remedy was reconsideration, and they failed to move.*

If Defendants believed the Order was ambiguous, or that it should have swept more broadly than its terms, Defendants were required to move for reconsideration within fourteen days. E.D.N.Y. Local Civil Rule 6.3. They failed to do so. Having let that period lapse and said nothing to the Court for nearly four months, Defendants now ask the Court to reach the same result under Rule 16. That is a motion for reconsideration by another name, made months out of time. "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The Court should deny Defendants' motion on that basis alone.

**B. The Motion Is Too Late For Summary Judgment And Too Early For Rule 50.**

*1. As a Rule 56 motion, it is untimely, successive, and was never properly noticed.*

Defendants ask the Court to strike Artec's theory from the pretrial order, to bar any equivalents "theory, evidence, or argument relating to the '357 Patent" at trial, and to enter an order "clarifying" that the '357 Patent "is no longer at issue in this case." Mem. at 8, 15 (quoting Defendants' requested relief). Their argument in support, set out under a heading of their own, is that Artec cannot prove infringement under the doctrine of equivalents without particularized expert testimony and that no such testimony exists. Mem. at 12. Relief that terminates a claim because the evidence is said to be insufficient is in fact a summary judgment motion, regardless of the caption on the notice of motion. Fed. R. Civ. P. 56(a).

Understood as a summary-judgment motion, the application fails at the threshold for three reasons, and none of them can be cured by refiling at this stage. First, dispositive motion practice in this case is closed. The parties' motions were filed on September 26, 2025 and decided on April 19, 2026, and the Court's April 28, 2026 scheduling order set the case for trial rather than reopening summary judgment. ECF No. 182. Defendants have not sought leave to file out of time. Second, a successive summary-judgment motion resting on no new facts is disfavored. See *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, No. 18 Civ. 5290 (CM), 2023 WL 6614486 (S.D.N.Y. Sept. 20, 2023). Defendants have not sought leave for one. Third, Defendants failed to follow the procedure this Court expressly requires. Section III.B.1(a) of the Individual Practices and Rules provides that a pre-motion conference "must be requested before making" "any motion pursuant to Fed. R. Civ. P. 12 or 56," and Section III.C.1 provides that such a request "must be accompanied by a statement pursuant to Local Civil Rule 56.1," with fifteen business days for the non-moving party to respond. Defendants did not request a conference and never served a Rule 56.1 Statement. As a result, Artec has been deprived of the opportunity to controvert Defendants' factual assertions in the manner the Rules require.

*2. As a Rule 50 motion, Defendants' submission is premature by the Rule's own terms.*

Defendants' brief also purports to frame the dispute as a Rule 50 question, arguing that Artec's intended presentation "would not survive a Rule 50(a) motion at the close of Plaintiff's case." Mem. at 15. By its plain terms, this argument is premature. Rule 50(a) authorizes judgment only where "a party has been fully heard on an issue during a jury trial." Fed. R. Civ. P. 50(a)(1). Jury selection is set for January 11, 2027. This Court's Rules draw the same line, providing that pre-motion conference letters are required for motions under Rules 12 and 56 but "are not required

for motions pursuant to Fed. R. Civ. P. 50, 59 and 60." Individual Rules § III.B.9. A Rule 50 argument advanced five months before jury selection cannot be considered now, and it should be rejected on that basis. Equivalence is a question of fact, *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609–10 (1950), and the sufficiency of Artec's proof can be measured only against the proof Artec actually offers at trial.

*3. Rule 16 and Rule 12(f) provide no alternative basis.*

Rule 16 governs the management of the case and the formulation of the issues for trial. It is not a vehicle for weighing evidence or for entering judgment on a claim, and Defendants cite no decision using it that way. Their Rule 16 authorities address something different: the addition of unpleaded claims and defenses to a pretrial order. Rule 12(f) is also equally unavailing, because it permits a court to strike matter only from "a pleading," and a proposed joint pretrial order is not a pleading within Rule 7(a). Defendants have identified no rule that authorizes the relief they seek at this stage of the case.

