UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br>Plaintiff,<br>v.<br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br>Jury Trial Demanded |

**DECLARATION OF DOUGLAS L. BRIDGES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DOCTRINE OF EQUIVALENTS THEORY AS TO U.S. PATENT NO. 10,962,357**

I, Douglas L. Bridges, declare as follows:

1. I am an attorney at AdamsIP, LLC, and I am counsel of record for Plaintiff Artec Europe S.à r.l. ("Artec") in this action. I submit this declaration in opposition to Defendants' motion to strike Artec's doctrine of equivalents theory as to U.S. Patent No. 10,962,357 (the "'357 Patent") from the Joint Pretrial Order. I make this declaration based on my personal knowledge, and I am competent to testify to the matters stated below.

2. On July 1, 2026, counsel for the parties conferred by telephone in connection with the preparation of the Joint Pretrial Order. I participated in that call on behalf of Artec.

3. Among the subjects discussed on that call was Artec's assertion that the Accused Products infringe the asserted claims of the '357 Patent under the doctrine of equivalents, and the anticipated trial testimony of Artec's technical expert, Dr. Iman Sadeghi.

4. During that call, I stated that Dr. Sadeghi would be able to testify at trial to the full extent that expert witnesses are permitted to testify within the confines of the Federal Rules of Civil Procedure.

5. I did not state that Dr. Sadeghi will not, or cannot, offer testimony at trial bearing on whether any differences between the Accused Products and the asserted claims of the ’357 Patent are insubstantial, or bearing on the function-way-result test. I did not concede, and Artec has not agreed or stipulated, that Dr. Sadeghi is precluded from offering such testimony.

6. I have reviewed Exhibit 2 to the Declaration of Charles Wizenfeld, which is an email from Mr. Wizenfeld to me dated July 1, 2026. That email is Defendants’ counsel’s own after-the-fact characterization of the call. It reflects Defendants’ interpretation of the contents of Dr. Sadeghi’s expert report, and it does not accurately describe what I said. I did not agree to Mr. Wizenfeld’s characterization of the call, and Artec has never adopted it.

7. Artec has asserted that the Accused Products infringe the ’357 Patent under the doctrine of equivalents at each of the following points in this action, among others: in its operative Second Amended Complaint, ECF No. 106 ¶ 113; in Artec’s June 23, 2026 initial contributions to the Joint Pretrial Order; in my email to Defendants’ counsel of June 30, 2026, which set out the basis for the theory; and in the proposed Joint Pretrial Order filed August 5, 2026, ECF No. 190.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2026, at Mobile, Alabama.

/s/Douglas L. Bridges
Douglas L. Bridges