**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTEC EUROPE S.A.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No.: 1:22-cv-01676-OEM-CHK<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WILLFUL INFRINGEMENT THEORY AND REQUEST FOR ENHANCED DAMAGES FROM THE JOINT PRETRIAL ORDER**

# TABLE OF CONTENTS


**I. INTRODUCTION** ..... 1

**II. BACKGROUND** ..... 2

**A. Plaintiff Never Pled Willful Infringement or Sought Enhanced Damages** ..... 2

**B. Plaintiff Disclosed No Willfulness Theory During Discovery** ..... 2

**C. Plaintiff First Asserted Willfulness in the Joint Pretrial Order** ..... 3

**III. ARGUMENT** ..... 3

**A. The Court Has Authority Under Rule 16 to Strike a Newly Asserted Theory Improperly Included in the Pretrial Order** ..... 4

**B. Plaintiff Never Disclosed a Willfulness Theory During Discovery** ..... 5

**C. Allowing a Previously Unpled, Undisclosed Theory Would Prejudice Defendants and Waste Resources** ..... 6

**IV. CONCLUSION** ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,*
897 F.2d 508, 510–11 (Fed. Cir. 1990) .......... 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
579 U.S. 93 (2016) .......... 6, 7

*Malarkey v. Texaco, Inc.,*
No. 81 Civ. 5224, 1990 WL 241588 (S.D.N.Y. Dec. 28, 1990) .......... 4-5

*Missigman v. USI Ne., Inc.,*
131 F. Supp. 2d 495 (S.D.N.Y. 2001) .......... 4

*Paone v. Microsoft Corp.,*
881 F. Supp. 2d 386 (E.D.N.Y. 2012) .......... 5

*Rockwell Int'l Corp. v. United States,*
549 U.S. 457 (2007) .......... 4

*In re Seagate Tech., LLC,*
497 F.3d 1360 (Fed. Cir. 2007) .......... 5

*Shafarman v. Ryder Truck Rental, Inc.,*
No. 83 Civ. 3000, 1984 WL 904 (S.D.N.Y. Sept. 24, 1984) .......... 5

*Sound Video Unlimited, Inc. v. Video Shack Inc.,*
700 F. Supp. 127 (S.D.N.Y. 1988) .......... 5

*Speedfit LLC v. Chapco,*
2020 WL 758824 (E.D.N.Y.) .......... 5

*Strauss v. Credit Lyonnais, S.A.,*
379 F. Supp. 3d 148 (E.D.N.Y. 2019) .......... 4

*Wilson v. Muckala,*
303 F.3d 1207 (10th Cir. 2002) .......... 5

**Other Authorities**

35 U.S.C. § 284 .......... *passim*

Fed. R. Civ. P. 16 .......... 4, 5

Fed. R. Civ. P. 37 .......... 5

Fed. R. Civ. P. 50 .......... 6

## I. INTRODUCTION

Defendants Shenzhen Creality 3D Technology Co., Ltd. ("Creality") and Shenzhen Jimuyida Technology Co., Ltd. ("Jimuyida") (collectively, "Defendants") respectfully move to strike from the Joint Pretrial Order Plaintiff Artec Europe S.à.r.l.'s ( "Plaintiff") assertion that Defendants' infringement of each Asserted Patent was willful and that damages should be enhanced up to treble under 35 U.S.C. § 284. *See* "Joint Pretrial Order," ECF 190 at 9 (¶ 6), 10 (relief ¶ 2).

This motion presents a straightforward question: may a plaintiff wait until the eve of trial to introduce a willful infringement theory that was never pled, never disclosed during discovery, and never litigated during the four years of this case? The answer is no.

Plaintiff's operative complaint contains no willfulness allegations and no request for enhanced damages.[1] *See* "Second Amended Complaint," ECF 106. Plaintiff never identified willfulness in its interrogatory responses, expert reports, or other discovery disclosures. Instead, after discovery closed and the parties completed summary judgment proceedings, Plaintiff inserted for the first time allegations of willful infringement and a request for treble damages into the Joint Pretrial Order. ECF 190 at 9-10.

A pretrial order is intended to define the issues for trial, not expand them. It cannot be used to amend the pleading, introduce a new theory of liability, or seek new categories of relief after discovery has closed. Allowing Plaintiff to pursue willfulness now would unfairly prejudice Defendants, who were never afforded an opportunity to conduct discovery, develop defenses, retain expert opinions, or seek dispositive relief directed to that theory.

[1] Plaintiff's Original Complaint (ECF 1) and First Amended Complaint (ECF 79) similarly contain no assertion of willful infringement or request that the Court grant enhanced damages under 35 U.S.C. § 284.

Accordingly, the Court should strike Plaintiff's willful infringement allegations and request for enhanced damages from the Joint Pretrial Order.

