# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ARTEC EUROPE S.À.R.L.,

Plaintiff,

v.

SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD.,

Defendant,

v.

KICKSTARTER PBC,

Cross-Claimant.

**Case No. 1:22-1676 (WFK)(VMS)**

**ARTEC EUROPE S.À.R.L.'S RULE 26(a)(1)(A) INITIAL DISCLOSURES**

Plaintiff Artec Europe S.À.R.L. ("Artec") provides the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

Artec has made a reasonable and good faith inquiry to provide this information, and the following disclosures reflect its current knowledge, information, and belief based upon that inquiry. Artec may supplement or amend its disclosures at any time based upon its continuing investigation and discovery. By making these disclosures, Artec does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, nor does Artec waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection.

Finally, Artec's disclosures are made without waiving any of the following rights: (1) the right to object on any and all grounds, at any time, to any other discovery request in this or any other proceeding involving or relating to the subject matter of these disclosures; and (2) the right

to object on the grounds of competency, privilege, relevance and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in this action or in any subsequent action or other legal proceeding.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following persons are likely to have information that Artec may use to support its claims and/or defenses in this action. The following should not be construed as an admission that the listed individuals will have discoverable information.

| Name and Contact Information | Connection with the Case | Summary of Information Believed to Be Known |
|---|---|---|
| Gleb Gusev<br>*Contact only through Artec's counsel of record* | Plaintiff's Chief Technology Officer | Design and development of products offered or sold embodying the Asserted Patent[1] or containing the Asserted Copyright.[2] |
| Alexander Osipov<br>*Contact only through Artec's counsel of record* | Plaintiff's Chief Information Officer | Design and development of products offered or sold embodying the Asserted Patent or containing the Asserted Copyright; Shenzen Creality 3D Technology Co., Ltd.'s ("Creality's") acquisition of Artec's software and other intellectual property and technology. |

[1] The "Asserted Patent" means U.S. Patent No. 7,768,656.

[2] The "Asserted Copyright" means the copyright Artec owns in the Artec Studio Software as described in paragraph 22 of the Complaint (Dkt. 1).

| Name and Contact Information | Connection with the Case | Summary of Information Believed to Be Known |
|---|---|---|
| Xun Luo<br>Creality | Vice Director of Creality | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Shenzhen Jimuyida Technology Co., Ltd.<br>21E, Songri Dingsheng Building, 9986 Shennan Avenue, Shenzhen | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Luowei<br>Shenzhen Jimuyida Technology Co., Ltd.<br>21E, Songri Dingsheng Building, 9986 Shennan Avenue, Shenzhen | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Jian Yao | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Andrey Klimov | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Alexandr Lomakin | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Anna Zevelyov | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |

| Name and Contact Information | Connection with the Case | Summary of Information Believed to Be Known |
|---|---|---|
| Hailong Tang<br>Seagon IP | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology; the design and development of the Accused Products. |
| Robert Kelso<br>Forensic Pursuit | Third Party | Creality's acquisition of Artec's software and other intellectual property and technology. |

In addition to the above-listed individuals, Artec notes that there likely are other third parties and individuals associated with Defendant Creality who may have knowledge of relevant facts. Artec also identifies all persons identified in Creality's Initial Disclosures. Artec reserves the right to seek discovery from and rely on other individuals that it subsequently learns are likely to have discoverable or admissible information that it may use in this litigation.

**(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following categories of documents and other materials may be relevant to the claims and defenses pleaded in this action. The following should not be construed as an admission that the listed categories of documents and other materials contain discoverable information.

- Documents and communications related to the Accused Products;
- Documents and communications related to the Asserted Patent;
- Documents and communications related to the Asserted Copyright;
- Financial information relating to Creality's sales, revenues, costs and expenses;
- Documents and communications relating to Creality's marketing and advertising;

- Documents and communications relating to Creality's Kickstarter Campaign launched on or around March 2022 entitled 3D Scanner: Creality CR-Scan Lizard Captures Details of View;
- Documents and communications regarding Creality's relationship with Jimuyida; and
- Publicly available documents relating to the Asserted Patent, including the file wrapper.

**(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Artec seeks at least a reasonable royalty for Creality's infringement of the Asserted Patent and reserves the right to seek lost profits. Artec seeks its lost profits and/or other actual or statutory damages for Creality's infringement of the Asserted Copyright. Artec will disclose a computation of its damages when it serves its opening expert report in accordance with the parties' proposed scheduling order (Dkt. 65) as adopted or modified by any scheduling order(s) subsequently entered by the Court. Artec intends to seek to recover its reasonable attorneys' fees and costs and any other relief that the Court deems just and proper.

**(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Upon information and belief, there are no applicable indemnity or insurance agreements.

January 9, 2023

Respectfully submitted,

/s/ Richard de Bodo
Barry S. Alexander
**SCHNADER HARRISON SEGAL & LEWIS LLP**
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: (212) 973-8099
balexander@schnader.com

Richard de Bodo (*pro hac vice*)
CA State Bar No. 128199
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 855-3311
rdebodo@munckwilson.com

Amy E. LaValle
Texas State Bar No. 24040529
**MUNCK WILSON MANDALA, LLP**
12770 Coit Rd., Suite 600
Dallas, TX 75251
Telephone: (972) 628-3600
alavalle@munckwilson.com

*Attorneys for Plaintiff Artec Europe S.à.r.l.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served via email to counsel of record in accordance with the Federal Rules of Civil Procedure.

Dated: January 9, 2023

/s/ Richard de Bodo
Richard de Bodo