**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br><br>Jury Trial Demanded |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WILLFUL INFRINGEMENT THEORY AND REQUEST FOR ENHANCED DAMAGES FROM THE JOINT PRETRIAL ORDER**

# TABLE OF CONTENTS

I. INTRODUCTION ....... 1

II. ARGUMENT ....... 2

A. Artec's Response to Defendants' Enhanced-Damages Interrogatory Defeats Its Notice Argument ....... 2

B. Defendants Had No Duty to Compel Disclosure of a Theory Artec Never Asserted ....... 3

III. INDIRECT INFRINGEMENT AND WILLFULNESS PRESENT MATERIALLY DIFFERENT ISSUES AND CONSEQUENCES ....... 4

IV. ARTEC'S DISCLOSURE AND DEPOSITION OF WITNESSES ON OTHER SUBJECTS DID NOT DISCLOSE WILLFULNESS—AND ITS NEW RELIANCE ON AN UNDEPOSED WITNESS DEMONSTRATES PREJUDICE ....... 5

V. THE COMPLAINT'S REFERENCE TO § 284 CANNOT CURE ARTEC'S LATER FAILURE TO DISCLOSE WILLFULNESS ....... 7

VI. ARTEC HAS NOT SHOWN SUBSTANTIAL JUSTIFICATION OR HARMLESSNESS ....... 7

VII. THE PROPOSED JOINT PRETRIAL ORDER SHOULD NOT BECOME A VEHICLE FOR TRIAL BY SURPRISE ....... 9

VIII. CONCLUSION ....... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006)....2, 3, 8

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)....5

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)....5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016)....1, 5

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, 2014 WL 494522 (S.D.N.Y. Feb. 6, 2014)....4

*Patriarch Partners Agency Services, LLC v. Zohar CDO 2003-1, Ltd.*, No. 16-CV-4488 (VM), Dkt. 409 (S.D.N.Y. Mar. 11, 2026)....2, 4

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)....8

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323 (Fed. Cir. 2021)....1, 5

*Therabody, Inc. v. Tzumi Elecs. LLC*, No. 21 Civ. 7803, Dkt. 138 (S.D.N.Y. 2023)....7

*Unigene Labs., Inc. v. Apotex, Inc.*, No. 06 Civ. 5571, 2010 WL 2730471 (S.D.N.Y. July 7, 2010), aff'd, 655 F.3d 1352 (Fed. Cir. 2011)....4

*Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 1999 WL 672902 (S.D.N.Y. Aug. 27, 1999)....4

**Other Authorities**

35 U.S.C. § 284....1, 5, 7

Fed. R. Civ. P. 26(e)....1, 3, 6

Fed. R. Civ. P. 26(e)(1)(A)....3

## I. INTRODUCTION

Artec's Opposition confirms the central defect in its newly asserted willfulness theory. Defendants expressly asked Artec to identify any "enhanced damages" it contended were appropriate, "the basis therefor," and the documents supporting that contention. Artec responded without identifying willfulness and now admits that its response did not separately state willfulness or articulate any enhancement theory. Opp. at 5, 16–17.

Artec instead argues that Defendants should have inferred willfulness from documents and testimony produced for other issues and, if they wanted clarity, moved to compel disclosure of a theory Artec had never asserted. Opp. at 17, 20–21. That reverses Rule 26. Artec bore the obligation to answer completely and timely supplement any materially incomplete response. Fed. R. Civ. P. 26(e). Defendants had no duty to assume that Artec omitted a theory it later intended to pursue and then compel disclosure of that unknown contention.

Artec's reliance on deposition testimony does not cure the failure. The testimony it cites concerned subjects independently relevant to disclosed claims, while Tang—the witness Artec now identifies as supporting "willfulness and enhanced damages"—was never deposed because Artec disclosed him only on other subjects. The record therefore demonstrates prejudice, not harmlessness.

Nor can Artec recast the omission as a missing "label." Willfulness is distinct from indirect infringement and may support enhanced damages under 35 U.S.C. § 284. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–06 (2016); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329–30 (Fed. Cir. 2021). Artec cannot minimize willfulness for disclosure purposes while invoking it as the predicate for potentially trebling damages.

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006), and *Patriarch Partners Agency Services, LLC v. Zohar CDO 2003-1, Ltd.*, No. 16-CV-4488 (VM), Dkt. 409, at 15–17 (S.D.N.Y. Mar. 11, 2026), confirm that a party cannot make underlying information available and leave its adversary to reconstruct an undisclosed theory, nor must the requesting party compel a disclosure the Rules independently require.

