UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEC EUROPE S.À R.L.,<br>Plaintiff,<br>v.<br>SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD., and SHENZHEN JIMUYIDA TECHNOLOGY CO., LTD.,<br>Defendants. | Case No. 1:22-cv-01676-OEM-CHK<br>Jury Trial Demanded |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS AND REQUEST FOR ENHANCED DAMAGES FROM THE JOINT PRETRIAL ORDER**

## TABLE OF CONTENTS

**I. PRELIMINARY STATEMENT** ..... 1

**II. BACKGROUND** ..... 4

**A. The operative complaint pleads § 284 and pleads Defendants' knowledge** ..... 4

**B. Defendants' own interrogatory demanded Artec's enhanced-damages contentions** ..... 5

**C. Defendants' only exhibit predates the operative complaint by seven months** ..... 5

**D. Information regarding Defendants' knowledge, access, and intent was developed throughout discovery** ..... 6

**E. The window for dispositive motions opened and closed in 2025** ..... 7

**F. The Joint Pretrial Order and the parties' correspondence** ..... 7

**III. ARGUMENT** ..... 9

**A. Rules 16 and 37 permit management of late theories, but the record does not support preclusion here** ..... 9

*1. The disclosure objection turns on notice, information, and prejudice* ..... 9

*2. Defendants' separate merits challenge is premature* ..... 9

*3. Defendants have reserved the same relief for the in limine round* ..... 10

**B. The cited pretrial-order cases involved genuinely new claims or technical theories** 10

*1. Rockwell confirms that an entered final pretrial order controls the issues for trial* ..... 10

*2. Strauss and the remaining pretrial-order cases involved new claims or defenses* ..... 11

*3. Speedfit and Paone involved new technical doctrine-of-equivalents theories* ..... 12

*4. Actual surprise and prejudice remain central* ..... 13

**C. Willfulness is not an independent claim, and the complaint and record provided notice of the requested relief** ..... 13

*1. Willfulness is a factual predicate for discretionary enhancement* ..... 13

*2. The Second Amended Complaint pleads knowledge and invokes § 284* ..... 14

*3. Rule 54(c) turns on notice and prejudice* ..... 14

**D. The factual predicate for willfulness was disclosed and explored in discovery** ..... 15

*1. The indirect-infringement claims put overlapping knowledge and intent evidence in issue* ..... 15

*2. Defendants' Interrogatory No. 13(j) demanded enhanced-damages contentions* ..... 16

*3. The access and acquisition witnesses were disclosed in January 2023* ..... 16

*4. The commercial-relationship evidence supplies context, not patent knowledge by itself* 17

**E. Even if supplementation was required, the Rule 37(c)(1) factors weigh against preclusion** ... 18

*1. The issue is whether required information—not merely a legal label—was omitted* ... 18

*2. The patent-local-rule diligence cases do not supply the standard* ... 19

**F. The record does not show incurable prejudice** ... 20

*1. Defendants' witness designations show that any residual concern is curable* ... 20

*2. The absence of a motion to compel weighs against claimed surprise* ... 20

*3. Any residual prejudice is curable without reopening expert discovery* ... 21

**G. Defendants' merits arguments rest on authority that Halo displaced** ... 21

*1. Post-filing willfulness does not require a preliminary injunction* ... 21

*2. Gustafson does not establish a safe harbor under the current willfulness standard* ... 22

*3. Artec's theory rests on pleaded knowledge and post-notice conduct, not continued sales alone* ... 23

**IV. CONCLUSION** ... 24

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*American Technical Ceramics Corp. v. Presidio Components, Inc.*,
No. 14-CV-6544 (KAM)(GRB), 2019 WL 2330855 (E.D.N.Y. May 31, 2019) .................... 21

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993)........................................................................................................ 7

*Design Strategy, Inc. v. Davis*,
469 F.3d 284 (2d Cir. 2006)...................................................................................... 3, 18

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
946 F.3d 1367 (Fed. Cir. 2020)............................................................................ 2, 13, 23

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)...................................................................................................... 15

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990)....................................................................................... 22

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
579 U.S. 93 (2016)............................................................................................ 3, 13, 21, 22

*In re Seagate Technology, LLC*,
497 F.3d 1360 (Fed. Cir. 2007)............................................................................ 3, 21, 22

*Ironburg Inventions Ltd. v. Valve Corp.*,
64 F.4th 1274 (Fed. Cir. 2023) ................................................................................ 13, 23

*Johnson v. City of Shelby*,
574 U.S. 10 (2014)........................................................................................................ 14

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017)...................................................................................... 21

*Missigman v. USI Northeast, Inc.*,
131 F. Supp. 2d 495 (S.D.N.Y. 2001)............................................................................ 11

*O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)...................................................................................... 19

*Paone v. Microsoft Corp.*,
881 F. Supp. 2d 386 (E.D.N.Y. 2012) .......................................................................... 12

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006)........................................................................................... 18

*Potthast v. Metro-North R.R. Co.*,
400 F.3d 143 (2d Cir. 2005)....................................................................................... 9, 12

*Powell v. National Board of Medical Examiners*,
364 F.3d 79 (2d Cir. 2004)............................................................................................. 14

*Rockwell International Corp. v. United States*,
549 U.S. 457 (2007)...................................................................................................... 10

*Skinner v. Switzer*,
562 U.S. 521 (2011)...................................................................................................... 14

