# BARTON

Richard de Bodo, Esq.
Direct dial: (424) 850-8799
rdebodo@bartonesq.com

ATTORNEYS AT LAW

100 Wilshire Boulevard
Suite 1300
Santa Monica, CA 90401

(424) 428.1102 Office
(212) 687.3667 Fax

bartonesq.com

October 21, 2026

**VIA ECF**

The Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Artec Europe S.à r.l. v. Shenzhen Creality 3D Technology Co., Ltd., et al.***
**Case No. 1:22-cv-01676-OEM-CHK**
**Joint Status Report**

Dear Judge Merchant:

Plaintiff Artec Europe S.À.R.L. ("Artec") and Defendants Shenzhen Creality 3D Technology Co., Ltd. ("Creality") and Shenzhen Jimuyida Technology Co., Ltd. ("Jimuyida") (together, the "Parties") respectfully submit this joint status report pursuant to the Court's October 1, 2026 Order regarding the claims and defenses the Parties intend to present at trial.

The Parties agree that narrowing the asserted patent claims and the asserted prior art will help to streamline trial, and they have exchanged proposals to accomplish this.

The Parties have agreed that Artec will reduce the 33 patent claims identified in the proposed pretrial order to eight, subject to reciprocal limits on Defendants' prior-art case:

| Patent | Previously asserted claims | Proposed trial claims |
|---|---|---|
| '656 | 1–4, 6–15, and 17–22 | 1, 2, 9, and 12 |
| '129 | 1, 3–5, 10, 12, and 13 | 1 and 10 |
| '357 | 11–15 and 17 | 11 and 17 |

The parties have further agreed to the following limits in exchange for the asserted claim limitations:

| Patent | Maximum references | Maximum § 102/103 theories |
|---|---|---|
| '656 | 4 | 4 |
| '129 | 3 | 3 |
| '357 | 2 | 2 |

The proposal counts each distinct anticipation or obviousness ground as one theory regardless of how many claims it addresses. Thus, anticipation by reference A, obviousness over A alone, and obviousness over A combined with B would count as three distinct theories. The numerical allowances apply collectively to both Defendants.

These limits apply only to §§ 102 and 103 invalidity theories, leave preserved § 112 arguments unrestricted by those numerical caps, and would not restrict the use of references for background, corroboration, or other purposes unrelated to asserting an additional anticipation or obviousness ground.

**3. Timing and requested guidance**

The parties agree to the numerical limits now and identifying the specific claims, references, and theories promptly after the November pretrial conference, allowing the Parties to account for further Court guidance.

The Parties are continuing to confer in an effort to resolve differences regarding exhibits before the conference.

Respectfully submitted,

*/s/ Richard de Bodo*_____
Richard de Bodo
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Tel: (424) 850-8799
rdebodo@bartonesq.com

Douglas L. Bridges, Esq.
ADAMS IP, LLC
453 Dauphin Street
Mobile, AL 36602
Tel: (251) 206-0379
doug@adamsiplaw.com

*Counsel for Plaintiff Artec Europe S.à r.l.*

*/s/ Paul B. Keller*____________
Paul B. Keller, Esq.
BROWNSTEIN HYATT FARBER SCHRECK LLP
75 Rockefeller Plaza, Suite 2600B
New York, NY 10019
Tel: (212) 576-1213
pkeller@bhfs.com

*Counsel for Defendants Shenzhen Creality 3D Technology Co., Ltd. and Shenzhen Jimuyida Technology Co., Ltd.*

cc: All counsel of record (via ECF)