*4. The motion duplicates relief Defendants previously reserved to address later and was unnecessary to file.*

In the same pretrial order Defendants ask the Court to edit, they listed as their second motion in limine a "[m]otion in limine to preclude Plaintiff from presenting any theory of infringement based on the doctrine of equivalents that was not particularly disclosed during fact or expert discovery." ECF No. 190 at 36. Under Section V.D.1 of the Individual Rules, motions in limine are to be filed at least thirty days before the commencement of jury selection. Defendants offer no reason why the Court should resolve this same question now, months before the issue would be timely under the Court's schedule and on a briefing schedule Defendants set for themselves.

### C. Artec Waived Nothing, Because No Rule Required It To Elect Between Literal Infringement And Equivalents In Its Contentions.

#### *1. Local Patent Rule 6 requires two disclosures, and neither concerns equivalents.*

Defendants' waiver theory rests entirely on a misreading of Local Patent Rule 6. Local Patent Rule 6 requires a party claiming infringement to serve a disclosure "which identifies for each opposing party, each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim." Rule 6 does not require a claim chart, a limitation-by-limitation analysis, or a statement of whether any limitation is alleged to be met literally or by an equivalent. Nothing in Local Patent Rules 1 through 12 mentions the doctrine of equivalents at all. Thus when the Local Patent Rules are read properly, Artec has plainly not waived doctrine of equivalents.

#### *2. Artec pleaded and preserved its doctrine of equivalents theory.*

Artec expressly pleaded infringement of the '357 Patent "either literally or under the doctrine of equivalents." ECF No. 106 ¶ 113. The Court recognized and cited that allegation in its summary judgment decision. ECF No. 180 at 7 n.6. Artec's contentions also expressly set forth its reservation of the doctrine of equivalents. Ex. 1 at 4. And as noted above, Dr. Sadeghi devoted a section of his expert report to the doctrine of equivalents. Sadeghi Rep. ¶¶ 39–42.

The theory Artec advances is also not new in substance. It is directed to a single limitation, the "discarding" step of claim 11, on which the parties took extensive discovery and on which both experts opined. Dr. Sadeghi analyzed [redacted], Sadeghi Rep. ¶¶ 300–323. Artec is not asserting a new claim, a new patent, or a new accused product. It is asserting the same claim of infringement it has always asserted, against the same

products, on the same discovery record, and it seeks to prove one element of that claim by equivalents rather than literally. Nothing about that presentation should be a surprise to Defendants.

The timing of Artec's assertion is a product of the Court's ruling, not of any tactical delay or lack of diligence. Until April 19, 2026, no limitation of the '357 Patent had been resolved against Artec. It was the Order that identified the "discarding" step as the element the Court held to be missing literally, and it was the Order that directed the parties to address a '357 equivalents case in setting trial. Artec asserted the theory in its first pretrial submission thereafter. An intervening ruling is a paradigmatic occasion for a patentee to adjust its theory, subject to diligence. Cf. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359–61 (Fed. Cir. 2006).

**D. Defendants' Authorities Do Not Support Striking A Pleaded Alternative Theory Before Trial.**

*1. The pretrial-order cases concern new claims and defenses.*

Defendants string-cite five decisions for the proposition that courts refuse to permit parties to "inject new claims and defenses into a pretrial order." Mem. at 8–9. None of these is a patent case, and each involved a wholly new cause of action or affirmative defense completely different from the present situation: contractual indemnification in *Shafarman*, statute-of-frauds defenses in *Sound Video*, and comparable additions in *Missigman*, *Strauss*, and *Malarkey*. *Wilson v. Muckala*, 303 F.3d 1207 (10th Cir. 2002), is to the same effect and is out-of-circuit. Artec has not added any claim or cause of action. Infringement under the doctrine of equivalents is not a separate cause of action; it is an alternative means of proving the single claim of infringement under 35 U.S.C. § 271(a) that Artec has pleaded since 2023. *Warner-Jenkinson*, 520 U.S. at 21, 29.

2. *Rockwell and Paone support Artec.*

Defendants invoke *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007), for the proposition that the pretrial order supersedes the pleadings and controls the subsequent course of the action. Mem. at 8. That principle favors Artec's position. Artec's equivalents theory is reflected in the pretrial order. *Rockwell* counsels giving effect to what the pretrial order provides, not excising it.