## II. BACKGROUND

### A. Plaintiff Never Pled Willful Infringement or Sought Enhanced Damages

Plaintiff never pled a claim for willful infringement and never sought enhanced damages under 35 U.S.C. § 284. Neither the operative Second Amended Complaint nor any prior complaint alleges that Defendants willfully infringed the asserted patents or requests enhanced damages. *See* Second Amended Complaint, ECF 106.

Consistent with its pleadings, Plaintiff proceeded throughout this litigation without identifying willfulness as a claim or theory of recovery. The case was litigated through fact discovery, expert discovery, and summary judgment on that understanding.

### B. Plaintiff Disclosed No Willfulness Theory During Discovery

Plaintiff likewise never disclosed a willfulness theory during discovery. Its interrogatory responses identified no contention that Defendants acted willfully and sought no enhanced damages under § 284. Nor did Plaintiff's technical or damages experts offer any opinion regarding willfulness or enhanced damages.

The Joint Pretrial Order confirms as much. Plaintiff's descriptions of anticipated expert testimony contain no opinions concerning willful infringement or enhanced damages. *See* Joint Pretrial Order, ECF 190 at 22-23.

Likewise, Plaintiff never identified any fact witness as offering testimony in support of a willfulness claim. For example, Plaintiff's Initial Disclosures identified Mr. Hailong Tang as a witness with information concerning Creality's acquisition of technology and the design and development of the accused products. *See* Ex. A at 4. Plaintiff never disclosed that Mr. Tang would

purportedly provide testimony concerning willfulness or enhanced damages. Now, in the Joint Pretrial Order Plaintiff unveils for the first time that it intends to offer Mr. Tang to testify at trial on matters "relevant to willfulness and enhanced damages." Joint Pretrial Order, ECF 190 at 25.

Had Plaintiff disclosed a willfulness claim, Defendants would have pursued discovery directed to the factual and legal issues unique to such a claim, including knowledge of the asserted patents, subjective intent, alleged copying, investigation efforts, reliance on counsel, and other matters bearing on enhanced damages. No such discovery occurred because Plaintiff never placed willfulness at issue.

### C. Plaintiff First Asserted Willfulness in the Joint Pretrial Order

Willfulness surfaced for the first time after the close of discovery and completion of summary judgment proceedings. In the parties' proposed Joint Pretrial Order, filed on August 5, 2026, Plaintiff asserted that Defendants' alleged infringement was willful and sought enhanced damages under § 284. Joint Pretrial Order, ECF 190 at 9-10. Defendants promptly objected. The Joint Pretrial Order reflects Defendants' position that Plaintiff "did not plead or articulate a theory of willful infringement, and did not include a request for the relief of enhanced damages" in its complaints and that willfulness "was not properly pled in the operative complaints." ECF 190 at 18, 27. Defendants further reserved their right to seek exclusion of Plaintiff's "unpled and/or undisclosed theories." *Id*. at 11.

## III. ARGUMENT

This motion presents a narrow procedural question, not a merits dispute. The Court need not decide whether Plaintiff could prove willful infringement. The issue is whether Plaintiff may assert a willfulness theory and seek enhanced damages for the first time after discovery has closed and the case is headed to trial.

It may not. Plaintiff never pled willful infringement, never sought enhanced damages under 35 U.S.C. § 284, and never disclosed a willfulness contention during fact or expert discovery. Only after the close of discovery and the completion of summary judgment proceedings did Plaintiff insert willfulness and enhanced damages into the Joint Pretrial Order. Rule 16 does not permit a party to transform a case at the pretrial stage by adding a new theory that was never pled or litigated.

The prejudice to Defendants is obvious. Had Plaintiff timely disclosed a willfulness claim, Defendants would have pursued discovery concerning the issues uniquely relevant to enhanced damages, including knowledge of the asserted patents, subjective intent, investigation efforts, reliance on counsel, and other issues uniquely relevant to enhanced damages. Because Plaintiff never put those issues in play, no such discovery occurred. Plaintiff cannot now seek treble damages based on a theory it chose not to assert during the four years of litigation.

### A. The Court Has Authority Under Rule 16 to Strike a Newly Asserted Theory Improperly Included in the Pretrial Order

Rule 16 is designed to narrow and define the issues for trial, not expand them. A pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d)-(e). Although a final pretrial order supersedes the pleadings and governs the subsequent course of the action, it is not a vehicle for introducing new claims, defenses, or theories after discovery has closed. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007). Accordingly, courts routinely strike claims and theories raised for the first time where the opposing party lacked notice and an opportunity to conduct discovery. *Strauss v. Credit Lyonnais, S.A.*, 379 F. Supp. 3d 148, 162 (E.D.N.Y. 2019) ("[T]he Court normally does not expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order."); *Missigman v. USI Ne., Inc.*, 131 F. Supp. 2d 495, 517-18 (S.D.N.Y. 2001); *Malarkey v. Texaco, Inc.*, No. 81 Civ.