The willfulness allegations and request for enhanced damages should be stricken.

## II. ARGUMENT

### a. *Artec's Response to Defendants' Enhanced-Damages Interrogatory Defeats its Notice Argument*

Artec emphasizes that Defendants knew facts concerning patent notice, access, commercial relationships, and product design. But the issue is not whether Defendants knew that those facts existed. It is whether Artec disclosed, while Defendants still could take discovery and litigate the issue, that Artec was pursuing willfulness and enhanced damages based on those facts.

Defendants' Interrogatory No. 13(j) expressly required Artec to identify: "enhanced damages, attorneys' fees, or costs that you contend are appropriate and the basis therefor, and identify all documents that support any of these contentions." Opp. at 5. Artec responded. Yet it concedes that its response "did not separately state 'willfulness' or narrate an enhancement theory." Opp. at 16. It further acknowledges that it "does not contend that it served a detailed willfulness contention." Opp. at 17.

That matters. This is not a case in which Defendants failed to ask whether enhanced damages were at issue. They asked precisely that question, and Artec answered without identifying willfulness. *Design Strategy* demonstrates why Artec cannot cure the omission by pointing to documents and witnesses disclosed for other purposes. 469 F.3d at 293–95. There,

the plaintiff failed to disclose a lost-profits damages theory and later argued that defendants possessed financial information from which the theory could be derived. The district court rejected the proposition that defendants should have been required to "divine" the plaintiff's theory from available information, and the Second Circuit affirmed preclusion. 469 F.3d at 293–98. The court also emphasized the failure to supplement under Rule 26(e). *Id.* at 295–98.

The reasoning applies with greater force here. Artec was specifically asked whether enhanced damages were sought and to identify their basis. Artec did not disclose willfulness. Defendants were entitled to rely on that answer in identifying the issues requiring discovery and dispositive motion practice.

*b. Defendants Had No Duty to Compel Disclosure of a Theory Artec Never Asserted*

Artec attempts to shift responsibility for its incomplete response to Defendants, arguing that Defendants should have sought a more explicit answer or moved to compel. Opp. at 17, 20–21. That is wrong. Rule 26(e)(1)(A) placed on Artec the continuing obligation to supplement any materially incomplete interrogatory response; the duty did not depend on Defendants first discovering the omission and filing a motion to compel.

*Patriarch Partners* rejected essentially the same argument. No. 16-CV-4488 (VM), Dkt. 409, at 15–17 (S.D.N.Y. Mar. 11, 2026). The court found the motion-to-compel argument "unconvincing" because the requesting party "was not required to compel" a disclosure the Rules placed on its opponent. *Id.*

The point is stronger here because Defendants specifically asked whether Artec sought enhanced damages and the basis for them. Once Artec answered without identifying willfulness, Defendants were entitled to rely on that response rather than speculate that Artec intended to pursue an undisclosed theory.

The same principle applies to contention discovery: parties may not withhold positions during discovery and reveal their contours only after discovery and dispositive-motion practice have concluded. *See In re Methyl Tertiary Butyl Ether* ("MTBE") *Prods. Liab. Litig.*, No. 00-1898, 2014 WL 494522, at *2–4 (S.D.N.Y. Feb. 6, 2014); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 1999 WL 672902, at *2–3 (S.D.N.Y. Aug. 27, 1999); *Unigene Labs., Inc. v. Apotex, Inc.*, No. 06 Civ. 5571, 2010 WL 2730471, at *6 (S.D.N.Y. July 7, 2010), aff'd, 655 F.3d 1352 (Fed. Cir. 2011).

## III. INDIRECT INFRINGEMENT AND WILLFULNESS PRESENT MATERIALLY DIFFERENT ISSUES AND CONSEQUENCES

Artec argues that knowledge and intent were already subjects of discovery because it asserted induced and contributory infringement. But Artec itself acknowledges that "the induced-infringement and willfulness standards are distinct, and a finding of inducement does not compel a finding of willfulness." Opp. at 16. The distinction is both substantive and consequential.

Inducement is a liability theory requiring, among other things, knowledge that the induced acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Willfulness asks whether proven infringement was deliberate or intentional. SRI, 14 F.4th at 1329–30; *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). A willfulness finding, moreover, may become the predicate for enhancing an infringement award up to threefold. *Halo*, 579 U.S. at 103–06.