*Sound Video Unlimited, Inc. v. Video Shack Inc.*,
700 F. Supp. 127 (S.D.N.Y. 1988)................................................................................. 12

*Speedfit LLC v. Chapco Inc.*,
No. 2:15-CV-1323, 2020 WL 758824 (E.D.N.Y. Feb. 14, 2020) .......... 12
*SRI International, Inc. v. Cisco Systems, Inc.*,
14 F.4th 1323 (Fed. Cir. 2021) .......... 13, 15, 23
*Strauss v. Credit Lyonnais, S.A.*,
379 F. Supp. 3d 148 (E.D.N.Y. 2019) .......... 11
*Wilson v. Muckala*,
303 F.3d 1207 (10th Cir. 2002) .......... 11

*Regulations*

35 U.S.C. § 271(c) .......... 4
35 U.S.C. § 284 .......... passim

*Rules*

Fed. R. Civ. P. 16(d)–(e) .......... 9
Fed. R. Civ. P. 50(a)(1), 56(b) .......... 9
Fed. R. Civ. P. 9(b) .......... 14
Fed. R. Civ. P. 16(e) .......... 10, 12

## I. PRELIMINARY STATEMENT

Defendants' motion rests on treating willfulness as an unpled cause of action that surfaced for the first time in the pretrial order. This mischaracterizes the facts and the law. Contrary to Defendants' assertions, willfulness is not a cause of action. Artec has sought relief under 35 U.S.C. § 284 since the beginning of this case, and it requested relief under 35 U.S.C. § 284 in every count of the operative complaint. Defendants' motion fails for six independent reasons, and three of them come from Defendants' own filings.

First, Defendants say Artec's willfulness claims were "never litigated." They designated witnesses to litigate these claims. In their contribution to the proposed Joint Pretrial Order, Defendants designate Wei Luo and Xun Luo to testify about each company's knowledge and intent and, expressly, about "Artec's willfulness position." ECF No. 190 at 25–26. Prejudice is the touchstone of preclusion. A party that is ready to put on corporate testimony about the disputed state of mind has not been ambushed by it. Letting the theory proceed reopens no discovery and moves no date.

Second, Defendants disclaim Rule 56 and then ask for Rule 56 relief. Their letter to the Court states that "this motion does not assert the absence of a genuine dispute of material fact and is not a Rule 56 motion." ECF No. 194 at 2. Defendants' memorandum then asks the Court to hold that Artec "lacks evidence of willful infringement" and could not survive a motion under Rule 50(a). Mem. at 6. Defendants cannot escape the requirements of Rule 56 by disavowing it and still collect its benefit — on a one-exhibit record, months after the dispositive-motion window this Court opened and closed in 2025, and before Artec has been heard at trial at all.

Third, Defendants say the willfulness theory was "never pled." A separate infringement count was unnecessary, but the factual basis still had to be adequately pleaded and disclosed.

Section 271 defines direct, induced, and contributory infringement. Willfulness concerns the infringer's state of mind and bears on discretionary enhancement. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). Artec demanded relief under 35 U.S.C. § 284 in every count, ECF No. 106 ¶¶ 91, 104, 117, and pleaded the facts on which culpability turns: the March 11, 2022 cease-and-desist letter transmitted to Creality through Kickstarter, *id.* ¶¶ 48–49; Creality's awareness of the '656 Patent "since at least 2022," *id.* ¶ 88; each Defendant's knowledge of the Asserted Patents, *id.* ¶¶ 88, 101, 114; and the knowing supply of components especially made or adapted for infringing use, *id.* ¶¶ 89, 102, 115. Rule 54(c) permits relief supported by the record, subject to notice and prejudice. Artec relies on these particular allegations and the discovery record to satisfy those requirements, not on the invocation of § 284 alone.

Fourth, Defendants have already asked for the exact same relief once, on a schedule of their own choosing. Their eleventh reserved motion in limine is a "[m]otion in limine to preclude Plaintiff from offering evidence regarding enhanced damages under 35 U.S.C. § 284." ECF No. 190 at 37. That is this motion. The Individual Rules require motions in limine to be filed at least thirty days before jury selection and direct the parties to propose a briefing schedule. Individual Rules § V.D.1. Nor is this the "eve of trial." Trial is set for January 11, 2027, the pretrial conference has not yet been held, and the general filing deadline remains ahead, subject to any case-specific schedule. The rule permits earlier filing and decision; Artec requests deferral as a matter of orderly case management. Defendants offer no reason why the Court should decide the same question twice, the first time on an accelerated record.

Fifth, post-filing conduct can support willfulness,. Artec's statement of claims disclaims pre-suit damages in terms: Artec "does not seek damages for infringement occurring before this

action was commenced against each Defendant." ECF No. 190 at 9–10. That limitation on the damages period does not itself resolve pleading or disclosure. Defendants rely on In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007) (en banc). Halo abrogated Seagate's enhanced-damages framework. The post-Halo authorities discussed below reject a rigid preliminary-injunction requirement.