*Paone v. Microsoft Corp.*, 881 F. Supp. 2d 386 (E.D.N.Y. 2012), likewise does not provide the support Defendants claim. In that case, Judge Spatt denied summary judgment on the doctrine of equivalents as to multiple limitations, rejected the argument that applying equivalents would vitiate a claim element, and, on the limitation as to which he granted judgment of no literal infringement, declined to extend that judgment to equivalents. That is the structure of the Order in this case, and it is the structure Artec asks the Court to preserve.

3. *The contentions cases are also distinguishable.*

*Speedfit LLC v. Chapco Inc.*, No. 2:15-CV-1323, 2020 WL 758824 (E.D.N.Y. Feb. 14, 2020), was decided on a motion for reconsideration, under the deferential standard that governs such motions, where the plaintiffs had "admit[ted]" omitting equivalents from their contentions and had "not once put forth a theory" of equivalents in nearly five years. More importantly, the summary-judgment order under reconsideration in *Speedfit* had previously resolved the equivalents question. The Order here did the opposite: it identified the doctrine of equivalents as a theory Artec had pleaded, entered judgment on literal non-infringement only, and directed the parties to prepare to try the issue.

*Droplets, Inc. v. E*TRADE Financial Corp.*, No. 12-CV-2326 (CM), 2015 WL 1062670 (S.D.N.Y. Mar. 9, 2015), turned on a stipulation. As the passage Defendants quote makes plain,

the court held that "*Droplets* agreed that the Court could resolve the issue of infringement without considering infringement by equivalents, and it is bound by that stipulation." Mem. at 10. Artec entered into no such stipulation in this case.

*Realtime Data* is distinguishable. There, the patentee attempted to assert infringement under the doctrine of equivalents approximately two and a half years into the litigation and after fact discovery had closed, despite local patent rules requiring earlier disclosure of that theory. *Realtime Data, LLC v. Morgan Stanley*, No. 11-CV-6696 (KBF), 2012 WL 3158196 (S.D.N.Y. Aug. 2, 2012). Here, by contrast, Artec pleaded infringement under the doctrine of equivalents, expressly preserved that theory in its infringement contentions, disclosed its theory before trial, and obtained an order stating that only literal infringement had been resolved on summary judgment. *Realtime Data* therefore does not support preclusion on the materially different record presented here.

### E. If Defendants' Motion Is Intended As A Request To Preclude Evidence, Rule 37(c)(1) Forecloses It.

To the extent Defendants are seeking to preclude evidence based on a purported failure to disclose, such a request must be analyzed under Federal Rule 37(c)(1) and is governed by the four factors the Second Circuit applies: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). Preclusion is discretionary and drastic; a court "does have discretion to impose other, less

drastic, sanctions." *Design Strategy*, 469 F.3d at 298. Defendants do not cite Rule 37, do not acknowledge the standard, and address none of the factors. Notably, each factor cuts against them.

As to the first factor, Artec was not required to elect between literal infringement and equivalents in its contentions, and it pleaded and reserved the theory in any event. The theory became material only when the Court identified the single limitation held not to be literally infringed and directed the parties to address equivalents in setting trial. As to the second, the importance of the theory is not in dispute: it is the entirety of the remaining '357 case. As to the third, Defendants assert that they "tailored their fact and expert discovery and summary judgment strategy to the theories Plaintiff actually disclosed," Mem. at 14, but they do not identify a single deposition they would purportedly have taken, any document they would purportedly have sought, or any opinion they would purportedly have developed. Nor could they. The dispute concerns one limitation of one claim, directed to source code Defendants produced and both experts examined. As to the fourth, jury selection is five months away and no continuance is necessary.

### F. The Sufficiency Of Artec's Proof Under The Doctrine Of Equivalents Is A Question For Trial.

#### *1. Each authority Defendants cite was decided after the evidence was in.*

Equivalence is a question of fact. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609–10 (1950); *Warner-Jenkinson*, 520 U.S. at 38–40. Defendants' authorities do not hold otherwise. They address when a factual record, once developed, fails as a matter of law. *NexStep, Inc. v. Comcast Cable Communications, LLC*, 119 F.4th 1355 (Fed. Cir. 2024), reviewed judgment as a matter of law entered after a jury verdict. *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996), reviewed judgment as a matter of law after a seventeen-day trial. *Amgen Inc. v. F. Hoffmann-La Roche Ltd.*, 580 F.3d 1340 (Fed. Cir. 2009),

reviewed renewed judgment as a matter of law after a verdict of infringement by equivalents. *AquaTex Industries, Inc. v. Techniche Solutions*, 479 F.3d 1320 (Fed. Cir. 2007), reviewed summary judgment on a motion that squarely raised equivalents, where the patentee had full notice and responded with attorney argument alone. Not one of these decisions permits a court to resolve equivalents before the patentee has had an opportunity to present its proof.