5224, 1990 WL 241588, at *4 (S.D.N.Y. Dec. 28, 1990); *Shafarman v. Ryder Truck Rental, Inc.*, No. 83 Civ. 3000, 1984 WL 904, at *2-3 (S.D.N.Y. Sept. 24, 1984); *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F. Supp. 127, 150 (S.D.N.Y. 1988). As the Tenth Circuit aptly observed, allowing a party to raise a new claim for the first time in a pretrial order "deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice," and serves only to promote the very surprise Rule 16 is intended to prevent. *Wilson v. Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002).

Those principles apply squarely here. Plaintiff is not clarifying an existing claim or refining a previously disclosed theory. It is attempting to introduce an entirely new basis for enhanced liability and treble damages after years of litigation, after the close of discovery, and on the eve of trial. Rule 16 does not permit such trial by ambush, and, as a result, the Court should strike Plaintiff's newly asserted willfulness theory from the Joint Pretrial Order.

### B. Plaintiff Never Disclosed a Willfulness Theory During Discovery

Independently, Plaintiff disclosed no willfulness theory in its interrogatory responses and no supporting expert opinion. ECF 190 at 22. A party may not spring at the pretrial stage a theory it withheld throughout discovery. *See supra* § III.A, *Speedfit LLC v. Chapco*, 2020 WL 758824, at *2 (E.D.N.Y.) (precluding a theory never disclosed in a case "ongoing for almost five years"). Independently, Rule 37(c)(1) bars a party that fails to disclose a theory it was obligated to reveal in discovery from using it at trial absent substantial justification or harmlessness. Fed. R. Civ. P. 37(c)(1); *see also Paone v. Microsoft Corp.*, 881 F. Supp. 2d 386, 418 (E.D.N.Y. 2012) (refusing to permit a plaintiff, at a "late stage of the litigation," to "assert a new theory of liability" its expert never disclosed), *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) (finding that "[i]t is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for

alleging willful infringement," and that a "willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct"). Here, Plaintiff did not plead willfulness until the eve of trial. Plaintiff's late recharacterizations of remote facts (a cease and desist letter, some 2018 investigation, and certain sales records) toward a willfulness theory emerge long after the operative complaint, and these facts, which do not support a willfulness charge, were never disclosed as the basis for a willfulness contention. ECF 190 at 23-24. They cannot be permitted to be repackaged as such a basis now.

### C. Allowing a Previously Unpled, Undisclosed Theory Would Prejudice Defendants and Waste Resources

Defendants tailored their discovery, summary judgment, and trial preparation to the claims Plaintiff actually pled and disclosed. Had Plaintiff timely pled willfulness, Defendants could have taken discovery into knowledge and intent, developed advice of counsel and good faith defenses, and moved for summary judgment on the issue. Indeed, none of that occurred because the theory was never in the case.

Injecting willfulness and a treble damages demand on the eve of trial would prejudice Defendants and inject new issues spanning knowledge, intent, and egregiousness that were never developed. Nor would trying the theory serve any purpose, as Plaintiff has neither pled willfulness nor disclosed expert or contention support for it, and a presentation resting on notice and continued sales could not survive a Rule 50(a) motion at the close of Plaintiff's case. Striking the theory now avoids consuming trial time and creating jury confusion around a legally defective theory. Defendants separately intend to move in limine to preclude enhanced damages evidence and related testimony. Joint Pretrial Order at 37 (MIL No. 11).

Independently, Plaintiff lacks evidence of willful infringement. Enhanced damages accompany egregious, deliberate misconduct. *Halo Elecs., Inc. v. Pulse Elecs., Inc.,*

579 U.S. 93, 103-104 (2016). Defendants have contested infringement and validity throughout, and Plaintiff does not even assert pre-suit damages. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990) (holding that willfulness cannot be based solely on continued conduct after notice where the defendant presents good-faith, non-frivolous defenses). The record, to the extent it can be construed as touching any possible theory of willfulness, clearly shows no intentional infringement of a known right and no copying.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's willful infringement theory and its request for enhanced damages under § 284 from the Joint Pretrial Order, and enter an order that no willfulness theory, evidence, or argument will be permitted at trial. Defendants further request that the Court hear and resolve this motion at or in connection with the pretrial conference currently scheduled for September 24, 2026.

Dated: August 21, 2026

/s/ Paul B. Keller
Paul B. Keller
James N. Reed
BROWNSTEIN HYATT FARBER SCHRECK, LLP
75 Rockefeller Plaza, Suite 2600B
New York, New York 10019
(212) 576-1213
pkeller@bhfs.com
jnreed@bhfs.com

Counsel for Defendants
Shenzhen Creality 3D Technology Co., Ltd.
and Shenzhen Jimuyida Technology Co., Ltd.