That materially different consequence made timely disclosure particularly important. Defendants were entitled to know during discovery whether Artec intended merely to establish infringement liability or also to accuse them of deliberate infringement and seek a jury finding capable of supporting a multiple of the ordinary damages exposure.

Had Artec disclosed willfulness when asked, Defendants could have pursued targeted discovery into the allegedly culpable conduct, including who possessed relevant knowledge and when, what they understood about the patents and accused products, the reasons for challenged design and commercial decisions, any good-faith defenses, and related privilege considerations.

## IV. ARTEC'S DISCLOSURE AND DEPOSITION OF WITNESSES ON OTHER SUBJECTS DID NOT DISCLOSE WILLFULNESS—AND ITS NEW RELIANCE ON AN UNDEPOSED WITNESS DEMONSTRATES PREJUDICE

Artec relies on its January 2023 Initial Disclosures identifying Mr. Tang and others as having information concerning the acquisition of Artec technology and the design and development of the accused products. Opp. at 16–17. Those disclosures did not identify willfulness or enhanced damages as subjects of their information. And, as Artec emphasizes, they predated the operative complaint by seven months, Jimuyida's addition as a defendant, and assertion of the '129 and '357 patents. Opp. at 5–6. As the case evolved, Artec was obligated to supplement materially incomplete disclosures. Fed. R. Civ. P. 26(e). It never identified Tang or any other witness as supporting willfulness or enhanced damages.

Tang provides a concrete example of the resulting prejudice. Based on Artec's disclosure—and with no willfulness theory identified—Defendants reasonably determined that deposing Tang was unnecessary. Now, after discovery has closed, Artec proposes that Tang testify about its 2018 investigation, alleged copying, and acquisition and study of Artec products, and expressly identifies his testimony as relevant to "willfulness and enhanced damages." ECF No. 190 at 25. Had Artec disclosed that materially different role during discovery, Defendants would have deposed Tang. His absence from the deposition record therefore demonstrates prejudice; it does not cure it.

The prejudice extends beyond the lost opportunity to depose Tang. Timely disclosure would have allowed Defendants to develop defenses directed to alleged deliberate infringement, evaluate whether legal advice or related privilege issues were implicated, test Artec's asserted factual propositions through targeted discovery, and address the theory in dispositive-motion practice.

Artec's reliance on testimony it actually elicited fares no better. Artec examined Wei Luo concerning Jimuyida's patent-review practices, when it learned of the Asserted Patents, and his views after acquiring that knowledge. Opp. at 16. But those subjects were independently relevant to Artec's indirect-infringement claims, and Artec concedes that the examination "does not prove willfulness by itself" and that inducement and willfulness involve distinct standards. *Id*. Similarly, Artec cites Xun Luo's testimony concerning the parties' Strategic Cooperation Framework Agreement and profit-sharing arrangement, while conceding that this evidence merely provides context for "access and coordination" and does not itself establish patent knowledge. Opp. at 17–18. Discovery into facts relevant to disclosed claims does not disclose a materially different theory simply because Artec later chooses to use those facts for that purpose.

Nor do Defendants' current trial designations establish otherwise. Artec notes that Defendants designate Wei Luo and Xun Luo regarding knowledge and intent relevant to indirect infringement and, "if permitted," willfulness. ECF No. 190 at 25–26. The qualifier proves the point. Defendants are preserving testimony defensively in case the Court permits Artec's newly asserted theory. Defendants' defensive preservation of testimony cannot retroactively supply the disclosure Artec failed to make.

## V. THE COMPLAINT'S REFERENCE TO § 284 CANNOT CURE ARTEC'S LATER FAILURE TO DISCLOSE WILLFULNESS

Artec argues that willfulness is not a separate cause of action, but that misses the point. The issue is whether Artec timely disclosed that it intended to pursue willfulness and enhanced damages. It did not. Artec admits that the Second Amended Complaint does not use the words "willful" or "enhanced damages" and does not set out a willfulness theory; instead, it relies on a general reference to § 284. ECF No. 106 at paras. 91, 104, 117. But § 284 supplies the basis for ordinary compensatory patent damages as well as enhancement, and Defendants later asked directly whether Artec sought enhanced damages and the basis for them. Artec answered without identifying willfulness.