Sixth, the evidence Defendants offer cannot carry the weight they place on it and preclusion would be the wrong remedy in any event. Defendants submit a single exhibit: Artec's Rule 26(a)(1)(A) Initial Disclosures of January 9, 2023. Reed Decl. ¶ 2; Ex. A. It predates the operative complaint by more than seven months, was served when Creality was the only defendant and Jimuyida a third party, and defined "Asserted Patent" to reach only the '656 Patent. Ex. A at 1–3 & n.1. It also identifies ten witnesses including Xun Luo, Wei Luo, Alexander Osipov and Hailong Tang on Creality's acquisition of Artec's software and the design of the Accused Products. Id. at 2–4. Even if disclosure had been imperfect, the governing factors counsel against preclusion on this record. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 296–99 (2d Cir. 2006). If the willfulness issue is permitted and supported at trial, enhancement remains committed to this Court's discretion after verdict on the totality of the circumstances. Halo Electronics, Inc. v. Pulse Electronics, Inc., 579 U.S. 93, 103–06 (2016).

Defendants designated witnesses to meet this theory, reserved a motion in limine directed to it, and disclaimed the very rule whose relief they seek. The motion should be denied.

## II. BACKGROUND

### A. The operative complaint pleads § 284 and pleads Defendants' knowledge

As to each Asserted Patent, the Second Amended Complaint alleges that "Artec is entitled to recover damages for Defendants' patent infringement pursuant to 35 U.S.C. § 284." ECF No. 106 ¶¶ 91, 104, 117. Section 284 requires compensatory damages and also provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The cited complaint paragraphs request compensatory damages while the prayer also seeks "[a]ny other relief that may be proper." ECF No. 106, Prayer ¶ D.

The same pleading alleges the facts on which culpability turns. Artec sent a cease-and-desist letter on March 11, 2022, and Kickstarter provided it to Creality. *Id.* ¶¶ 48–49. Creality "has been aware of the '656 Patent since at least 2022," and Jimuyida "since at least the filing of this complaint, and likely earlier based on its relationship with Creality." *Id.* ¶ 88. Both Defendants have been aware of the '129 and '357 Patents since at least the filing of the complaint. *Id.* ¶¶ 101, 114. And Artec pleaded contributory infringement under 35 U.S.C. § 271(c) as to each patent, alleging that Defendants supplied components "especially made or especially adapted" for an infringing use, "knowing" them to be so. *Id.* ¶¶ 89, 102, 115.

The complaint does not use the words "willful" or "enhanced damages." Artec contends that no separate infringement count was necessary and that its specific allegations and disclosures supplied sufficient notice. The relevant question is notice: whether the pleaded knowledge allegations, invocation of § 284, and ensuing discovery fairly identified the factual and remedial issue now stated in the proposed Joint Pretrial Order.

### B. Defendants' own interrogatory demanded Artec's enhanced-damages contentions

During fact discovery, Creality served Interrogatory No. 13. Subpart (j) demanded that Artec identify:

> enhanced damages, attorneys' fees, or costs that you contend are appropriate and the basis therefor, and identify all documents that support any of these contentions.

ECF No. 158-7 (Creality's Interrogatory No. 13(j)). The interrogatory establishes that Defendants themselves placed enhanced damages within the scope of discovery in this case. Artec served a response. The response did not use the word "willfulness," and Artec does not contend that the documents it identified supply the only factual basis for its willfulness theory. Defendants did not move to compel a narrative response or otherwise raise the sufficiency of the response before fact discovery closed on June 6, 2025. ECF No. 143.

### C. Defendants' only exhibit predates the operative complaint by seven months

The only evidence Defendants submit is Exhibit A to the Reed Declaration: Artec's Rule 26(a)(1)(A) Initial Disclosures "dated January 9, 2023." Reed Decl. ¶ 2. Four features of that document matter.

First, these initial disclosures predate the operative Second Amended Complaint, filed August 24, 2023, by more than seven months. Second, the initial disclosures were served well before the case was in its current state. There was only one Defendant, Jimuyida was only alleged as a third party, and only one patent was being asserted]. Ex. A at 1-3. The '129 and '357 Patents were not asserted until April 24, 2023. A January 2023 disclosure cannot have addressed them.

Fourth, the document refutes Defendants' surprise argument. Artec identified ten individuals and entities on the subjects of Creality's acquisition of Artec's software and other technology and the design and development of the Accused Products. Ex. A at 2–4. Those witnesses included Xun Luo, "Luowei," Alexander Osipov, Robert Kelso, and Hailong Tang who are the witnesses Defendants now emphasize. Mem. at 2–3. Artec identified the access, acquisition, and design evidence on which it now relies. The same document also stated that Artec intended to seek attorneys' fees, costs, and other relief the Court deemed just and proper. Ex. A at 4.

**D. Information regarding Defendants' knowledge, access, and intent was developed throughout discovery**

Artec deposed both of Defendants' designated Rule 30(b)(6) representatives. Wei Luo was examined over two days, February 17 and 18, 2025, and Xun Luo over two days, February 19 and 20, 2025. Wei Luo was asked whether Jimuyida performed a pre-release patent search, when he became aware of the Asserted Patents, and his view of Jimuyida's products after acquiring that knowledge. Feb. 17, 2025 Tr. 133:15–25, 135:11–17. The testimony is relevant here because it shows that knowledge and post-notice conduct were explored in discovery.

Xun Luo was examined about the cooperation agreement between Creality and Jimuyida. Feb. 19, 2025 Tr. 81. Defendants produced that agreement, and their damages expert used profit-sharing payments under it as the sole determinant of a royalty baseline. ECF No. 188 at 5, 7–8. The agreement and related testimony establish that the companies' commercial relationship and profit-sharing were subjects of discovery.