2. *The record is not what Defendants describe.*

Defendants tell the Court that Dr. Sadeghi's report is devoid of any treatment of the doctrine. It is not. Section 4.2.1 of the report is captioned "Doctrine of Equivalents" and sets out the insubstantial-differences standard, the function-way-result test, the treatment of after-arising equivalents, and the doctrine's limits. Sadeghi Rep. ¶¶ 39–42. Paragraphs 300 through 323 analyze [redacted]. Whether that disclosed analysis, developed through examination at trial, satisfies Artec's burden is a question the Court can and must answer on a trial record under Rule 50. It cannot be answered on the papers now, and Defendants' own framing concedes as much. Mem. at 15.

3. *Defendants' account of the July 1 meet and confer is inaccurate and is not evidence.*

Defendants assert no fewer than three times that "Plaintiff's counsel conceded" that Dr. Sadeghi "will not (and cannot)" testify to insubstantial differences or to the function-way-result test. Mem. at 1, 7, 13. The sole support offered for that assertion is Exhibit 2, an email in which Defendants' own counsel recorded his own self-serving account of a telephone call. In fact, no concession was made.

As set forth in the accompanying Declaration of Douglas L. Bridges, what Artec's counsel stated on the July 1, 2026 call was that Dr. Sadeghi would be able to testify at trial to the full extent that expert witnesses are permitted to testify within the confines of the Federal Rules of Civil Procedure. Bridges Decl. ¶ 4. Artec's counsel did not state, and Artec has never agreed, that Dr. Sadeghi will not or cannot offer testimony related to the insubstantial differences or on the function-way-result test, only that his testimony would be governed by what is in his report and deposition and the restrictions on what experts are allowed to testify about. *Id.* ¶ 5. Exhibit 2 is a self-serving, after-the-fact mischaracterization of that conversation, prepared by Defendants' counsel and reflecting Defendants' own interpretation of Dr. Sadeghi's expert report. *Id.* ¶ 6. It is not a stipulation, it was never adopted by Artec, and it is entitled to no weight.

Moreover, counsel's characterization of the scope of an expert's report at a meet and confer is not evidence, and it is not an evidentiary admission that forecloses the expert's trial testimony. Defendants cannot substitute their reading of Dr. Sadeghi's report, or their account of a telephone call, for the showing they must make to obtain judgment. Artec's position is the one set out above: the disclosed analysis addresses the accused mechanism, and the sufficiency of Artec's proof is properly a question for trial.

## IV. CONCLUSION

The Court granted summary judgment of no literal infringement of the '357 Patent, denied summary judgment as to all remaining claims, identified the doctrine of equivalents as a theory Artec had pleaded, and directed the parties to prepare to try a '357 equivalents case unless Artec decided not to pursue its doctrine of equivalents claim. As previously noted, Artec is continuing to assert its doctrine of equivalents claim relating to the '357 Patent. Defendants never moved for summary judgment on that theory, never sought reconsideration of the Court's Order, and said

nothing to the Court for nearly four months. They now ask the Court to undo the Court's Order and to use a rule that does not authorize the relief, after all applicable deadlines have passed. Artec respectfully requests that the Court deny Defendants' motion.

Dated: August 21, 2026

Respectfully submitted,
/s/ Richard de Bodo
Richard de Bodo
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401
Telephone: (424) 850-8799
rdebodo@bartonesq.com

Douglas L. Bridges
ADAMS IP, LLC
453 Dauphin Street
Mobile, Alabama 36602
Telephone: (251) 206-0379
doug@adamsiplaw.com

Counsel for Plaintiff
Artec Europe S.à r.l.