Artec's *Therabody* authority is therefore inapposite. There, the operative pleading expressly alleged willful infringement and the defendant challenged those allegations at the pleading stage. *Therabody, Inc. v. Tzumi Elecs. LLC*, No. 21 Civ. 7803, Dkt. 138 (S.D.N.Y. 2023). It did not involve a plaintiff that failed to identify willfulness when specifically interrogated about enhanced damages and then asserted the theory only after discovery closed.

## VI. ARTEC HAS NOT SHOWN SUBSTANTIAL JUSTIFICATION OR HARMLESSNESS

Artec acknowledges that once a required disclosure has been omitted, the nondisclosing party bears the burden of establishing substantial justification or harmlessness. Opp. at 19; *Design Strategy*, 469 F.3d at 297–98. Artec cannot carry that burden. Its explanation, that Defendants possessed documents and took testimony concerning overlapping subjects, does not explain why Artec failed to identify willfulness when directly asked whether enhanced damages were sought, or why it never supplemented that answer.

Nor is the omission harmless. Under *Design Strategy* and *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), relevant considerations include the explanation for nondisclosure, importance of the evidence, prejudice, and possibility of a continuance. 469 F.3d at 296. Those factors favor preclusion. Artec offers no persuasive justification. The issue is highly consequential because Artec now seeks a jury determination of deliberate infringement that can support a request to multiply the damages award. Defendants lost the opportunity to conduct discovery and make litigation and privilege decisions with that accusation squarely at issue.

Artec's proposed cure proves the prejudice. It suggests that the Court could now require Artec to identify "the precise witnesses, documents, and factual propositions" supporting willfulness and allow supplemental examinations. Opp. at 19. But that is precisely what Artec should have disclosed during discovery. If Artec must now identify for the first time the witnesses, documents, and factual propositions comprising its willfulness case, it cannot plausibly maintain that Defendants already had adequate notice, and forcing Defendants to take new discovery now does not show harmlessness. It demonstrates the harm.

## VII. THE PROPOSED JOINT PRETRIAL ORDER SHOULD NOT BECOME A VEHICLE FOR TRIAL BY SURPRISE

Artec emphasizes that the Joint Pretrial Order remains proposed. That merely means the Court must now determine which issues properly belong in it. The parallel to Artec's doctrine-of-equivalents position is instructive. In both disputes, Artec responds to an untimeliness objection by pointing to related evidence somewhere in the record and arguing that Defendants therefore should have anticipated the particular theory Artec later elected to pursue.

For DOE, Artec relies on a generic reservation and technical evidence developed for literal infringement. For willfulness, it relies on patent-knowledge evidence developed for

indirect infringement and evidence concerning access and commercial relationships. But neither substitutes for timely disclosure of the particular theory the party intends to try.

The problem is especially acute here because willfulness is not merely another route to liability. Artec seeks to transform evidence developed for ordinary liability questions into the predicate for a jury finding capable of supporting up to treble damages, despite failing to identify that intended theory when directly asked about enhanced damages. Rule 26 does not permit a party to reserve a consequential theory until the proposed pretrial order and then defend it as merely another use of evidence disclosed for other purposes. The Joint Pretrial Order should crystallize the theories actually litigated during discovery. It should not become the mechanism by which materially consequential new theories first enter the case.

## VIII. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Artec's allegations of willful infringement and request for enhanced damages from the proposed Joint Pretrial Order and preclude Artec from presenting a willfulness theory or evidence offered solely to establish willfulness at trial.

Dated: September 11, 2026

/s/ Paul B. Keller
Paul B. Keller
James N. Reed
BROWNSTEIN HYATT FARBER SCHRECK, LLP
75 Rockefeller Plaza, Suite 2600B
New York, New York 10019
(212) 576-1213
pkeller@bhfs.com
jnreed@bhfs.com

Counsel for Defendants
Shenzhen Creality 3D Technology Co., Ltd.
& Shenzhen Jimuyida Technology Co., Ltd.

Benjamin Bai
Harry Feng
Mo Zhou
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319 – 4755
Benjamin.bai@cn.kingandwood.com
Harry.Feng@cn.kingandwood.com
Zhoumo@ch.kingandwood.com

Co – Counsel for Defendants
Shenzhen Creality 3D Technology Co., Ltd.
and Shenzhen Jimuyida Technology Co.,
Ltd.