The notice, access, relationship, and sales evidence on which Artec relies consists of pleaded facts, identified witnesses, produced documents, and testimony taken in this case.

### E. The window for dispositive motions opened and closed in 2025

The parties jointly certified that June 6, 2025 was the last day of discovery. ECF No. 143. On June 9, 2025, the Court entered an order certifying that discovery was complete and directing that:

> Within 30 days, the parties must commence dispositive motion practice, including any potential motions for summary judgment and/or to exclude expert testimony pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), in accordance with the Individual Rules of the District Judge. If dispositive motion practice is not commenced, the parties must file a proposed JPTO within 60 days in accordance with the Individual Rules of the District Judge.

Text Order (June 9, 2025). Defendants commenced dispositive motion practice on July 9, 2025 by requesting a pre-motion conference under the Individual Practices and Rules and serving a statement of material facts, asking "the Court's approval to file a motion for summary judgment." ECF Nos. 144, 144-1. Those motions were briefed and decided. ECF No. 180. The Court's April 28, 2026 order then set this case for trial. ECF No. 182. On July 23, 2026, the Court resolved the parties' Daubert motions and excluded Defendants' damages expert. ECF No. 188.

### F. The Joint Pretrial Order and the parties' correspondence

Paragraph 6 of Artec's statement of claims states that each Defendant's infringement "has been, and continues to be, willful, deliberate, and in conscious disregard of Artec's patent rights," and that the character of that conduct supports enhancement under § 284. ECF No. 190 at 9. Paragraph 5, immediately above it, states Artec's contributory infringement case in the same terms as the operative complaint: "with knowledge of the Asserted Patents and knowledge that those components were especially made and adapted for an infringing use." *Id.* Paragraph 7 states that Artec "does not seek damages for infringement occurring before this action was commenced

against each Defendant, and does not seek pre-suit damages." *Id.* at 9–10. The statutes relied upon are "35 U.S.C. §§ 271(a), 271(b), 271(c), 281, 284, 285." *Id.* at 11.

Defendants' July 22, 2026 letter demanded that Artec explain the basis for its willfulness position. Artec's August 5 response stated that willfulness is not a separate cause of action; that Rule 9(b) permits knowledge and intent to be alleged generally and Rule 54(c) addresses relief; that the Second Amended Complaint pleads the operative facts at ¶¶ 48–49, 88–89, 101–102, and 114–115; that the relevant conduct followed notice of the patents; and that the commercial-relationship evidence had been produced and explored in discovery.

Defendants' present counsel appeared on August 11, 2026 (after that correspondence) and served this motion on August 21, 2026, the day Artec's opposition to their first motion to strike was due. ECF No. 194. Their letter states that "this motion does not assert the absence of a genuine dispute of material fact and is not a Rule 56 motion." *Id.* at 2. Defendants have also reserved this identical relief as their eleventh motion in limine: "Motion in limine to preclude Plaintiff from offering evidence regarding enhanced damages under 35 U.S.C. § 284 and/or precluding Mr. Hailong Tang from testifying." ECF No. 190 at 37. The Individual Rules require motions in limine to be filed at least thirty days before jury selection, with the parties proposing a briefing schedule; they permit earlier filing. Individual Rules § V.D.1.

## III. ARGUMENT

### A. Rules 16 and 37 permit management of late theories, but the record does not support preclusion here

#### *1. The disclosure objection turns on notice, information, and prejudice*

Defendants ask the Court to "enter an order that no willfulness theory, evidence, or argument will be permitted at trial." Mem. at 7. Rules 16 and 37 permit a court to define the issues for trial and to exclude information or witnesses that should have been disclosed. The question under those rules is not whether willfulness is merely a legal label, but whether Artec withheld required information and whether any omission caused such significant surprise or prejudice that it warrants the harsh sanction of preclusion. It does not.

ECF No. 190 is a proposed Joint Pretrial Order, not an entered final order. The Rule 16(e) standard for modifying an entered final order therefore does not itself assign Defendants a "manifest injustice" burden here. Even treating the motion as an objection to the scope of the proposed order, however, the pertinent considerations remain actual notice, the information disclosed, the ability to cure, the possibility of rial disruption, and bad faith. See Fed. R. Civ. P. 16(d)–(e); Potthast v. Metro-North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005). Those considerations favor trying the issue on the existing record.

#### *2. Defendants' separate merits challenge is premature*

Defendants also argue that "Plaintiff lacks evidence of willful infringement," that the record shows no intentional infringement or copying, and that Artec's presentation "could not survive a Rule 50(a) motion at the close of Plaintiff's case." Mem. at 6–7. Those are merits arguments. Before trial, the ordinary vehicle is Rule 56; after a party has been fully heard at a jury

trial, it is Rule 50. Fed. R. Civ. P. 50(a)(1), 56(b). A disclosure objection should not become a summary merits ruling without the procedures associated with either rule.

The Court ordered the parties to commence dispositive-motion practice within thirty days of June 9, 2025. Defendants did so on July 9, 2025, and their motions were briefed and decided before the case was set for trial. ECF Nos. 144, 144-1, 180, 182. Defendants have not sought leave to reopen summary-judgment practice, and jury selection is January 11, 2027. The Court may resolve the disclosure question now while leaving the sufficiency of Artec's evidence for the proper procedural stage.

*3. Defendants have reserved the same relief for the in limine round*

Defendants' eleventh proposed motion in limine seeks to preclude evidence concerning enhanced damages under § 284 and/or Mr. Tang's testimony. ECF No. 190 at 37. If the Court wishes to decide the admissibility of particular evidence, the in limine process, on a schedule set by the Court, would permit a focused ruling on identified exhibits and testimony. The present motion should not adjudicate both disclosure and evidentiary sufficiency based on an undeveloped record consisting of a single exhibit.

**B. The cited pretrial-order cases involved genuinely new claims or technical theories**

*1. Rockwell confirms that an entered final pretrial order controls the issues for trial*

Defendants cite *Rockwell International Corp. v. United States*, 549 U.S. 457, 474 (2007), in arguing that a final pretrial order is not a vehicle for new claims or theories. Mem. at 4. *Rockwell* instead explains that an entered final pretrial order supersedes the pleadings and controls the action:

> Here, we have not only an amended complaint, but a final pretrial order that superseded all prior pleadings and "controll[ed] the subsequent course of the action," Fed. Rule Civ. P. 16(e).

549 U.S. at 474. The Court then looked to the statement of claims in the final pretrial order as the operative definition of the case. *Id.* That principle does not establish that every proposed new issue must be accepted; it confirms that the Court must decide what belongs in the final order. Here, paragraph 6 is part of a proposed order, and the question is whether including it would create unfair surprise. The record says no.

2. *Strauss and the remaining pretrial-order cases involved new claims or defenses*

Defendants quote *Strauss v. Credit Lyonnais, S.A.*, 379 F. Supp. 3d 148, 162 (E.D.N.Y. 2019), for the expectation that claims or defenses not pleaded will not first appear in a pretrial order. Mem. at 4. The full sentence also recognizes that an entered pretrial order supersedes the pleadings and emphasizes the case-specific concern created by a long-pending action with substantial motion practice:

> While a pretrial order does supersede all prior pleadings and controls the subsequent course of the action, the Court normally does not expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order, particularly in a case such as this that has been pending a long time and has had substantial motion practice.

379 F. Supp. 3d at 162 (citation omitted). *Strauss* involved a new statutory cause of action under the Justice Against Sponsors of Terrorism Act. The court declined to allow the new statutory claims to enter through the proposed pretrial order. It separately considered leave to amend, found good cause based on JASTA's intervening enactment, and denied amendment as futile on the

summary-judgment record. *Id.* at 162–64. It did not hold that a remedial issue supported by already disclosed facts must be precluded.

### 3. *Speedfit and Paone involved new technical doctrine-of-equivalents theories*

The other pretrial-order authorities likewise involved genuinely new claims or defenses with distinct elements. *Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495, 517–18 (S.D.N.Y. 2001), involved a new promissory-estoppel claim and specific elements on which discovery had not occurred. *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002), involved a negligent-infliction claim the plaintiff had dropped by amendment. And *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F. Supp. 127, 150–51 (S.D.N.Y. 1988), involved new rescission grounds different from the fraud theory pleaded.

Defendants' *Speedfit* and *Paone* citations are materially different from this case. *Speedfit LLC v. Chapco Inc.*, No. 2:15-CV-1323, 2020 WL 758824, at *2 (E.D.N.Y. Feb. 14, 2020), precluded a doctrine-of-equivalents theory that had never appeared in infringement contentions over almost five years. *Paone v. Microsoft Corp.*, 881 F. Supp. 2d 386, 418 (E.D.N.Y. 2012), disregarded a new doctrine-of-equivalents theory raised in opposition to summary judgment where the expert had offered no such opinion. Both concerned new limitation-specific technical theories ordinarily disclosed through infringement contentions and expert analysis.

Willfulness is different. It is not an independent cause of action or a new technical route to proving infringement. Artec relies on the same notice, knowledge, access, relationship, and post-notice conduct developed for pleaded infringement issues. The question is whether those disclosures fairly put Defendants on notice of the factual subject and remedial consequence, not whether Artec served a new expert opinion.

#### 4. *Actual surprise and prejudice remain central*

The Second Circuit considers "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party." *Potthast*, 400 F.3d at 153. Potthast affirmed refusal to give a res ipsa loquitur instruction requested at the end of trial, even though the evidence supported the inference. Id. at 153–55. Here, Artec identified the issue in the proposed pretrial order months before trial, allowing time to address any prejudice. Because ECF No. 190 remains proposed, Artec does not rely on Rule 16(e) to place a manifest-injustice burden on Defendants. It relies on the absence of unfair surprise, the existing discovery record, the lack of any need for expert discovery, and the time available before trial. Here there is no indication of unfair surprise.

### C. Willfulness is not an independent claim, and the complaint and record provided notice of the requested relief

#### 1. *Willfulness is a factual predicate for discretionary enhancement*

Section 271 defines direct, induced, and contributory infringement; willfulness is not a separate infringement cause of action. Willfulness is a factual issue concerning the infringer's state of mind. The jury determines whether infringement was deliberate or intentional, and the Court then separately decides whether the conduct was sufficiently egregious to warrant enhancement under § 284. *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *SRI International, Inc. v. Cisco Systems, Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021); *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1295–96 (Fed. Cir. 2023).

Enhanced damages are relief available on an infringement claim, not a freestanding claim. And a willfulness finding does not compel enhancement; the Court retains discretion after verdict to decide whether and by how much to enhance. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 103–06 (2016).

2. *The Second Amended Complaint pleads knowledge and invokes § 284*

Defendants assert that the Second Amended Complaint does not include the words enhanced or treble damages. Mem. at 1–2. However, the Second Amended Complaint invokes § 284 as the damages provision for each Asserted Patent, ECF No. 106 ¶¶ 91, 104, 117 which would authorize enhancing and/or trebling the damages if appropriate; it also pleads the date and means of Creality's notice, id. ¶¶ 48–49; allege each Defendant's knowledge of the relevant patents, id. ¶¶ 88, 101, 114; and allege knowing conduct in support of contributory infringement, id. ¶¶ 89, 102, 115. Those facts, combined with the ensuing discovery expressly directed to enhanced damages, supplied notice of the factual basis and potential relief.

Rule 8 requires a short and plain statement of the claim, not perfect identification of every legal theory. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Artec's infringement claims and knowledge allegations satisfy that function. Whether the requested remedy was sufficiently disclosed is addressed by Rule 54(c)'s notice-and-prejudice safeguard and by the discovery record.

3. *Rule 54(c) turns on notice and prejudice*

Rule 9(b)'s heightened standard applies to fraud or mistake, while intent and knowledge may be alleged generally. Fed. R. Civ. P. 9(b). Artec alleged more than general knowledge: it

alleged the date, means, and intermediary for Creality's pre-suit notice of the '656 Patent. ECF No. 106 ¶¶ 48–49.

Rule 54(c) permits a final judgment to grant relief to which a party is entitled even when the pleadings did not demand it, but the rule is not unconditional. The Second Circuit recognizes an exception where the opposing party lacked notice of the unrequested relief and was prejudiced. *Powell v. National Board of Medical Examiners*, 364 F.3d 79, 86–87 (2d Cir. 2004). Here, notice and absence of prejudice arise from the pleaded knowledge facts, the express § 284 references, Defendants' enhanced-damages interrogatory, the identified documents and witnesses, and the depositions on knowledge and post-notice conduct. Rule 54(c) thus reinforces rather than replaces the record-specific prejudice inquiry.

**D. The factual predicate for willfulness was disclosed and explored in discovery**

*1. The indirect-infringement claims put overlapping knowledge and intent evidence in issue*

Artec pleaded induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c). ECF No. 106 ¶¶ 89, 102, 115; ECF No. 190 at 11. Inducement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Contributory infringement requires knowledge that the component is especially made or adapted for an infringing use. Both require proof of what each Defendant knew, and when.

Knowledge of the patents and Defendants' post-notice conduct were therefore within the scope of discovery. Artec examined Wei Luo about pre-release patent-review practices, when Jimuyida learned of the Asserted Patents, and his view of Jimuyida's products after acquiring that knowledge. Feb. 17, 2025 Tr. 133:15–25, 135:11–17. The induced-infringement and willfulness

standards are distinct, and a finding of inducement does not compel a finding of willfulness. *SRI International*, 14 F.4th at 1329–30. While that examination does not prove willfulness by itself, it refutes the contention that knowledge and intent were subjects Defendants had no opportunity to address.

*2. Defendants' Interrogatory No. 13(j) demanded enhanced-damages contentions*

Defendants say that, had Artec disclosed willfulness, they would have pursued discovery into matters bearing on enhanced damages. Mem. at 3. Creality's Interrogatory No. 13(j) shows that Defendants already regarded enhanced damages as a proper subject of discovery: it demanded identification of any enhanced damages Artec contended were appropriate and the basis for them. ECF No. 158-7. Artec responded, and the response did not separately state "willfulness" or narrate an enhancement theory. *Id.*

Artec does not rest its opposition on that response. Artec does not contend that it served a detailed willfulness contention, and it does not rely on the documents identified in the response as the sole disclosure of its willfulness theory. The point is narrower and concerns Defendants: having framed an interrogatory directed to enhanced damages and having elected not to seek a more explicit answer, Defendants cannot now say that enhanced damages fell outside the discovery they chose to take. That does not categorically bar relief under Rule 37(c)(1). It informs the notice and prejudice analysis.

*3. The access and acquisition witnesses were disclosed in January 2023*

Defendants build their disclosure argument on Mr. Tang: "Plaintiff's Initial Disclosures identified Mr. Hailong Tang as a witness with information concerning Creality's acquisition of

technology and the design and development of the accused products. See Ex. A at 4. Plaintiff never disclosed that Mr. Tang would purportedly provide testimony concerning willfulness or enhanced damages." Mem. at 2–3. The first sentence undercuts the claimed surprise in the second. Rule 26(a)(1)(A)(i) requires identification of witnesses and the subjects of their information. Artec identified Mr. Tang on acquisition of Artec's technology and design and development of the Accused Products. Artec's disclosure identified the subject matter on which Artec now relies.

Nine other witnesses were disclosed on the identical subjects, including Alexander Osipov, Xun Luo, and Robert Kelso of Forensic Pursuit. Ex. A at 2–4. Defendants' own Joint Pretrial Order objections confirm what that evidence consists of: they object to Mr. Osipov testifying about "Artec's records of sales and rentals of Artec products to Jimuyida and its affiliates, including that Jimuyida purchased fourteen Artec scanners and rented more than two hundred Artec scanners," and about "his examination of the Accused Products and the CR Studio and JM Studio software and the similarities between those products and Artec's products and software." ECF No. 190 at 29. Those are records and comparisons produced and developed in discovery, on subjects disclosed in January 2023.

*4. The commercial-relationship evidence supplies context, not patent knowledge by itself*

Defendants' July 22, 2026 letter challenged Artec's reliance on the Strategic Cooperation Framework Agreement and profit-sharing arrangement. Defendants produced the agreement, Xun Luo was examined about it, and Defendants' damages expert relied on its profit-sharing payments. Feb. 19, 2025 Tr. 81; ECF No. 188 at 5, 7–8. Those facts show that the commercial relationship was developed in discovery and may supply context for access and coordination. Artec does not

contend that the agreement, standing alone, proves Jimuyida's knowledge of any Asserted Patent; patent knowledge must be established by the separate notice and knowledge evidence.

### E. Even if supplementation was required, the Rule 37(c)(1) factors weigh against preclusion

#### *1. The issue is whether required information—not merely a legal label—was omitted*

Rule 37(c)(1) addresses a failure to provide information or identify a witness required by Rule 26(a) or (e), and it can apply when a party fails to supplement a discovery response. Artec does not rely on the proposition that calling something a "legal characterization" automatically removes it from the rule. The pertinent question is whether Artec failed to disclose information Defendants needed in order to understand and meet the willfulness issue. The witnesses, the subject matters, the produced documents, and the knowledge allegations in the operative complaint were all disclosed. The purported omission is the failure to attach the label "willfulness" to that record earlier.

Preclusion is not automatic. Courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). Design Strategy affirmed preclusion of an undisclosed lost-profits theory that would have required additional discovery and expert analysis; bad faith was not required. Id. at 295–98. It also recognized discretion to consider alternative sanctions. Id. at 298–99. Artec distinguishes that

record because it proposes to use already identified witnesses and existing evidence without a new expert opinion.

Those factors favor Artec. Its explanation is that the pleaded knowledge facts, the express § 284 demands in every count, and the witness-and-subject disclosures conveyed the information Defendants needed, even though no filing attached the label "willfulness" to it before the pretrial order. The evidence is important because it concerns Defendants' knowledge and post-notice conduct. Any prejudice is limited because the witnesses are Defendants' own corporate representatives, the documents were produced, no willfulness expert is offered, and the issue can be addressed before trial without a continuance.

Defendants' companion reply correctly notes that a party shown to have failed to make a required disclosure bears the burden of establishing substantial justification or harmlessness. ECF No. 197 at 7–8 (citing *Design Strategy*, 469 F.3d at 297–98). That allocation does not decide the antecedent question whether required information was omitted. Even if the Court finds an omission, the existing record establishes harmlessness for the reasons above.

At minimum, a lesser remedy is available. The Court may require Artec to identify the precise witnesses, documents, and factual propositions it will use for willfulness and may permit a focused supplemental examination if Defendants identify a genuinely new factual subject. That approach would address any disclosure concern without excluding an entire damages issue before trial.

### 2. *The patent-local-rule diligence cases do not supply the standard*

Defendants' companion reply invokes *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006), for the proposition that lack of diligence alone can defeat amendment. ECF No. 197 at 5 n.1. *O2 Micro* concerned amendment of infringement

contentions under local patent rules which expressly required good cause. 467 F.3d at 1359–60, 1366–67. The published local patent rules do not separately require willfulness contentions. Artec seeks no new technical infringement theory, and no new expert opinion is involved. Rule 16's case-management principles and Rule 37(c)(1)'s justification, harmlessness, and prejudice analysis provide the relevant framework.

### F. The record does not show incurable prejudice

#### *1. Defendants' witness designations show that any residual concern is curable*

Defendants say they lacked notice and an opportunity to conduct discovery, develop defenses, retain experts, or seek dispositive relief. Mem. at 1; ECF No. 194 at 2. In the proposed Joint Pretrial Order, however, Defendants designate Wei Luo and Xun Luo to testify about each company's knowledge and intent as relevant to indirect infringement and, if permitted, willfulness. ECF No. 190 at 25–26.

Those designations show that Defendants have identified the relevant corporate witnesses and can present testimony on knowledge and intent. That bears directly on the ability to cure and the absence of trial disruption.

#### *2. The absence of a motion to compel weighs against claimed surprise*

Creality served an interrogatory directed to enhanced damages, and Artec responded. If Defendants considered the response deficient, Rule 37(a) supplied the mechanism to seek a narrative answer or a narrower identification of documents. They did not move to compel or raise the response with the Magistrate Judge before discovery closed. That omission does not waive a

later Rule 37(c)(1) objection, but it weakens the claim that Defendants were denied discovery they timely sought.

The Reed Declaration identifies no unanswered discovery request, deficiency letter, refused deposition topic, unavailable witness, or expert opinion that would now be required. Reed Decl. ¶ 2. The record therefore does not establish an incurable evidentiary gap.

#### *3. Any residual prejudice is curable without reopening expert discovery*

Artec proposes to rely on pleaded notice allegations, disclosed witnesses, produced documents, and testimony already taken. If Defendants identify a discrete new factual proposition, the Court can require a focused proffer or limited supplemental examination. Wholesale reopening of expert discovery or summary judgment is unnecessary.

Trial remains nearly five months away, and the pretrial conference is September 24, 2026. Artec stated its position in writing on August 5, 2026, in response to Defendants' July 22 letter. The timing is not ideal, but the existing record, available corporate witnesses, and absence of new expert proof permit any residual concern to be addressed without a continuance or disruption of trial.

### G. Defendants’ merits arguments rest on authority that Halo displaced

#### *1. Post-filing willfulness does not require a preliminary injunction*

Defendants quote *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), for the proposition that “a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer’s pre-filing conduct.” Mem. at 5–6. The quotation is accurate, 497 F.3d at 1374, but it does not categorically bar reliance on later conduct. Halo abrogated Seagate’s enhanced-damages framework. The Supreme Court rejected *Seagate*’s

threshold objective-recklessness requirement as "unduly rigid," rejected its clear-and-convincing standard, and rejected its tripartite framework for appellate review. *Halo*, 579 U.S. at 104–08.

Two consequences follow. First, the quoted *Seagate* rule governed what a complaint could allege about future post-filing conduct; it does not establish that later conduct can never support willfulness. Second, *Seagate*'s preliminary-injunction predicate did not survive *Halo*. The Federal Circuit rejected a "rigid rule" requiring a preliminary injunction, while also explaining that conduct after a declaratory-judgment complaint but before the infringement counterclaim was pre-suit conduct from the patentee's perspective. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295–96 (Fed. Cir. 2017); see also *American Technical Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544 (KAM)(GRB), 2019 WL 2330855, at *12 (E.D.N.Y. May 31, 2019).

*2. Gustafson does not establish a safe harbor under the current willfulness standard*

Defendants cite *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990), as "holding that willfulness cannot be based solely on continued conduct after notice where the defendant presents good-faith, non-frivolous defenses." Mem. at 7. On its record, Gustafson held that non-frivolous defenses, coupled with first learning of the patent through the summons, precluded willfulness. The opinion also states that "[e]xercising due care, a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer." 897 F.2d at 511 (citation omitted; emphasis added). That fact-specific holding does not establish a universal safe harbor under the current standard.

More fundamentally, the operative premise of that sentence is "[e]xercising due care." This premise is the affirmative duty of due care that *Seagate* expressly overruled in 2007. 497 F.3d at

1371. Halo, in turn, rejects treating later-developed reasonable defenses as dispositive regardless of contemporaneous knowledge: "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 579 U.S. at 105. Contemporaneous good-faith beliefs remain relevant. The point is that a defense developed later cannot automatically excuse deliberate infringement at the time of the challenged conduct, so Gustafson does not resolve Artec's theory merely because Defendants allege they are offering non-frivolous defenses.

### 3. *Artec's theory rests on pleaded knowledge and post-notice conduct, not continued sales alone*

Defendants characterize Artec's theory as resting on "notice and continued sales," Mem. at 6, and as "recharacterizations of remote facts (a cease and desist letter, some 2018 investigation, and certain sales records)," Mem. at 6. That description is incomplete in both directions.

The evidence has distinct roles. The March 11, 2022 cease-and-desist letter and Kickstarter transmission bear on Creality's pre-suit notice of the '656 Patent. ECF No. 106 ¶¶ 48–49, 88. The complaint and communications between the parties before it was filed supplied notice of the other asserted patents. Id. ¶¶ 101, 114. The 2018 investigation and the identified scanner transactions bear on access and the commercial context, not patent knowledge by themselves. ECF No. 190 at 29; Ex. A at 2–4. And Artec's decision not to seek pre-suit damages defines the damages period; it does not make pre-period knowledge and access irrelevant to the state of mind accompanying later conduct.

Paragraph 7 of the proposed Joint Pretrial Order does not change that theory. It states that Artec seeks no damages for infringement before this action began against each Defendant. ECF No. 190 at 9–10. Artec's willfulness position rests on the knowledge each Defendant allegedly had when it engaged in the infringement for which damages are sought.

The jury's task is to decide whether any proven infringement was deliberate or intentional. *Eko Brands*, 946 F.3d at 1378; *SRI International*, 14 F.4th at 1330. If the jury finds willfulness, the Court separately decides whether the conduct was sufficiently egregious to warrant enhancement and, if so, by how much. Neither determination should be made now on a motion supported by one disclosure document and directed principally to case management.

## IV. CONCLUSION

Artec's complaint invokes § 284, pleads facts relating to notice and knowledge, and asserts infringement theories for which Defendants' knowledge was already at issue. Defendants themselves directed discovery to enhanced damages. Witnesses and subject matters concerning access, design, knowledge, and intent were disclosed and examined. Defendants' own witness designations confirm that any residual concern is curable without new expert discovery or trial disruption. The Court should deny wholesale preclusion. Alternatively, it could require a focused pretrial proffer or limited supplemental examination rather than strike the issue in its entirety. Artec respectfully requests that the Court deny Defendants' motion.

Dated: September 4, 2026

Respectfully submitted,

/s/ Richard de Bodo
Richard de Bodo (pro hac vice)
CA State Bar No. 128199
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401
Telephone: (424) 850-8799
rdebodo@bartonesq.com

Douglas L. Bridges
ADAMS IP, LLC
453 Dauphin Street, Second Floor

Mobile, Alabama 36602
Telephone: (251) 206-0379
doug@adamsiplaw.com

Counsel for Plaintiff
Artec Europe S.à r.l.